**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR, | CASE NO. C07-03533 WHA |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100, | **DATE:** November 8, 2007<br>**TIME:** 8:00 a.m.<br>**CTRM:** 9 - **Hon. William Alsup** |
| Defendants. | |

## I. INTRODUCTION

On May 25, 2007, Robert Jacobsen ("Jacobsen"), the husband of plaintiff ALISE MALIKYAR ("MALIKYAR"), filed a Chapter 13 petition (RJN, Ex. 9). On June 25, 2007, Jacobsen filed his Schedules and Statement of Financial Affairs in his Chapter 13 bankruptcy (RJN, Ex. 11). Jacobsen did not list the instant action in Section 4 of his Statement of Financial Affairs filed on June 25, 2007, nor at any place in his bankruptcy papers did he list any claim for wiretapping. The claim asserted by MALIKYAR, is either that of Jacobsen, individually, or a community claim, and therefore is an asset of Jacobsen's bankruptcy estate, and therefore, MALIKYKAR has no standing to bring the instant action.

On June 11, 2007, plaintiff, ALISE MALIKYAR ("MALIKYAR") commenced this

1

action in the Alameda County Superior Court against JOHN SRAMEK ("J. SRAMEK"), BERNADETTE SRAMEK ("B. SRAMEK"), HAROLD M. JAFFE ("JAFFE"), and John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust ("the SRAMEK TRUST") (or hereinafter collectively referred to as "defendants"), alleging that a certain lis pendens placed on real property located at 2324 Tice Valley Blvd., Walnut Creek, California (the "Property") was the result of illegal wire tapping in violation of *inter alia* 18 U.S.C. §2511.

## II. STATEMENT OF FACTS

On January 23, 2006, a complaint was filed in the Contra Costa County Superior Court Case No. C06-00162 by JOHN SRAMEK and BERNADETTE SRAMEK, against *inter alia* Robert Jacobsen (the "SRAMEK CASE", RJN, Ex. 1).

On November 28, 2006, a first amended complaint was filed in the SRAMEK CASE, which added as a defendant, the plaintiff herein, MALIKYAR (RJN, Ex. 2).

Jacobsen and MALIKYAR have stated under oath that they have been married since 1999 (JAFFE Dec., ¶¶4 and 5, Exs. B through D). Therefore, Jacobsen and MALIKYAR were married when the Property was acquired in May 2000 (JAFFE Dec., ¶3, Ex. A).

On March 6, 2007, in the SRAMEK CASE, the Court entered an order deeming certain matters admitted (RJN, Ex. 3).

On March 13, 2007, REJ Properties, Inc. ("REJ") filed bankruptcy in the United States Bankruptcy Court, District of Nevada (RJN, Ex. 4).

On April 18, 2007, the Bankruptcy Court in Nevada entered an order transferring the REJ's bankruptcy case to Oakland (RJN, Ex. 5).

On April 23, 2007, REJ removed the SRAMEK CASE to the United States Bankruptcy Court for the Northern District of California (RJN, Ex. 6).

On April 27, 2007, the SRAMEKS, through their counsel, JAFFE, instituted the case styled *Sramek, et al. v. Jacobsen, et al.*, Contra Costa County Superior Court Case No. C07-00844 (the "SRAMEK 2 CASE") (RJN, Ex. 7). Also on April 27, 2007, a lis pendens was placed on the Property, whose record title appears in the name of plaintiff as an

unmarried woman in connection with the SRAMEK 2 CASE (RJN, Ex. 8).

On May 25, 2007, Robert Jacobsen ("Jacobsen"), MALIKYAR's husband, filed for relief under Chapter 13, in the United States Bankruptcy Court for the Eastern District of Texas (RJN, Ex. 9).

On June 4, 2007, REJ's Chapter 11 bankruptcy was dismissed for bad faith filing (RJN, Ex. 10).

On June 25, 2007, Robert Jacobsen filed his Schedules and Statement of Financial Affairs in his Chapter 13 bankruptcy, with the United States Bankruptcy Court for the Eastern District of Texas, Case No. 07-41092 (RJN, Ex. 11).

On July 30, 2007, the Contra Costa County Superior Court in the SRAMEK 2 CASE entered an order expunging the lis pendens, and denying the request of MALIKYAR and Jacobsen for attorneys' fees (RJN, Ex. 12).

On August 6, 2007, in the case styled, *Robert Jacobsen, Debtor*, the United States Bankruptcy Court for the Eastern District of Texas entered a Temporary Restraining Order against Jacobsen (RJN, Ex. 13), and on August 21, 2007, the Bankruptcy Court entered a Memorandum Opinion and Order Granting Plaintiff's Request for Preliminary Injunction (RJN, Ex. 14), both documents prohibiting the transfer of certain assets, including the Property.

### III. ARGUMENT

**A.    Legal Standard for Summary Judgment.**

**1.    Moving Parties' Burden on Summary Judgment.**

The party moving for summary judgment has both an initial burden of production and the ultimate burden of persuading the Court that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." [FRCP 56(c)].

A party may move for summary judgment on the ground that there is no genuine issue of material fact as to its own claim or defenses. In a case, as in the instant action, the moving partoes [defendants herein] bear the initial burden of proof to show that no reasonable trier of fact could find other than for the moving parties. [*Calderone v. United*

*States*, (6th Cir. 1986) 799 F.2d 254, 259; <u>Southern Calif. Gas Co v. City of Santa Ana</u>, (9th Cir. 2003) 336 F.3d 885, 888.

The defendants herein as movants, may carry their burden of production or proof on this motion for summary judgment either by negating an essential element of MALIKYAR's claim, i.e., by showing that MALIKYAR is not the real party in interest [*Nissan Fire & Marine Inc. Co., Ltd. v. Fritz Cos., Inc.*, (9th Cir. 2000) 210 F.3d 1099, 1102. Here, defendants, as movants, are entitled to summary judgment if they can submit evidence that disproves an essential element of opposing party's claim. [*Adickes v. S.H. Kress & Co.*, (1970) 398 U.S. 144, 158-160, 90 S.Ct. 1598, 1608-1609].

An obvious essential portion of MALIKYAR's claim is that she has the right to bring the action. For the reasons set forth below, defendants submit she is not the real party in interest, and therefore, defendants' motion should be granted.

### B.  Plaintiff Lacks Standing to Sue Any of the Named Defendants and Therefore, the Motion Should be Granted.

The widely accepted rule is that after a person files for bankruptcy protection, any causes of action previously possessed by that person become the property of the bankrupt estate. See  11 U.S.C. §541(a)(1); see also e.g., *United States v. Whiting Pools, Inc.*, (1983) 462 U.S. 198, 203-204, 205, fn. 9, 103 S.Ct. 2309, 76 L. Ed.2d 515 ["a broad range of property," including causes of action, is included in the bankruptcy estate]; *Jones v. Harrell*, (11th Cir. 1988) 858 F.2d 667, 669. ["A trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed," the debtor lacks standing to settle a personal injury claim]; *Harris v. St. Louis University*, (E.D. Mo. 1990) 114 B.R. 647, 648.

To the extent that there may be some contrary authority as to whether all pre-petition causes of action become property of the bankruptcy estate, those are not apposite in the case at bench, because both the Ninth Circuit, where this case is pending, and the Fifth Circuit, where Jacobsen's bankruptcy is pending, follow the "per se" rule, by which all causes of action generally become the property of the bankruptcy estate. See *Sierra*

1   *Switchboard Co. v. Westinghouse Electric Co.*, 789 F.2d 705, 709 (9th Cir. 1986); in accord
2   *Wieburg v. GTE Southwest, Inc.*, (5th Cir. 2001) 272 F.3d 302, 306 - bankruptcy trustee
3   was real party in interest with exclusive standing to sue on debtor's employment
4   discrimination claims that arose prior to bankruptcy; and all causes of action belonging to
5   the bankrupt at the time of filing of bankruptcy, become part of the bankruptcy estate (even
6   if not listed as assets on the bankruptcy petition).  11 U.S.C. §541(a)(1).

7   Thus, as in the case at bench, Jacobsen's trustee in bankruptcy is the real party in
8   interest, to the extent any causes of action set forth in MAILIKYAR's complaint, exist.

9   In her complaint, all plaintiff alleges is that somehow certain aspects of a sale of the
10  Property could only have been discovered by wiretapping a telephone.

11  Paragraph 19 of plaintiff's complaint, although it does not set forth the telephone
12  number and whose name the telephone number was listed under, states in pertinent part,
13  "Since the beginning of the suit,  the phone in the office of RJ (Robert Jacobsen) has seen
14  to have unusual static on it, RJ never thought much about it.  In light of the fact that HJ
15  (Harold Jaffe) had access to confidential information not publicly available, RJ and Malikyar
16  came to the improbable conclusion that HJ had wiretapped RJ and Malikyar's phones."

17  Although the complaint is unclear as to whether the subject phone number is listed
18  under the name of MALIKYAR or Jacobsen, MALIKYAR's Exhibit 4 to the complaint (the
19  police report),  states that the phone number in question was (925) 210-1167, and was
20  listed under the debtor, Robert Jacobsen, and not under the name of the plaintiff,
21  MALIKYAR.  Whether the phone in question was in the name of Jacobsen, MALIKYAR or
22  both, does not matter, because the claim is a community claim and therefore passed to
23  Jacobsen's bankruptcy estate on May 25, 2007, upon the filing of Jacobsen's Chapter 13
24  petition (RJN, Ex. 9).

25  In bankruptcy, unless a particular federal interest requires a different result, property
26  interests are created and defined by state law.  *Butner v. United States*, 440 U.S. 48, 55,
27  99 S.Ct. 914 (1979); *In re Continental Freightways Corp.*, 443 F.3d 1160 (9th Cir. 2006).
28  However, once state law defines and creates property interests, federal bankruptcy law

1  establishes the extent to which those property interests are included in "property of the
2  estate." See *In re Wise*, 346 F.3d 1239 (10th Cir. 2003), also see *In re Pettit*, 217 F.3d
3  1072 (9th Cir. 2000).
4      As stated above, when the Property was acquired, Jacobsen and MALIKYAR were
5  married (JAFFE Dec., ¶¶4 and 5, Exs. B through D). Therefore, under California law, the
6  Property is presumptively community property.
7      In California, it is hornbook law that the separate or community character of property
8  is determined by reference to the time of its acquisition. See Family Code §760; *Marriage*
9  *of Fabian*, (1986) 41 Cal.3d 440, 445, 224 Cal.Rptr. 333; *Marriage of Lehman*, (1998) 18
10 Cal.4th 169, 177, 74 Cal.Rptr.2d 825; *Marriage of Bonds*, (2000) 24 Cal.4th 1, 12, 99
11 Cal.Rptr.2d 252.
12     The filing of Jacobsen's bankruptcy petition on May 25, 2007, passed all community
13 property to Jacobsen's bankruptcy estate. See discussion in Collier on Bankruptcy, Vol.
14 5, 15th Ed. Rev., ¶541.13[2].
15     In *In re Chesnut*, 422 F.3d 298 (5th Cir. 2005) ("*Chesnut*"), the Fifth Circuit ruled that
16 a creditor violated the automatic stay by foreclosing on property that was titled solely in
17 the name of the debtor's non-debtor spouse, because under state law, the property was
18 presumed to be community property in which the debtor had an interest, and a
19 determination of the debtor's interest should have been made by the bankruptcy court prior
20 to any foreclosure. In *Chesnut*, *supra*, just as in the case at bench, the non-debtor's
21 spouse is named in the deed as the sole purchaser. Irrespective of that fact, the Fifth
22 Circuit in *Chesnut* specifically held that a creditor violated the stay if, without permission
23 of the bankruptcy court, he forecloses on an asset to which the debtor has only an
24 arguable claim of right. *Chesnut id*. at 300.
25     As Judge Tchaikovsky of the United States Bankruptcy Court of the Northern District
26 of California (Oakland Division) stated in *In re Bouzas*, 294 B.R. 318 (Bankr. N.D. Cal.
27 2003), "Even if only one spouse files the bankruptcy petition, virtually all the community
28 property becomes property of the estate, the non-filing spouse's share of the community

1  property as well as the debtor's." *Bouzas, id*. at 321.

2  Although all available evidence indicates that the wiretapping claim was in
3  connection to a telephone number under the name of Jacobsen and is under no other
4  name, even if it belongs to both Jacobsen and MALIKYAR, i.e., because the phone
5  number was Jacobsen's, but the property where the phone was situated was the
6  community property of MALIKYAR and Jacobsen, it is undisputed that Jacobsen's
7  bankruptcy estate has an interest in the claim. Therefore, either MALIKYAR lacks
8  standing, or MALIKYAR failed to join an indispensable party, Jacobsen's Chapter 13
9  bankruptcy trustee.

10  In *Sierra Switchboard*, *supra*, the Ninth Circuit found that even "exempt property is
11  initially included in the bankruptcy estate under Section 541". *Sierra Switchboard Id*. at
12  707-708. The Ninth Circuit in *Sierra Switchboard, supra*, concluded that "regardless of
13  whether a personal injury claim is transferrable or assignable under state law, such claims
14  become part of the bankruptcy estate under Section 541." (*Id*. at 708-709).

15  MALIKYAR's claims in the instant case, include claims for illegal wiretapping (first
16  cause of action), conspiracy to commit illegal wire tapping (second cause of action), and
17  invasion of privacy (third cause of action). Although unclear from the complaint what
18  interest MALIKYAR has in the alleged claims, as stated above, the complaint states in ¶19
19  that the phone was in Jacobsen's office at the Property, and Exhibit 4 to the complaint
20  states that the home phone line 925-210-1167 was allegedly in Jacobsen's name
21  (Complaint, Ex. 4). Whether or not the phone number was actually in Jacobsen's name
22  is not determinative of the instant motion.

23  This Court does not need to determine whether or not MALIKYAR has a separate
24  property interest in her claims, to grant defendants' motion, all this Court needs to
25  determine is that the claims are potentially an asset of Jacobsen's bankruptcy estate. In
26  the case at bench, we are not talking about a case that was filed prior to the institution of
27  the bankruptcy case, but was filed after and therefore, it is indisputable that Jacobsen's
28  Chapter 13 trustee has an interest in the claim.

1     The claims which are the subject matter in this instant action, were not listed by
2 Jacobsen on his Schedules and/or Statement of Financial Affairs, filed on June 25, 2007,
3 in his bankruptcy case (RJN, Ex. 11), which was after this case commenced in state court
4 on June 11, 2007.  Therefore, the claim could not even be abandoned by the bankruptcy
5 trustee, because for the claim to be abandoned under 11 U.S.C. §554(c), it must have
6 been scheduled.

7     Abandonment requires notice to creditors.  For example, in *Sierra Switchboard,*
8 *supra*, the emotional distress claim in that case could not have been abandoned because
9 there was no notice and therefore, it remained property of the bankruptcy estate [*Id*. at
10 709-710].  Nowhere in her complaint did MALIKYAR contend or plead that her claims
11 against defendants were abandoned by Jacobsen's Chapter 13 trustee either unilaterally
12 or pursuant to court order.  Records that defendants have requested be judicially noticed,
13 Jacobsen's bankruptcy petition (RJN, Ex. 9) and Jacobsen's Schedules and Statement of
14 Financial Affairs (RJN, Ex. 11), reveal that MALIKYAR's claim against defendants, was not
15 listed in Jacobsen's bankruptcy.

16     Property that is neither abandoned or administered by the bankruptcy trustee
17 remains property of the bankruptcy estate (11 U.S.C. §554(d); see e.g., *Harris v. St. Louis*
18 *University*, (ED Mo. 1990) 114 BR 647, 649 (age and sex discrimination causes of action
19 not susceptible to abandonment because not scheduled, hence remain property of
20 bankruptcy estate).

21 ///
22 ///
23 ///

## IV. CONCLUSION

Based on the above, defendants respectfully submit that they have shown as a matter of law, that MALIKYAR is not the real party in interest and has no standing to bring this action. Therefore, defendants' motion for summary judgment should be granted.

Respectfully submitted,

DATED: October 4, 2007    By: _____
HAROLD M. JAFFE, ESQ., Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per