**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR,<br><br>  Plaintiff,<br><br>vs.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100,<br><br>  Defendants.<br>_____/ | CASE NO. C07-03533 WHA<br><br>**DECLARATION OF HAROLD M. JAFFE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:   November 8, 2007<br>TIME:   8:00 a.m.<br>CTRM:  9 - **Hon. William Alsup** |

I, HAROLD M. JAFFE, declare:

1. I am an attorney at law duly licensed to practice in all courts of the State of California and am attorney of record for defendants, JOHN SRAMEK ("J. SRAMEK"), BERNADETTE SRAMEK ("B. SRAMEK"), HAROLD M. JAFFE ("JAFFE"), in pro se, and John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust ("the SRAMEK TRUST"), herein.

2. The matters stated herein are within my own personal knowledge and if called as a witness I could and would competently testify thereto. Your declarant is making this declaration in support of the motion for summary judgment.

3. A Grant Deed in regard to the 2324 Tice Valley Blvd., Walnut Creek, California property, was recorded on May 4, 2000, Official Records of the Contra Costa County Recorder Office, Document No. 2000-0090822-00, granting said property to Alise Malikyar, an unmarried woman. A true and correct copy of said Grant Deed is attached

1

1 hereto as **Exhibit A**.

2     4.    Plaintiff ALISE MALIKYAR ("MALIKYAR") stated under oath, that she has been married to Jacobsen since July 17, 1999, a true and correct copy of the face page and page 7 to MALIKYAR's initial Responses to Special Interrogatories, and the corresponding page from MALIKYAR's supplemental responses to special interrogatories (see question nos. 11 and 12), are attached hereto as **Exhibits B** and **C**, respectively.

    5.    On April 2 and 3, 2007, your declarant took the deposition of Robert Jacobsen ("Jacobsen"), in the 2006 case styled *Sramek, et al. v. Jacobsen, et al.*, Contra Costa County Superior Court Case No. C06-00162 ("the SRAMEK CASE"). At his April 2, 2007 deposition, Jacobsen stated under oath that he and MALIKYAR have been married since 1999. See the face sheet and page 13 of the Jacobsen's April 2, 2007 deposition attached hereto as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct and this declaration is executed on October 4, 2007, at Oakland, California.

                                                   /s/ Harold M. Jaffe
                                                   HAROLD M. JAFFE

RECORDING REQUESTED BY:
American Title Company
Escrow No. 57382-RE
Title Order No. 00057382

When Recorded Mail Document
and Tax Statement To:
Ms. Alise Malikyar
2324 Tice Valley Blvd.
Walnut Creek, CA 94595

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2000-0090822-00
Acct 1- American Title
T, MAY 04, 2000 08:00:00
WAL $781.00 527 $10.00 MIC $1.00
MOD $3.00 REC $7.00 TCF $2.00
Ttl Pd $804.00 Nbr-0000000046
kat/R2/1-3

3

APN: 188-112-009

**GRANT DEED**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

The undersigned grantor(s) declare(s)
Documentary transfer tax is $781.00
[ X ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated Area    City of Walnut Creek

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged,  Patricia Saunders Scott, Co-Trustee of the Vera Louise Saunders Trust dated 9/17/90 and Patricia S. Scott, Trustee of the Scott Trust dated 2/20/98 and Theresa L. Johnson, Trustee of the Johnson Trust dated 2/20/98

hereby GRANT(S) to   Alise Malikyar, an unmarried woman

the following described real property in the City of Walnut Creek
County of Contra Costa, State of California:
SEE EXHIBIT ONE ATTACHED HERETO AND MADE A PART HEREOF

DATED: April 28, 2000

STATE OF CALIFORNIA
COUNTY OF ___Contra Costa___
ON __April 28, 2000__ before me,
___Robbie Elliott___ personally appeared
_Patricia Saunders Scott, Patricia S._
_Scott and Theresa L. Johnson_
~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _____

Patricia Saunders Scott, Co-Trustee of the Vera Louise
Saunders Trust dated 9/17/90
By: _____ Co-Trustee
Patricia Saunders Scott, Co-, Trustee
Patricia S. Scott, Trustee of the Scott Trust dated
2/20/98
By: _____ Trustee
Patricia S. Scott, Trustee
Theresa L. Johnson, Trustee of the Johnson Trust
dated 2/20/98
By: _____ Trustee
Theresa L. Johnson, Trustee

[Notary Seal: ROBBIE ELLIOTT, COMMISSION 1228754, NOTARY PUBLIC-CALIFORNIA, CONTRA COSTA COUNTY, My Commission expires Aug 10, 2003]

MAIL TAX STATEMENTS AS DIRECTED ABOVE

FD-213 (Rev 7/96)                      GRANT DEED

CONTRA COSTA,CA   Document: DD 2000.90822
Printed on 7/9/2007 2:09:05 PM   Provided by Data Trace System

Page 1 of 3

EXHIBIT A

Escrow No. 57382-RE
Title Order No. 00057382

# EXHIBIT ONE

90822

Parcel One:

Portion of the Rancho San Ramon, described as follows:

Beginning on the west line of Lot 4 as shown on the map of Walnut Creek Park, filed February 7, 1911, in Book 1 of Maps, page 84, in the office of the County Recorder of Contra Costa County, at the north line of the parcel of land described as Parcel One in the deed from H.W. Haberland, et ux, to Victor Massola, et ux, recorded March 19, 1955 (File No. 30583); thence along the west line of said Lot 4 as follows: North 21 deg. 56' east, 119.44 feet; north 23 deg. 08' east, 84.3 feet and north 60 deg. 11' east, 16.33 feet to the north line of the 2 acre parcel of land described in the deed from Kate Henry to H.W. Haberland, et ux, recorded August 29, 1918, in Book 319 of Deeds, page 467; thence along said north line south 83 deg. 53' 07" west, 210.07 feet and south 84 deg. 08' 25" west, 41.35 feet; thence south 5 deg. 51' 55" east, 126.62 feet; thence south 7 deg. 03' 05" west, 52.9 feet to the north line of said Massola Parcel (File No. 30583); thence north 86 deg. 23' 05" east, along said north line, 175.11 feet to the point of beginning.

Parcel Two:

Right of way granted in the deed to Walter Clarence Haberland, et ux, recorded June 6, 1955, Book 2547, Official Records, page 366, as follows:

"A right of way (not to be exclusive) as an appurtenance to Parcel One above for use as a roadway for vehicles of all kinds, pedestrians and animals for water, gas, oil and sewer pipe lines, and for telephone, television service, electric light and power lines, together with the necessary poles or conduits to carry said lines over a strip of land 6 feet in width, the east line of which is described as follows:

Commencing at the northwest corner of said Lot 6 in the center line of the creek traversing the westerly line of said subdivision and being a corner common to Lots 4 and 6 of said subdivision; thence from said point of commencement along the center line of said creek and along the westerly line of said Lot 4, north 21 deg. 56' east, 10.66 feet; thence south 86 deg. 23' 05" west 175.11 feet to the actual point of beginning of the herein described east line; thence from said point of beginning, north 7 deg. 03' 05" east, 52.9 feet."

Parcel Three:

Right of way granted in the deed to Walter Clarence Haberland, et ux, recorded June 6, 1955, Book 2547, Official Records, page 366, as follows:

"A right of way (not to be exclusive) as an appurtenance to Parcel One above, for use as a roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines, and for telephone, television service, electric light and power lines, together with the necessary poles or conduits to carry said line over a strip of land 12 feet in width, the center line of which is described as follows:

Commencing at the northwest corner of said Lot 6 in the center line of the creek traversing the westerly line of said subdivision and being a corner common to Lots 4 and 6 of said subdivision; thence from said point of commencement along the center line of said creek and along the westerly line of said Lot 4, north 21 deg. 56' east, 10.66 feet; thence south 86 deg. 23' 05" west, 175.11 feet to the actual point of beginning of the herein described line; thence from said point of beginning, south 7 deg. 03' 05" west, 90.69 feet and south 11 deg. 00' 10" east, 119.12 feet to the south line of the parcel of land described in the deed from William E. Hampton, et ux, to H.W. Haberland, et ux, recorded May 31, 1945, in Book 600 of Official Records, page 306."

Parcel Four:

"The right to use any bridge or bridges now or hereafter located on said property, said right of way to be used in conjunction with the parties of the second part, their heirs or assigns", as reserved unto H.W. Haberland, et ux, in the deed from said H.W. Haberland, et ux, to Edmund G. Hampton, et ux, dated October 19, 1938, recorded November 3, 1937, in Book 486, of Official Records, page 240.

Parcel Five:

Right of way granted in the deed to Walter Clarence Haberland, et al, recorded November 3, 1955, Book 2642, Official Records, page 420, as follows:

"A right of way (not to be exclusive) as an appurtenance to Parcel One above, for use as a roadway for vehicles of all kinds, pedestrians and animals, and as a right of way for water, gas, oil and sewer pipe lines and for telephone, electric light and power lines together with the necessary poles or underground conduits to carry said lines over and under a strip of land 12 feet wide, the center line of which is described as follows:

Beginning at the southern terminus of the center line of Parcel Three above; thence south 16 deg. 46' 24" east, 55.08 feet, South 16 deg. 47' 26" east, 58.29 feet, south 26 deg. 18' 21" east, 93.22 feet, south 19 deg. 38' 21" east, 53.10 feet, south 4 deg. 31' 10" west, 143.64 feet and south 27 deg. 20' east, 75.17 feet to the center line of Ridge Road, also known as Tice Valley Boulevard.

The eastern and western lines thereof to be lengthened or shortened to extend from the exterior lines of said Parcel Three to the center line of Ridge Road."

Assessors Parcel No: 188-112-009

END OF DOCUMENT

```
 1  BRIAN R. DAVIS (SBN 160817)
    ROBERT S. MCLAY (SBN 176661)
 2  ELISA R. ALDECOA (SBN 210516)
    HAYES, DAVIS, BONINO, ELLINGSON, McLAY & SCOTT
 3  203 Redwood Shores Parkway, Suite 480
    Redwood Shores, California 94065
 4  Telephone: 650.637.9100
    Facsimile: 650.637.8071
 5
    Attorneys for Defendants and Cross-Complainants,
 6  ROBERT E. JACOBSEN, ALISE MALIKYAR,
    REJ PROPERTIES, INC., MICHAEL RAY ALBERSON,
 7  and OSPREY INVESTMENTS CORPORATION

 8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 9       IN AND FOR THE COUNTY OF CONTRA COSTA UNLIMITED JURISDICTION

10  JOHN SRAMEK and BERNADETTE          CASE NO. C-06-00162
11  SRAMEK;

12            Plaintiffs,                DEFENDANT AND CROSS-
                                         COMPLAINANT ALISE MALIKYAR'S
13       v.                              OBJECTIONS AND RESPONSES TO
                                         SPECIAL INTERROGATORIES, SET
14  ROBERT E. JACOBSEN, REJ PROPERTIES,  ONE
    INC., a Nevada Corporation, MICHAEL RAY
15  ALBERSON, OSPREY INVESTMENTS         [Code of Civil Procedure Section 2030.010]
    CORPORATION, A California Corporation,
16  MITCHELL HOUSE, individually and dba
    HOUSE APPRAISAL SERVICE, a business
17  form unknown, NORTH AMERICAN TITLE
    INSURANCE COMPANY, a California
18  Corporation, and DOES 1 to 100, inclusive,

19            Defendants.

20  ROBERT E. JACOBSEN, REJ PROPERTIES,
    INC., a Nevada Corporation, MICHAEL RAY
21  ALBERSON, OSPREY INVESTMENTS
    CORPORATION, a California Corporation, and
22  ALISE MALIKYAR;

23            Cross-Complainants,
         v.
24
    DAVID GATES, individually, LINDA GATES,
25  individually, FIDELITY NATIONAL TITLE
    COMPANY, a Florida Corporation, NORTH
26  AMERICAN TITLE COMPANY, INC., a
    California Corporation, and ROES 1 through 10,
27  inclusive;

28            Cross-Defendants.
```

**EXHIBIT B**

132084                              -1-
RESPONSES TO SPECIAL INTERROGATORIES, SET ONE – CASE NO. C-06-00162

**SPECIAL INTERROGATORY NO. 10:**

If YOUR response to Special Interrogatory No. 9 is in the affirmative, please set forth the year YOU met Robert E. Jacobsen.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Not applicable.

**SPECIAL INTERROGATORY NO. 11:**

Are you and defendant Robert E. Jacobsen married?

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Responding Party objects on the grounds this interrogatory is overbroad in scope and time, unduly burdensome and oppressive and seeks information that is irrelevant and not calculated to lead to the discovery of admissible evidence pursuant to Code of Civil Procedure §2017.010. Moreover, plaintiffs' allegations concern the breach of a promissory note which Responding Party was not a party to over a land development project which, Responding Party had no ownership interest in.

**SPECIAL INTERROGATORY NO. 12:**

If YOUR response to Special Interrogatory No. 11 is in the affirmative, please set forth the date YOU and defendant Robert E. Jacobsen were married.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12**

Not applicable.

**SPECIAL INTERROGATORY NO. 13**

As of the date of these interrogatories, February 9, 2007, do YOU contend that YOU are a resident of the State of Texas as of February 9, 2007.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13**

Responding Party objects on the grounds this interrogatory is vague, ambiguous and unintelligible in that it cannot be determined what is intended by "reside."

Responding Party objects on the grounds this interrogatory is overbroad in scope and time, unduly burdensome and oppressive and seeks information that is irrelevant and not calculated to lead to the discovery of admissible evidence pursuant to Code of Civil Procedure §2017.010.

Sramek vs. REJ Properties, et al
Case no. C-06-00162
Superior Court of the State of California, Contra Costa County, Unlimited Jurisdiction

SUPPLIMENTAL ANSWERS TO SPECIAL INTERROGATORIES REQUESTED OF ALISE MALIKYAR BY JOHN AND BERNADETTE SRAMEK.

Per Mr. Jaffe's offer to withdraw all interrogatories related to where I live, I aknowledge that I reside in Contra Costa County. See attached email labeled Exhibit I.

NO 5
Yes

NO 6
Mr. Jacobsen has a home in Texas. He has spent much time at my Walnut Creek home in order to better deal with this lawsuit. I do not keep track of the exact dates he is in California and in Texas.

NO 7
Mr. Jacobsen has a home in Texas. He has spent much time at my Walnut Creek home in order to better deal with this lawsuit. I do not keep track of the exact dates he is in California and in Texas.

NO 8
Mr. Jacobsen has a home in Texas. He has spent much time at my Walnut Creek home in order to better deal with this lawsuit. I do not keep track of the exact dates he is in California and in Texas.

NO 9
Yes

NO 10
I don't recall.

NO 11
Yes

NO 12
7/17/99

NO 13
Per Mr. Jaffe's offer to withdraw all interrogatories related to where I live, I acknowledge that I reside in Contra Costa County. See attached email labeled Exhibit I.

NO 14


EXHIBIT C

```
1           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
2              IN AND FOR THE COUNTY OF CONTRA COSTA
3                            ---oOo---
4    JOHN SRAMEK and BERNADETTE SRAMEK,
     Individually and as Trustees of the                 COPY
5    John S. Sramek, Jr., and Bernadette
     D. Sramek Revocable Living Trust,
6
         Plaintiffs,
7
     vs.                                      No. C06-00162
8
     ROBERT E. JACOBSEN; REJ PROPERTIES,
9    INC., a Nevada corporation; MICHAEL
     RAY ALBERSON; OSPREY INVESTMENTS
10   CORPORATION, a California corporation;
     ALISE MALIKYAR; MITCHELL HOUSE,
11   Individually and dba HOUSE APPRAISAL
     SERVICE, a business form unknown;
12   NORTH AMERICAN TITLE INSURANCE
     COMPANY, a California corporation,
13   And DOES 1 to 100, inclusive,

14       Defendants.
                                          /
15

16                  DEPOSITION OF ROBERT JACOBSEN

17                  VOLUME I (Pages 1 to 223)

18                  Taken before ERIN F. FERREYRA

19                        CSR No. 12199

20                        April 2, 2007

21

22

23                          One Kaiser Plaza, Suite 505
               Aiken       Oakland, California 94612
24              AND        510/451-1580   Fax 510/451-3797
               Welch
25                         Certified Shorthand Reporters
```



EXHIBIT D

1        Q.   May I see it, please?
2             MS. ALDECOA:  Go ahead.  Let me see it first.
3   Okay.
4             MS. TORRES:  I'd like to see it as well, too.
5             MR. JAFFE:  At a break can we give that to the
6   reporter and make a copy and make it an exhibit to the
7   deposition, Ms. Aldecoa?
8             MS. ALDECOA:  That's fine.
9   BY MR. JAFFE:
10       Q.   The driver's license has an address of 2304 Sky
11  Harbor Drive in Plano, Texas.  What's that address?
12       A.   That's a house that I now rent out.
13       Q.   Did at one time did you reside at 2304 Sky
14  Harbor Drive, Plano, Texas?
15       A.   I did not.
16       Q.   Are you married?
17       A.   Yes.
18       Q.   What's the name of your wife?
19       A.   Alise.
20       Q.   And when were you married?
21       A.   1999.
22       Q.   And you've been married to Alise since 1999?
23       A.   Yes.
24       Q.   And does Alise reside with you in Collin
25  County, Texas?