HAROLD M. JAFFE, ESQ.
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR, | CASE NO. C07-03533 WHA |
| Plaintiff, | **DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | DATE: October 11, 2007 |
| JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100, | TIME: 11:00 a.m. |
| | CTRM: 9 |
| Defendants. | |

Defendants, JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, hereby submit their initial Case Management Conference Statement.

1. **Jurisdiction and Service.** This case was initially filed in State Court, was removed to this Court, and contains claims that defendants violating the Federal Wiretapping Act, 28 U.S.C. §2511. Plaintiff claims to be a resident of Texas.

2. **Facts.** Plaintiff claims that a lis pendens filed by the defendants, through their counsel, Harold Jaffe, in Contra Costa County Superior Court Case No. C07-00844 (see defendants' Request for Judicial Notice in Support of Motion for Summary Judgment, Ex. 8, filed October 4, 2007), which concerns property located at 2324 Tice Valley Blvd., Walnut Creek, CA (the "Tice Valley Property"), in connection with sale of the Tice Valley Property and the

1
DEFS.' CMC STATEMENT

obtaining of an escrow number for said sale, could only have been known to defendants by wiretapping the phone of what is apparently that of Robert Jacobsen, plaintiff's husband, to whom plaintiff has been married since 1999 (Plaintiff's Complaint, Ex. 4). The principal factual issue in the case is the ludicrous allegations of wiretapping and plaintiff's assumption that the only way defendants could have gleaned information about the pending sale was by wiretapping Jacobsen's phone. In actuality, defendants learned that a sale was pending from public records available at realestateonline.com, which was faxed to this office by Dave McGraw on April 24, 2007. Gail Smith, a paralegal employed by this office, then followed up on pending sale of the Tice Valley Property by performing a name search on the website of YellowPages.Com, for North American Title [offices] in the Walnut Creek area. Ms. Smith located an office for North American Title on Tice Valley Blvd., and called that office requesting the escrow officer name for the Tice Valley Property and was told Angel Avery was the escrow officer and the escrow no. was 701996.

3. **Legal Issues.** There are substantial legal issues regarding plaintiff's standing to file the instant case. First, whose phone was tapped. There is no evidence that the phone allegedly wiretapped was that of plaintiff, but all evidence indicates it was the phone of Mr. Jacobsen. Further, Mr. Jacobsen has filed for relief under Chapter 13, in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (see Defendants' Request for Judicial Notice in Support of Motion for Summary Judgment, Exs. 9 and 11, filed on October 4, 2007), and the Texas Bankruptcy Court has entered a restraining order and preliminary injunction against disposing of any property by Malikyar or Jacobsen, specifically including the Tice Valley Property (see Defendants' Request for Judicial Notice in Support of Motion for Summary Judgment, Exs. 13 and 14, filed on October 4, 2007). For the reasons set forth in the Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment filed on October 4, 2007, any claims of plaintiff, to the extent they exist, are an asset of Jacobsen's bankruptcy estate. Further, there are additional legal issues concerning what damages, if any, are cognizable for the alleged

wiretapping and who would be entitled to those damages, if any exist, which they do not.

4. **Motions.** Defendants have a motion for summary judgment pending, the hearing for which is set on November 8, 2007. Defendants also anticipate discovery motions. Possibly additional dispositive motions depending upon the result of the November 8, 2007 summary judgment motion.

5. **Amendment of Pleadings.** Defendants may file motions to amend what is disclosed in the initial disclosures.

6. **Evidence Preservation.** There is no issue of evidence preservation in regard to themselves. There is of course the alleged wiretapping device, a photograph of which is attached as Exhibit 4 to plaintiff's complaint which has not been produced or exchanged.

7. **Disclosures.** There has been a timely disclosure by plaintiffs and defendants under Rule FRCP 26.

8. **Discovery.** Defendants anticipate taking the deposition of Malikyar, Jacobsen and depending upon the results of those depositions, potential other witnesses.

9. **Class Actions.** Not applicable.

10. **Related Cases.** Defendants filed a Notice of Pendency of Other Actions or Proceedings on July 6, 2007.

11. **Relief.** Defendants submit that there are no damages suffered by plaintiff as to the filing of a lis pendens, because "A lis pendens imparts constructive notice of a lawsuit affecting real property. The California Civil Code §47 Litigation Privilege applies if the lis pendens was authorized by law, i.e., one that identifies an action on file in a court of competent jurisdiction which affects title or right to possession of real property. California Civil Code §47(b)(4). The issue of the lis pendens is an issue in Contra Costa County Superior Court Case No. C07-00844. Further the instant claim has not been listed in Mr. Jacobsen's bankruptcy Schedules and/or Statement of Financial Affairs filed on June 25, 2007 (Defendants' Request for Judicial Notice in Support of Motion for Summary Judgment, Ex. 11, filed on October 4, 2007).

12. **Settlement and ADR.** Both sides have indicated that they are willing to participate in an alternative dispute resolution - mediation.

13. **Consent to Magistrate Judge for All Purposes.** On July 11, 2007, defendants filed a declination, and this case was reassigned to the Honorable William Alsup on July 17, 2007.

14. **Other References.** Defendants now believe this case is suitable for binding arbitration or special master.

15. **Narrowing of Issues.** First issue is in whose name is the telephone number that was allegedly wiretapped (Complaint, Ex. 4), and who has standing to bring this action. Defendants believe that many facts can be stipulated to, with the of course the major issue of the alleged wire tapping dividing the parties. Other than plaintiff's suppositions, there is no evidence linking any of the defendants to the alleged wiretapping, i.e., that any of the defendants were responsible for placing a recording device connected to Jacobsen's AT&T phone line (Complaint, Ex. 4). Further, regarding meeting and conferring, the matter is complicated because plaintiff has claimed that she does not speak English well enough to conduct legal proceeding. See Deposition of Alise Malikyar, the pertinent portions of which are attached hereto, taken in Contra Costa County Superior Court Case No. C06-00162 on June 21, 2007, in which Ms. Malikyar states in response to a question from Jaffe, "I am not comfortable" where she also states "I really need a translator" (Depo., 1:19-18, 5:13, 5:24-25).

16. **Expedited Schedule.** After the initial depositions, defendants will be in a position to know whether the schedule in this matter can be expedited to ascertain the identity of the individuals who have material evidence relating to plaintiff's alleged claim.

17. **Scheduling.** At this time, defendants believe that scheduling can better take place at a continued case management conference after the motion for summary judgment hearing and after the depositions of the principals have been taken.

18. **Trial.** Although defendants have received an ECF Notice on October 4, 2007, that Ms. Malikyar has filed a request for jury trial, none has been received by defendants to date.

4
DEFS.' CMC STATEMENT

19. **Disclosure of Non-Party Interested Entities or Persons.** Defendants filed a Certification of Interested Entities or Persons on July 6, 2007. Defendants will file an Amended Certification to include the Chapter 13 Trustee in Jacobsen's bankruptcy.

DATED: October 4, 2007

*/s/ Harold M. Jaffe*
HAROLD M. JAFFE, ESQ., Attorney for Defendants
JOHN SRAMEK and BERNADETTE SRAMEK,
individually and as Trustees of the John S. Sramek,
Jr. and Bernadette D. Sramek Revocable Living Trust
and Harold M. Jaffe, In Pro Per

**PROOF OF SERVICE**
**In re USDC for the Northern District of Calif., Case No. C07-03533 WHA**

I am a citizen of the United States, employed in the County of Alameda. I am over the age of eighteen years and not a party to the within entitled action. My business address is 3521 Grand Avenue, Oakland, CA 94610.

On the date herein below stated, I served the within document(s):

**~DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**

___ by facsimile transmission on said date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), facsimile number (510) 452-9125. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is in sender's file. The names and facsimile numbers of the person(s) served are as set forth below.

XX by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage prepaid for deposit in the United States mail at Oakland, California, pursuant to CCP §§1013a(3), addressed as set forth below.

___ by depositing in a box or similar facility maintained by: ___ United Parcel Service; ❑ Federal Express; ❑ DHL Worldwide Express; an express mail service carrier, in an envelope designated by said express service carrier, with delivery fees paid or provided for, pursuant to CCP §1013(c), addressed as set forth below.

___ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Alise Malikyar
2324 Tice Valley Blvd.
Walnut Creek, CA 94595
T: (925) 890-8619
F: (407) 209-2126

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on October 5, 2007, at Oakland, California.

*/s/ Beverly Baker*
BEVERLY BAKER

---
6
DEFS.' CMC STATEMENT

```
 1           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2              IN AND FOR THE COUNTY OF CONTRA COSTA
 3                        UNLIMITED JURISDICTION
 4                              ---oOo---
 5    JOHN SRAMEK and BERNADETTE SRAMEK,
      individually and as Trustees of the
 6    John S. Sramek, Jr. and Bernadette D.
      Sramek Revocable Living Trust,
 7            Plaintiffs,
 8    vs.                                        No. C06-00162
      ROBERT E. JACOBSEN; REJ PROPERTIES,
 9    INC., a Nevada corp.; MICHAEL
      RAY ALBERSON; OSPREY INVESTMENTS
10    CORPORATION, a California corp.;
      ALISE MALIKYAR; MITCHELL HOUSE,
11    individually and dba HOUSE
      APPRAISAL SERVICE, a business form
12    unknown; NORTH AMERICAN TITLE
      INSURANCE COMPANY, a California
13    corporation; and DOES 1 to 100,
      inclusive,
14            Defendants.
      _____/
15
16                   DEPOSITION OF ALISE MALIKYAR
17
18                   Taken before RENEE BUSH
19                        CSR No. 5793
20                        June 21, 2007
21
22
23
24              Aiken       One Kaiser Plaza, Suite 505
                 AND        Oakland, California 94612
25              Welch       510/451-1580   Fax 510/451-3797

                            Certified Shorthand Reporters
```

"COPY" stamp visible on page.

4

|     |     |                                                           |
| --- | --- | --------------------------------------------------------- |
| 1   |     | <u>ALISE MALIKYAR</u>                                     |
| 2   |     | sworn as a witness                                        |
| 3   |     | testified as follows:                                     |

<u>EXAMINATION BY MR. JAFFE</u>:

    Q.   State your full name for the record, ma'am.

    A.   Alise Malikyar.

    Q.   And where do you reside, Ms. Malikyar?

    A.   I want to ask you question first, before we start.

    Q.   Sorry, ma'am. This is a time for me to ask you questions, not --

    A.   But this is relate to that.

    Q.   This is time for me to ask you questions, ma'am.

    A.   I really want to believe you didn't get escrow number from wire tapping my phone.

    Q.   This is not the time for me to respond --

    A.   But where did you get the escrow number?

    Q.   I'm not going to respond to your questions, ma'am. Now, are we going to proceed with the deposition?

    A.   Well, I am not comfortable.

    Q.   Ma'am, I can't make you stay here, ma'am. If you want to stay here, fine. You've been noticed. I'd like to proceed with the deposition.

```
1        A.   Where did you get the escrow number?
2        Q.   Ma'am, this is not the time for my deposition.
3        A.   Uh-huh.
4        Q.   When you want to -- tell me whether you want to
5   proceed today?  Do you want to proceed, ma'am?
6        A.   I do.
7        Q.   Okay.  Thank you very much.
8             Would you mark the notice as Exhibit 1, please.
9             (Plaintiffs' Exhibit No. 1 marked for
                  Identification.)
10
11            THE WITNESS:  And also, English is my second
12   language.  So I don't know all the -- what you ask me.
13   I really need a translator.
14   BY MR. JAFFE:
15       Q.   Okay.  Well, if you are not comfortable -- we
16   will go over that, ma'am.  If you're not comfortable in
17   proceeding in English, then I will ask you some
18   questions about that and we can decide whether we can
19   proceed.
20       A.   Okay.
21       Q.   You just said on the record, ma'am, that
22   English is not your native language.
23       A.   Right.  I can talk, but I don't know a lot of
24   things when it come to attorney ask me.  So I really
25   need to have a translator.
```