
Alise Malikyar
PO Box 1386
Lafayette, CA 94549
Fax: (407) 209-2126
In Pro Per

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALISE MALIKYAR,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SRAMEK, et al.,<br><br>Defendants. | Civil Case No.: 07-330092 WHA<br><br>PLAINTIFF ALISE MALIKYAR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ORAL ARGUMENT REQUESTED]<br><br>Hearing Date: November 8, 2007<br>Time: 8:00 a.m. |

Plaintiff ALISE MALIKYAR submits the following memorandum of points and authorities in opposition to DEFENDANTS' MOTION FOR SUMMARY JUDGMENT. This OPPOSITION shall be based on this MEMORANDUM OF POINTS AND AUTHORITIES, the DECLARATIONS OF ALISE MALIKYAR and ROBERT JACOBSEN, all filed herewith, as well as the pleadings and papers on file with the Court, and any such oral or documentary evidence as may be presented at the hearing on this matter.

The Opposition is based on the existence of facts at issue, namely, the separate property character of Plaintiffs' claims, the inapplicability of the law and cases cited in Defendants' Motion for Summary Judgment to the case at bar, the fact that Robert Jacobsen currently has standing to sue on these claims in his own right, and the pending

1

PLAINTIFF ALISE MALIKYAR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

dismissal of the Bankruptcy action in the Eastern District of Texas. Plaintiff Malikyar respectfully requests oral argument on this motion.

## I. INTRODUCTION

At issue in this motion is Defendant's premature Motion for Summary Judgment. Plaintiff, a married woman not in bankruptcy in any forum, seeks redress for an alleged invasive and illegal interception of her personal telephone communications. Defendants do not contend in this motion that there was no wiretap of Ms. Malikyar's home or that they were not responsible for its existence and placement of the device.

Rather, Defendants—in a proposition which goes directly against California authority—assert that a woman whose husband is in bankruptcy has no "standing" to pursue any claim against anyone for any wrong, because all her property becomes an asset of his bankrupt estate when he files a petition under Chapter 13's reorganization scheme. They also appear to argue in the alternative that Plaintiff is not the "real party in interest". Defendants make this argument without explaining what distinguishes California cases which plainly hold that Mr. Jacobsen could sue in his own right as a Chapter 13 debtor.

In addition, Defendants argue conclusively (having not waited to discover facts relevant to their position) that all Plaintiff's potential causes of action are community property—and therefore assets subject to the exclusive control of the bankruptcy trustee. This argument is advanced despite the fact that Ms. Malikyar and Mr. Jacobsen have maintained all assets acquired during their marriage as separate property—per their Pre-Nuptial Agreement to do so[1].

## II. RELEVANT FACTUAL BACKGROUND

---

[1] According to the DECLARATION OF ROBERT JACOBSEN IN SUPPORT OF PLAINTIFF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ¶3, Defendants are aware of the existence of documents indicating a pre-nuptial arrangement between Plaintiff and her spouse agreeing to keep all property separate during their marriage and have chosen to ignore this fact inconvenient to their argument that Plaintiff lacks "standing".

Before marrying, Plaintiff and her spouse entered into a "Pre-Nuptial Agreement". Their stated intention(s) in signing that Agreement was to keep all property acquired during their marriage separate. On September 11, 2001, Plaintiff and her spouse signed an additional "Marital Agreement". The purpose of that Agreement was to formalize further the Pre-Nuptial Agreement they had signed pre-marriage precluding the formation of community property in the absence of an express written agreement. Neither Plaintiff nor her spouse have signed any documents that would indicate that "causes of action" that arose during their marriage constitute "community property". DECLARATION OF ALISE MALIKYAR IN SUPPORT OF PLAINTIFF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ¶¶ 2,3, and 6, Exhibits 1 and 2.

Until May of 2007, Plaintiff and her spouse lived in a residence in Contra Costa County that was owned and held by Plaintiff as her separate property. DECLARATION OF ALISE MALIKYAR IN SUPPORT OF PLAINTIFF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ¶6. Not only did the title to the home reflect its separate property character, Plaintiff and her spouse had entered into a Pre-Nuptial Agreement indicating that all their property acquired during their marriage was to remain their separate property. DECLARATION OF ALISE MALIKYAR IN SUPPORT OF PLAINTIFF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ¶¶ 2,3, and 6, Exhibits 1 and 2.

In April of 2007, Plaintiff and her spouse began to suspect that Defendants had access to confidential information that they could not have procured through ordinary means. Around the same time, Plaintiff and her spouse began to notice that there was static on their two-line house phone. On May 5, 2007, Plaintiff's spouse contacted their phone service provider to determine whether their house lines were being wiretapped. The phone service provider, AT&T, dispatched a serviceperson to investigate. He discovered a recording device attached to the phone lines. *See generally*, VERIFIED COMPLAINT FOR DAMAGES. The Contra Costa County Sheriffs were called in investigate. The Sheriffs spoke to Defendant Jaffe, who was acting as counsel for the

other non-lawyer Defendants in some pending state court litigation.  Mr. Jaffe was known to have possession of the confidential information and had used it to record a Notice of Lis Pendens against Plaintiff's real property[2] on behalf of the other Defendants.  The investigating sheriff interviewed Mr. Jaffe to see if he had anything to do with the wiretap and found him to be "evasive".  This suit followed[3].

On May 25, 2007, Robert Jacobsen filed a Chapter 13 bankruptcy petition. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, 1:19-24.  The parties no not dispute that Mr. Jacobsen filed his petition under Chapter 13 and not other some other vehicle such as Chapter 7.

### III.    ARGUMENT

**A. Defendants' Burden on this Motion for Summary Judgment.**

In ruling on a motion for summary judgment, the trial court must believe the nonmoving party's evidence, and must draw all reasonable inferences in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.* 477 US 242, 255 (1986).  In drawing inferences in the light most favorable to the nonmoving party, the court may draw inferences from underlying facts not in dispute, such as background or contextual facts.  *Ibid.*  The court may also draw inferences from underlying facts on which there is conflicting direct evidence, but on which the judge must assume may be resolved at trial in favor of the nonmoving party.  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F2d 626, 631 (9th Cir. 1987).

---

[2] The Contra Costa County Superior Court would later determine that the recordation of the Notice of Lis Pendens was improper and ordered it to be expunged per Plaintiffs' motion, but not until after Defendants caused Plaintiff to bust escrow on the home.

[3] Plaintiff's spouse did not join the lawsuit in his own name due to the fact that his Chapter 13 Bankruptcy petition had not yet been dismissed, but plans to request permission to join as a Plaintiff at a point when he is legally permitted to do so. DECLARATION OF ROBERT JACOBSEN IN SUPPORT OF PLAINTIFF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ¶2.

4

PLAINTIFF ALISE MALIKYAR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### B. A Debtor Petitioning for Bankruptcy Reorganization Has Standing to Pursue His Own Claims; It Plainly Follows that His Non-Debtor Spouse Has Standing As Well.

A Chapter 13 debtor can sue and be sued. *Kelsey v. Waste Management*, 76 Cal. App. 4th 590, 595-596 (Cal. Ct. App. 1999). In that case, California's Court of Appeal for the First Appellate District rejected the argument proffered by Defendants here:

> Waste Management asserted in its motion for summary judgment that, because Kelsey filed for bankruptcy under chapter 13, he lacked standing to sue on his cause of action. The theory underlying this assertion is that the debtor's estate property, including any causes of action against other parties, passes to the trustee, who represents the estate and has the capacity to sue and be sued. (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal. App. 4th 995, 1001 (*Cloud*); see *Olick v. Parker & Parsley Petroleum Co.* (2d Cir. 1998) 145 F.3d 513, 515 (*Olick*); *Seward v. Devine* (2d Cir. 1989) 888 F.2d 957, 963 [bankruptcy estate includes "any causes of action possessed by the debtor"]; see 11 U.S.C. § 323(a), (b) n1 .) Under this theory, the trustee in bankruptcy retains control of the debtor's property, and therefore only the trustee has standing to sue on any causes of action against other parties. (*Cloud, supra*, 67 Cal. App. 4th at pp. 1001-1002.) Because Waste Management presented evidence, uncontradicted by Kelsey, in support of its motion for summary judgment that Kelsey filed for chapter 13 bankruptcy, Waste Management contends that he lacks standing as a matter of law to maintain the instant cause of action. Kelsey argues that the standing theory is valid for chapter 7 debtors, but invalid for chapter 13 debtors in bankruptcy, because a trustee does not control the debtor's estate property, the debtor does. He therefore contends that a chapter 13 debtor in bankruptcy has standing to maintain a cause of action. On this issue of first impression, we agree with Kelsey.[4]
>
> ....
>
> Waste Management also claims that when a debtor "conceals" a cause of action from the bankruptcy estate, the debtor loses standing to pursue his cause of action. No court has concluded that a debtor's concealment or failure to list a cause of action in bankruptcy schedules has any bearing on the debtor's standing to sue.
>
> ....
>
> The analyses and conclusions in *Olick* and *Donato* are persuasive and we adopt them as our own. We hold that a chapter 13 debtor has standing to sue in California. Because Waste Management failed to present evidence showing that there is a complete defense to Kelsey's causes of action, it failed in its burden on summary judgment. (*Jackson, supra*,

---

[4] Unlike a [c]hapter 7 bankruptcy in which a trustee is appointed to liquidate the assets of the bankruptcy estate for the benefit of the creditors, a chapter 13 bankruptcy provides for a reorganization plan in which the creditors' recovery is drawn from the debtor's earnings, not from the assets of the estate." (*Donato v. Metropolitan Life Ins. Co.* (Bankr. N.D. Cal. 1999) 230 B.R. 418, 425 (*Donato*); see § 704 [duties of trustee in chapter 7 bankruptcy]; 1322 [reorganization plan requires submission of future earnings to trustee for payment of creditors].) And, unlike chapter 7 bankruptcies, a chapter 13 debtor remains in possession of all property of the estate, except where the bankruptcy plan otherwise specifies. (§ 1306(b); see § 704(1) [charging trustee with duty to "collect and reduce to money the property of the estate"].) *Kelsey v. Waste Management*, 76 Cal. App. 4th 590, 595-596 (Cal. Ct. App. 1999).

60 Cal. App. 4th at pp. 178-179; *Hanooka v. Pivko* (1994) 22 Cal. App. 4th 1553, 1558 [28 Cal. Rptr. 2d 70].) The trial court therefore erred by granting summary judgment in favor of Waste Management based on Kelsey's lack of standing. (*Zeilman v. County of Kern* (1985) 168 Cal. App. 3d 1174, 1183 [214 Cal. Rptr. 746] (*Zeilman*).)

*Id.* at 76 Cal. App. 4th 590, 595-596.

This Court has adopted the reasoning of the Second Circuit *Olick* court. *Donato v. Metropolitan Life Ins. Co.*, 230 B.R. 418, 425-426 (D. Cal. 1999) ("Congress intended that a Chapter 13 debtor possess the nonexclusive capacity to litigate lawsuits on his or her own behalf.")

In this action, because Mr. Jacobsen, the debtor-spouse, has concurrent standing with the Chapter 13 trustee to sue on his own behalf, it is obvious that Ms. Malikyar, the non-debtor-spouse, has standing to maintain this action in her own behalf and summary judgment should be denied on this basis alone.

**C. Ms. Malikyar Has "Standing" to Sue.**

Defendants also claim that they have carried their burden on summary judgment by "negating an essential element of Malikyar's claim, i.e., by showing that MALIKYAR is not the real party in interest". DEFENDANTS' P&A at 4:4-6. This motion is also premised on Plaintiff's alleged lack of "standing" (DEFENDANTS' NOTICE OF MOTION at 1:25-26; DEFENDANTS' P&A at 1:26-27, 4:21-22, 9:2-4).

Plaintiff alleges a violation of 18 U.S.C. § 2511 for Defendants' illegal and unauthorized wiretapping of her telephone, conspiracy to violate that same statute, and an invasion of her privacy. 18 U.S.C. § 2520 describes a private right of action for a violation of that criminal statute. That section reads in relevant part:

> Recovery of civil damages authorized...In general. Except as provided in section 2511(2)(a)(ii) [18 USCS § 2511(2)(a)(ii)], any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter [18 USCS §§ 2510 et seq.] may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

The standing requirement is met under this section if a plaintiff alleges her communication has been intercepted, disclosed, or intentionally used in violation of 18 U.S.C. § 2511. *DirecTV, Inc. v. Tasche* (E.D. Wis. 2004) 316 F.Supp.2d 783,

6

PLAINTIFF ALISE MALIKYAR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff declares:

I used the voice landline phone(s) at that address with telephone numbers (925) 210-0200 and (925) 210-1167 during the time period that the wiretap was discovered on my home. I am informed and believe and thereon allege that my personal telephone communications were intercepted by the person or persons who placed the tap on the phone. DECLARATION OF ALISE MALIKYAR IN SUPPORT OF PLAINTIFF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT. ¶6.

The elements of a cause of action under the wiretapping statute are straightforward: oral communications of a Plaintiff intercepted by Defendants. The existence of the wiretap is uncontroverted. Plaintiff's use of the wire-tapped phone lines for oral communications during the period the wiretap was discovered is uncontroverted. In a district court case interpreting the relevant sections, a court held that a satellite television company adequately stated a cause of action under 18 U.S.C. § 2511—as contemplated by 18 U.S.C. § 2520—when the company alleged that a consumer endeavored to intercept company's encrypted signal through use of a decoding device and procured other persons to intercept signal. *DirecTV, Inc. v. Barrett*, 311 F.Supp.2d 1143. (D.C. Kan. 2004). Here, Plaintiff alleges that she talked on her home phone and that Defendants recorded and/or listened in on those calls. Clearly, she has stated the elements of a cause of action and has standing to pursue her claim.

Not one case relied upon by Defendants involves the factual scenario of a non-debtor spouse not in bankruptcy pursuing her own claims, and not one case stands for the proposition that an injured non-debtor spouse is somehow estopped from pursuing redress because of California's community property laws. (*E.g., U.S. v. Whiting, Jones v. Harrell* ((pertaining to the debtors' or joint debtors' causes of action)); *In re Chestnut* (creditor cannot foreclose because of automatic stay); *In re Bouzas* (dealing with proceeds from the sale of a community-property home). This proscriptive application to the non-debtor spouse is the wishful invention of Defendants and not the conclusion of any court upon which Defendants rely.

PLAINTIFF ALISE MALIKYAR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### D. Even if all Community Property, Including "Causes of Action", Can Only Be Pursued By the Bankruptcy Trustee, Plaintiff's Causes of Action Are Her Separate Property, and She Has Standing to Pursue Her Claims.

Section 541 of the Bankruptcy Code governs what constitutes property of the bankruptcy estate. Section 541(a)(1) provides that, the estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(a)(2) provides that property of the estate also includes "all interests of the debtor and the debtor's spouse <u>in community property</u> as of the commencement of the case".

Even it were the case that all "causes of action" owned by the martial community can only be pursued by the Bankruptcy Trustee in a Chapter 13 Reorganization (which it is not), Plaintiff's causes of action are, as a factual matter here, her "separate property", and she therefore has standing to pursue her claims through this litigation on her own behalf.

In determining the community or separate nature of property, the statutory scheme starts from the premise that all property acquired during the marriage is community property. Cal. Fam. Code § 760; *In re Marriage of Benson*, 36 Cal. 4th 1096, 1103 (Sup. Ct. Cal. 2005). By its own terms, the definition of community property in Cal. Fam. Code § 760 applies except as otherwise provided by statute. *Ibid*. It therefore exempts property defined as separate under other provisions. Individuals may alter their property rights under these statutes. Cal. Fam. Code § 1500. *Ibid*.

One set of rules, set forth in Cal. Fam. Code §§ 1600-1617, authorizes and regulates contracts made by prospective spouses that take effect upon their marriage. *Ibid*. Under Cal. Fam. Code §§ 850-853, a separate scheme governs transactions between spouses that "transmute" or change the character of property during an ongoing marriage. *Ibid*. In California, community property can be converted into separate property by an oral agreement. *Tomaier v. Tomaier*, 23 Cal.2d 754 (Cal. Sup. Ct. 1944).

As demonstrated in the DECLARATION OF ALISE MALIKYAR IN SUPPORT OF PLAINTIFF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ¶¶ 2,3, and 6, Exhibits 1 and 2, the causes of action

8

PLAINTIFF ALISE MALIKYAR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

articulated in the Complaint are Plaintiff's separate property, and have nothing to do with her debtor-spouse's Chapter 13 proceeding.

**E. Even if Plaintiff does not Have Standing at Present to Pursue Her Claims and the Court is Inclined to Grant the Motion, Leave to Amend Should Be Permitted Because Defendants Will Not Be Prejudiced By the Substitution of Proper Parties Or To Await the Outcome of the Dismissal of the Bankruptcy Petition Before Ruling on This Motion.**

If this Court is in any way inclined to grant Defendants' Motion for Summary Judgment, leave to amend should be permitted in order to substitute in the bankruptcy trustee and/or for Robert Jacobsen to come out of bankruptcy, which would moot any issues relating to this motion in its entirety.

The substitution of a bankruptcy trustee as the plaintiff in a breach of contract action against corporation for shareholders whose derivative action was dismissed was proper, where the corporation was not prejudiced, the trustee has standing, the claims of the trustee and shareholders are identical, a reasonable amount of time has not yet elapsed, and the shareholders have been found not to be real parties in interest. *Nagle v. Commercial Credit Business Loans, Inc.*, 102 F.R.D. (E.D. Pa. 1983).

As discussed in the DECLARATION OF ROBERT JACOBSEN IN SUPPORT OF PLAINTIFF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ¶2, Mr. Jacobsen has requested dismissal of his reorganization petition. A hearing on the matter will be held on November 27, 2007. This Court should grant leave to amend the Complaint and add Mr. Jacobsen as a party pending the outcome of that hearing. In any event, with regard to Plaintiff's causes of action, it can delay ruling on this motion because dismissal would render this Motion for Summary Judgment irrelevant as to Plaintiff.

## IV. CONCLUSION

Because Mr. Jacobsen could sue on his own behalf this motion is frivolous with regard to his non-debtor spouse and should be denied. Additionally, because the fact "at issue" involves the community versus separate property nature of Plaintiffs' causes of

action (which are disputed at a minimum, if not outright debunked entirely) and the dearth of authority supporting Defendants' contention that Plaintiff cannot enforce her legal rights where her husband, and not her, is in bankruptcy, this Court is respectfully requested to deny Defendant's Motion for Summary Judgment outright. If the Court is inclined to grant the Motion in any part, it is requested to delay ruling on the motion pending the outcome of Mr. Jacobsen's dismissal hearing on the Chapter 13 Bankruptcy petition. If the Motion is granted, Plaintiff requests that it be granted without prejudice to her claims, and that a reasonable time be given to amend the Complaint or to otherwise substitute in the Chapter 13 trustee.

Date: October 18, 2007

_____
ALISE MALIKYAR
Plaintiff, In Pro Per

10

PLAINTIFF ALISE MALIKYAR'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT