1  **HAROLD M. JAFFE, ESQ.**
   CASB #57397
2  3521 Grand Avenue
   Oakland, CA 94610
3  Tel: (510) 452-2610
   Fax: (510) 452-9125
4
   Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as
5  Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold
   M. Jaffe, In Pro Per
6

7                      **UNITED STATES DISTRICT COURT**
                       **NORTHERN DISTRICT OF CALIFORNIA**
8
   ALISE MALIKYAR,                          CASE NO. C07-03533 WHA
9
          Plaintiff,                        **REPLY MEMORANDUM OF POINTS AND**
10                                          **AUTHORITIES    IN    SUPPORT    OF**
   vs.                                      **DEFENDANTS' MOTION FOR SUMMARY**
11                                          **JUDGMENT WITH PROOF OF SERVICE**
   JOHN SRAMEK, BERNADETTE SRAMEK,
12 HAROLD M. JAFFE, John S. Sramek, Jr. and
   Bernadette D. Sramek Revocable Living    **DATE:**     November 8, 2007
13 Trust, and DOES 1 - 100,                 **TIME:**     8:00 a.m.
                                            **CTRM:**     **9 - Hon. William Alsup**
14        Defendants.
   _____/
15

16         I. <u>INTRODUCTION AND FACTUAL BACAKGROUND</u>

17         For the purpose of this motion, the defendants, JOHN SRAMEK ("J. SRAMEK"),

18 BERNADETTE SRAMEK ("B. SRAMEK"),  HAROLD M. JAFFE ("JAFFE"), John S. Sramek,

19 Jr. and Bernadette D. Sramek Revocable Living Trust (the "SRAMEK TRUST"),  submit that the

20 following is undisputed:

21         1.      The case styled <u>*Sramek, et al. v. Jacobsen, et al.*</u>, was filed on April 27, 2007, in the

22 Contra Costa County Superior Court, Case No. C07-00844 (the "SRAMEK 2 CASE") by J.

23 SRAMEK, B. SRAMEK and  the SRAMEK TRUST (hereinafter collectively referred to as the

24 "SRAMEKS") against Robert Jacobsen ("Jacobsen"), Alise Malikyar ("MALIKYAR") and Coast

25 Capital, Ltd. (Opening Request for Judicial Notice filed on October 4, 2007 ["RJN"], Ex. 7).

26         2.      On May 25, 2007, Jacobsen filed a Chapter 13 petition in the United States

27 Bankruptcy Court for the Eastern District of Texas, Sherman Division (RJN, Ex. 9).

28         3.      On June 11, 2007, MALIKYAR commenced this action in the Contra Costa County

                                            1

1  Superior Court.

2      4.    On June 25, 2007, Jacobsen filed his Schedules and Statement of Financial Affairs

3  in his Chapter 13 proceeding in the United States Bankruptcy Court for the Eastern District of Texas,

4  Case No. 07-40192 (RJN, Ex. 11).  Jacobsen's Schedules and Statement of Financial Affairs did not

5  include the  claim set forth in this action.

6      5.    On July 27, 2007, the Chapter 13 Trustee instituted an adversary action against

7  Jacobsen and Malikyar in the United States Bankruptcy Court for the Eastern District of Texas, Case

8  No. 07-41092 (Request for Judicial Notice Re Reply ["Reply RJN"], Ex. 2).

9      6.    On August 2, 2007, the Chapter 13 Trustee in Jacobsen's bankruptcy, filed a motion

10  to convert Jacobsen's Chapter 13 to a Chapter 7 (Reply RJN, Ex. 3).

11      7.    On August 2, 2007, Jacobsen filed a motion to dismiss his Chapter 13 (see Docket

12  from the website of the United States Bankruptcy Court for the Eastern District of Texas, Case No.

13  07-40192, Reply RJN, Ex. 6, see entry 34).

14      8.    Initially, both the Chapter 13 Trustee's motion to convert Jacobsen's bankruptcy to

15  a Chapter 7, and Jacobsen's motion to dismiss were set for hearing on September 12, 2007 (Reply

16  RJN, Ex. 2, see entries dated August 6 and 23, 2007, respectively).  Prior to the hearings, the motions

17  were continued on the Court's own motion to September 27, 2007 (Reply RJN, Ex. 6, see entry dated

18  September 7, 2007).

19      9.    On August 6, 2007, in Jacobsen's Chapter 13 proceeding in the United States

20  Bankruptcy Court for the Eastern District of Texas, a Temporary Restraining Order was entered

21  against Jacobsen (RJN, Ex. 13), and on August 21, 2007, the Bankruptcy Court in Texas entered a

22  Memorandum Opinion and Order Granting Plaintiff's Request for Preliminary Injunction (RJN, Ex.

23  14), both documents prohibiting the transfer of certain assets, including the property at 2324 Tice

24  Valley Blvd., Walnut Creek, CA (the "Tice Valley Property").

25      10.    On August 22, 2007, Jacobsen filed his opposition to the Chapter 13 Trustee's

26  motion to convert his bankruptcy to a Chapter 7.  In his opposition papers, Jacobsen, for the first

27  time, submitted exhibits entitled Marital Agreement Between Jacobsen and Malikyar and Prenuptial

28  Agreement (Robert Jacobsen and Alise Malikyar) (Reply RJN, Ex. 4, see Exs. A & B attached

2

1  thereto).

2      11.    On September 27, 2007, a joint hearing was held on the Chapter 13 Trustee's motion

3  to convert Jacobsen's bankruptcy to a Chapter 7 and on Jacobsen's motion to dismiss.  The hearing

4  did not conclude and the Court continued the hearing to November 21, 2007 (Reply RJN, Ex. 6, see

5  entry dated September 27, 2007).

6      12.    On October 18, 2007, the United States Trustee (as distinguished from the Chapter

7  13 Trustee) filed a motion in support of the Chapter 13 Trustee's motion to convert Jacobsen's

8  Chapter 13 to a Chapter 7 (Reply RJN, Ex. 5).

9      Based upon the undisputed documents filed with the court, there can be no dispute

10  concerning what is set forth above.  In contrast, the factual background section of MALIKYAR's

11  opposition, sets forth unsubstantiated, unsupported arguments concerning their claims in this case.

12                                      **II.  ARGUMENT**

13      A.    **MALIKYAR's Factual Background.**

14      First, the so-called Prenuptial Agreement (Reply RJN, Ex. 4, see Exhibit B thereto) surfaced

15  for the first time after the entry of the August 14, 2007 preliminary injunction, which neither

16  MALIKYAR or Jacobsen contested (RJN, Ex. 14).  Judge Rhoades cited in her Memorandum

17  Opinion and Order Granting the Chapter 13 Trustee's Request for Preliminary Injunction, FRCP

18  65(a), which requires that to obtain a preliminary injunction, the movant has a substantial likelihood

19  on the merits (RJN, Ex. 14, pp. 2 and 3).

20      On page 3 of her Memorandum and Opinion, Judge Rhoades found that the property at issue,

21  including the Tice Valley Property, is presumptively community property, citing Tex. Fam. Code

22  §§3.002 and 3.003(a) and Cal. Fam. Code §§760 and 2583, and went on to state, "In light of the

23  absence of any evidence that would rebut the community property presumption or support a finding

24  that the Property is not property of the Debtor's bankruptcy estate, the Trustee has established a

25  substantial likelihood of success on the merits of her claim that the Property (including the Tice

26  Valley Property) may be available  for distribution to the Debtor's creditors."  On August 22, 2007,

27  eight days later, in his opposition to motion to convert (Reply RJN, Ex. 4), Jacobsen attached as

28  Exhibit A, a Marital Agreement.  This is the first time that anyone was given evidence of this alleged

1   Marital Agreement.  Although more than two months have passed, Jacobsen and Malikyar have

2   done nothing in the adversary filed by the Chapter 13 Trustee to set aside the preliminary injunction

3   on the grounds that the Tice Valley Property is MALIKYAR's separate property.  Yet, in the face

4   of Judge Rhoades findings concerning the character of the Tice Valley Property, MALIKYAR is

5   asking this Court to find that it is her separate property, a finding which would be directly contrary

6   to that of Judge Rhoades in her Memorandum Opinion and Order Granting Plaintiff's [Chapter 13

7   Trustee] Request for Preliminary Injunction (RJN, Ex. 14).

8       As to the issue of the standing to bring the wire tapping case, a reasonable analysis would

9   indicate that an actual ownership interest in the Tice Valley Property is not the relevant criteria,

10  because MALIKYAR and Jacobsen could have been renters and therefore, the issue of the ownership

11  of the property <u>for purposes of this motion</u> is a red herring.  It is the claim that is being asserted in

12  this case which is community and passed to the estate at the time of Jacobsen's bankruptcy.  See

13  Opening Memo. of P&A, at <u>*inter* *alia*</u> p. 6:12-14.

14      Further, the alleged Prenuptial Agreement has no effect on creditors, because there is no

15  evidence it complied with either Texas or California law, by being recorded.  The alleged Marital

16  Agreement between MALIKYAR and Jacobsen has no effect on either Jacobsen's Chapter 13

17  Trustee or creditors in Jacobsen's Chapter 13, including the SRAMEKS, because Cal. Fam. Code

18  §852(b) provides that "A transmutation of real property is not effective as to third parties without

19  notice thereof, unless recorded."  The law in Texas is the same.  See Tex. Fam. Code §4.106.

20      Contrary to Jacobsen's conclusory statement in his "declaration" submitted in support of

21  MALIKYAR's opposition to the instant motion, there is no evidence that any notice was given at

22  any time prior to August 22, 2007, when the debtor filed his opposition to the Chapter 13 Trustee's

23  Motion to Convert (Reply RJN, Ex. 4), to any party in interest, such as the SRAMEKS or Jacobsen's

24  Chapter 13 Trustee, or that the alleged Marital Agreement was recorded in either Texas or

25  California.

26      Further, MALIKYAR, who as pointed out above, had acquired title to the Tice Valley

27  Property as an "unmarried woman," continued after the alleged September 11, 2001 Marital

28  Agreement in at least 4 deeds of trust securing borrowing on the Tice Valley Property, to state that

1    she [MALIKYAR] was an unmarried woman - not a married woman holding title as her sole and

2    separate property (Reply JAFFE Dec., Ex. B).

3        MALIKYAR then states in her opposition at 3:12-13, that until May of 2007, she and

4    Jacobsen lived in a residence in Contra Costa County.   This is directly contrary to Jacobsen's

5    deposition testimony in April of 2007, in Contra Costa County Superior Court Case No. C06-00162

6    (the "SRAMEK CASE"), in which he stated MALIKYAR resides with him in Texas and has since

7    December 2005 (Reply RJN, Ex. 5, p. 13, line 24 through p. 14:6), and the allegations of paragraph

8    1 of plaintiff's complaint in this case filed June 11, 2007, where plaintiff claims to be a resident of

9    Texas.[1]   Further, the title to the property claimed by MALIKYAR does not show its separate

10   character.  Although MALIKYAR admits that she was married to Jacobsen in July of 1999  (Reply

11   RJN, Ex. 4, see Ex. B thereto), "On this day we are getting married."  MALIKYAR acquired title

12   the Tice Valley Property in May of 2000 as an unmarried woman (JAFFE Dec., Ex. A).

13       **B.    Plaintiff Does not Have Individual Standing to Pursue this Action, Because it is
          an Asset of Jacobsen's Chapter 13 Estate.**

14

15       In Section B of her Opposition Memorandum, MALIKYAR cites _Kelsey v. Waste_

16   _Management_, (1999) 76 Cal.App.4th 590, for the proposition that since the debtor, Jacobsen would

17   have  standing to sue, MALIKYAR, a non-debtor has standing to sue alone.  In _Kelsey_, the Court

18   discussed a Chapter 13 debtor's standing to sue in the context of a claim which was existing at the

19   time the bankruptcy was filed, and where the bankruptcy court has previously confirmed the debtor's

20   bankruptcy plan.[2]

21       After analyzing the conflicting authorities at 594-596, the _Kelsey_ Court concluded that a

22   Chapter 13 debtor has standing to sue in California.  In this case, even presuming this Court adopts

23   the _Kelsey_ line of cases, no Chapter 13 plan has been confirmed and the debtor still is in bankruptcy.

24

25       [1] Although the face page of plaintiff's complaint states the complaint is verified, no

26   verification was attached to the copy served on JAFFE (JAFFE Reply Dec., ¶5)

27       [2] In _Kelsey_, the debtor filed for Chapter 13 in July 1996, on April 2, 1997, a plan was
     confirmed, and on April 22, 1997, after a Chapter 13 plan was confirmed, the complaint in

28   _Kelsey_ was filed.  _Kelsey_ _Id_. at 593-594.

1  Further, and most importantly, a claim has been brought by the non-debtor spouse, MALIKYAR,

2  in her own name, claiming that any damages[3] she suffered resulting from this ridiculous argument

3  of wire tapping somehow belong to her and not to Jacobsen's bankruptcy estate, claiming that the

4  Tice Valley Property is separate property.

5      As the court pointed out in *In re Gunsmith's, Inc.*, 271 B.R. 487 (S.D. Miss. 2000), a debtor

6  must disclose any cause of action likely to arise in non-bankruptcy context, and the debtor's failure

7  to do so will trigger application of the doctrine of equitable estoppel to preclude subsequent attempt

8  by debtor to prosecute this cause of action in a non-bankruptcy context.

9      To the extent that the debtor may be able to bring the action alone, in a Chapter 13, the debtor

10  is doing so, just like a trustee under §§363(b), 363(d), 363(e), 363(f) and 363(l).  See 11 U.S.C.

11  §1303.  An obvious reason for disclosing all claims, is so that creditors at the time of a proposed

12  confirmation of a Chapter 13 plan (see 11 U.S.C. §1325) can judge whether or not the value that is

13  proposed to be given to them as of the effective date of the plan is not less than the amount that

14  would be paid on such claim if the estate were liquidated under Chapter 7.  See 11 U.S.C.

15  §1325(a)(4).

16      Of course, this Court does not have to decide the standing issue as to Jacobsen, because

17  Jacobsen is not a plaintiff.  As to Jacobsen's statement in his declaration that he plans to sue in his

18  own name (Jacobsen Dec., ¶2), once dismissal is granted, that of course will depend upon the result

19  of the hearing now scheduled for November 21, 2007, as to whether Jacobsen's motion for dismissal

20  is granted, or the Chapter 13 Trustee's motion to convert is granted.  Even MALIKYAR concedes

21  in her citing of *Kelsey* supra, which cites *Cloud v. Northrop Grumman Corp.*, (1998) 67 Cal.App.4th

22  995, that if Jacobsen's bankruptcy is converted to a Chapter 7 - any claim of Jacobsen, and in turn

23  for the reasons set forth below, MALIKYAR, would pass to Jacobsen's bankruptcy estate.

24  **C.    MALIKYAR's Standing to Sue.**

25      MALIKYAR claims that she has standing to sue, because there is a private right of action

26  for violation of 18 U.S.C. §2511.  Defendants' motion is not premised on the claim as to whether

28      [3] In her FRCP 26(a)(1) disclosure MALIKYAR claims damages of of $11,561,009.39.

6

1   or not there is a private right of action under the Federal Wire Tapping Act (18 U.S.C. §§2511,

2   *et seq.*), but under the premise that if the claim existed, it passed to Jacobsen's bankruptcy estate on

3   May 25, 2007, and either has to be prosecuted by the Chapter 13 Trustee in Jacobsen's bankruptcy,

4   or, to the extent that Jacobsen stays in Chapter 13, by Jacobsen on behalf of his Chapter 13 estate.

5          As stated above, Judge Rhoades (RJN, Ex. 14) has already made a finding in connection with

6   the preliminary injunction, that the Chapter 13, Trustee will be successful in her claim that the Tice

7   Valley Property is community property, but that final determination needs to be made by the United

8   States Bankruptcy Court in Texas where Jacobsen's Chapter 13 bankruptcy is pending.

9          As is set forth in defendants' opening memorandum and acknowledged by MALIKYAR

10  (Open Memo., 8:4, *et seq.*), Section 541 of the Bankruptcy Code governs what constitutes property

11  of the bankruptcy estate.  Although acknowledging that all community property is property of the

12  estate, MALIKYAR asks this Court to determine that the claim being asserted in this case is her

13  separate property.  As has been set forth above, the Bankruptcy Court in Texas has entered both a

14  Temporary Restraining Order and a Preliminary Injunction (RJN, Exs. 13 and 14) against

15  MALIKYAR and Jacobsen as to disposing of any property, including the Tice Valley Property, the

16  location of the alleged wire tapping.

17         As stated above, a prerequisite to the entry of the preliminary injunction regarding the Tice

18  Valley Property by Judge Rhoades, was her determination that the evidentiary standard for entering

19  a preliminary injunction had been met by Jacobsen's Chapter 13 Trustee.  Further, as pointed out by

20  Judge Rhoades in her Opinion (RJN, Ex. 14, p. 2, ¶2), the debtor submitted a statement of non-

21  opposition to the injunction (Reply RJN, Ex. 6, see entry 20), and neither Jacobsen or MALIKYAR

22  appeared at the August 14, 2007 hearing.

23         Thus, MALIKYAR is asking this Court, based upon her "declaration" to make a finding

24  directly contrary to that of Judge Rhoades, i.e., that the instant claim is somehow her separate

25  property and can be pursued on her own and not by Jacobsen's Chapter 13 Trustee or, to the extent

26  the Court follows the line of cases, that Jacobsen's Chapter 13 Trustee, or by Jacobsen as a Chapter

27  13 debtor on behalf of his Chapter 13 estate.

28         As pointed out above, the claim in question is not the character of the Tice Valley Property,

7

1  but the alleged wire tapping claim, which is separate and distinct from the ownership of the Tice

2  Valley Property.  However, the same principles apply, because as stated above, this claim would be

3  an asset of the bankruptcy estate until determined otherwise.  Further, by the terms of the California

4  Family Code, and its Texas counterpart, Cal. Fam. Code §§760 and 2583; Tex. Fam. Code §§3.002

5  and 3.003(a), while it may be valid should Jacobsen and MALIKYAR divorce, it has no effect on

6  third party creditors, because as stated above, even if valid, which defendants submit it is not, it has

7  not been recorded.  See Fam. Code §852(b)

8    At 8:26-27 of her opposition memorandum, MALIKYAR claims that in California,

9  community property can be converted into separate property by an oral agreement, citing *Tomaier*

10  *v. Tomaier*, (1944) 23 Cal.2d 754.  In *Tomaier*, *supra*, the California Supreme Court was concerned

11  with two issues, 1) the purchase of property outside of California in a non-community property state

12  where the husband and wife were domiciled in California (not an issue in the case at bench); and 2)

13  whether or not the joint tenancy form of ownership was conclusive (again, not an issue in the case

14  at bench).  *Tomaier* took place in the case of a dissolution of marriage, not in the context of claims

15  of third parties such as the bankruptcy court in Texas is concerned with Jacobsen's bankruptcy.

16    **D.    The Plaintiff's Request to Substitute the Proper Parties.**

17    As set forth above, the continued hearing on the Chapter 13 Trustee's motion to convert and

18  Jacobsen's motion to dismiss will be held on November 21, 2007.[4]   If the November 21, 2007

19  hearing concludes and the court rules, presumably either the Chapter 13 Trustee's motion to convert

20  to Chapter 7 will be granted, or Jacobsen's Chapter 13 will be dismissed.

21    However, at the time this reply is being completed, October 25, 2007, Jacobsen is in

22  bankruptcy, he is not a party and neither is his Chapter 13 Trustee.  Obviously, if Jacobsen's

23  bankruptcy is dismissed, then any issues arising out of the pendency of Jacobsen's bankruptcy would

24  not longer exist.  On the other hand, if the case is converted, as is being requested by the Chapter 13

25  Trustee and the U.S. Trustee,  to Chapter 7, it would be up to the bankruptcy trustee in Jacobsen's

26

27

28    [4] The date of November 27, 2007 in MALIKYAR's opposition memorandum, p. 9:22, is apparently a typographical error.

8

1    Chapter 7 bankruptcy to decide how to proceed.  Further, as stated above, to the extent MALIKYAR

2    is claiming that her claim is separate property, that determination should be made by the Bankruptcy

3    Court in Texas pursuant to federal bankruptcy law.

4          **E.**    **The Opposition is Procedurally Deficient.**

5         According to the docket in this case as listed on the website of United States District Court

6    for the Northern District of California, the opposition and supporting papers were filed on October

7    18, 2007, however, the opposition papers were not served by fax until October 22, 2007.  See Proof

8    of Service which was, according to the docket, apparently not filed with the court, but served on

9    defendants with opposition papers (JAFFE Reply Dec., Ex. A).   The Local Rules require that the

10   opposition be filed and <u>served 21</u> days before the hearing, to wit: October 18, 2007.

11         **F.**    **Jacobsen's Omission of the Instant "Claim" in his Bankruptcy is By Any**
                  **Objective Basis - Intentional.**

12

13        In his declaration, Jacobsen states that he intends to substitute himself as a plaintiff in the

14   event his bankruptcy is dismissed (Jacobsen Dec., ¶2).  This runs directly contrary to Jacobsen's

15   duties to disclose all claims.  Defendants submit that for the reasons set forth by Judge Snell of the

16   Eastern District of Texas, in *Estel v.Bigelow Management, Inc.*, 323 B.R. (E.D. Texas 2005)

17   ("*Estel*").   Jacobsen is judicially estopped from pursuing his claim outside of bankruptcy.  See

18   *inter alia* discussion of inconsistent positions and alleged inadvertent disclosure in *Estel* at 922-924.

19                       **III. <u>CONCLUSION</u>**

20        Based on the above, defendants respectfully submit that they have shown as a matter of law,

21   that MALIKYAR is not the real party in interest and has no standing to bring this action.  Therefore,

22   defendants' motion for summary judgment should be granted.

23                     Respectfully submitted,

24

25   DATED: October 25, 2007     By:   _____

26                             HAROLD M. JAFFE, ESQ., Attorney for Defendants
     JOHN SRAMEK and BERNADETTE SRAMEK,

27                             individually and as Trustees of the John S. Sramek, Jr.
     and Bernadette D. Sramek Revocable Living Trust

28                             and Harold M. Jaffe, In Pro Per

1

**PROOF OF SERVICE**

**In re USDC for the Northern District of Calif., Case No. C07-03533 JCS**

2

   I am a citizen of the United States, employed in the County of Alameda.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 3521 Grand Avenue, Oakland, CA 94610.

3

4

   On the date herein below stated, I served the within document(s):

5

**~REPLY MEMORANDUM OF P&A IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**

6

**~OBJECTIONS TO EVIDENCE;**

**~REPLY DECLARATION OF HAROLD M. JAFFE; AND**

7

**~REQUEST FOR JUDICIAL NOTICE RE REPLY MEMORANDUM**

8

   _____ by facsimile transmission on said date.  This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), facsimile number (510) 452-9125.  The transmission was reported as complete and without error.  A copy of the transmission report, properly issued by the transmitting machine, is in sender's file.  The names and facsimile numbers of the person(s) served are as set forth below.

9

10

   XX   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage prepaid for deposit in the United States mail at Oakland, California, pursuant to 28 U.S.C. §1746, addressed as set forth below.

11

12

   _____ by depositing in a box or similar facility maintained by: ___ United Parcel Service; ❏ Federal Express; ❏ DHL Worldwide Express;  an express mail service carrier, in an envelope designated by said express service carrier, with delivery fees paid or provided for, pursuant to CCP §1013(c), addressed as set forth below.

13

14

   _____ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

15

16

Alise Malikyar

17

2324 Tice Valley Blvd.

Walnut Creek, CA 94595

18

T:  (925) 890-8619

F: (407) 209-2126

19

20

21

22

   I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on October 25, 2007, at Oakland, California.

23

24

_____

GAIL SMITH

25

26

27

28