**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100,<br><br>Defendants.<br>_____/ | CASE NO. C07-03533 WHA<br><br>**OBJECTIONS TO EVIDENCE RE: DECLARATIONS OF ALISE MALIKYAR AND ROBERT JACOBSEN SUBMITTED IN SUPPORT OF ALISE MALIKYAR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:   November 8, 2007<br>TIME:   8:00 a.m.<br>CTRM:   9 - Hon. William Alsup |

Defendants submit the following objections to evidence as to the Declarations of Alise Malikyar and Robert Jacobsen submitted in support of plaintiff's opposition to defendants' motion for summary judgment.

**A.   DECLARATION OF ALISE MALIKYAR:**

1. Page 1, lines 23-24, commencing with "My intention" and ending with "marriage separate."

   Basis of the Objection. Argumentative, lacks foundation.

2. Page 1, lines 26-28, commencing with "The purpose" and ending with "written agreement."

   Basis of the Objection. Lack foundation, argumentative, conclusory.

1

3.     Page 2, ¶5 in its entirety.

    <u>Basis of the Objection</u>.  Calls for legal conclusion.

4.     Page 2, line 3, commencing with "The house" and ending with "property."

    <u>Basis of the Objection</u>.  Legal conclusion, lacks foundation, directly contrary to finding made by Bankruptcy Court in Texas in issuing preliminary injunction pending disposition of Tice Valley property pending further order of the court (RJN, Ex. 14).

5.     Page 2, lines 3-5, commencing with "I used" and ending with "on my home."

    <u>Basis of the Objection</u>.  Lacks foundation, vague as to time period.

6.     Page 2, lines 6-7, commencing with "I am informed" and ending with "on the phone."

    <u>Basis of the Objection</u>.  Lacks foundation, argumentative, no evidence that any phone conversations were intercepted by anyone exists.

**B.**     **DECLARATION OF ROBERT JACOBSEN:**

1.     Page 1, line 29 to Page 2, line 2, commencing with "I am informed" and ending with "some time."

    <u>Basis of the Objection</u>.  Although in certain cases, declarations on information and belief are proper, i.e., for example where the facts to be established are <u>incapable of positive averment</u>, *City of Santa Cruz v. Mun. Ct. (Kennedy)*, (1989) 49 Cal.3d 74, 86, 260 Cal.Rptr. 520.  The California Supreme Court reminds us that "information and belief" indicates a statement is not based on the declarant's first-hand knowledge. *City of Santa Cruz Id*. at 93.  Although in certain cases, a declaration on information and belief may be acceptable for example, in a case where a third party's residence is at issue in a motion for change of venue [*Brown v. Happy Valley*, (1929) 206 Cal. 515, 520-521].  In the instant case, where we are concerned with when documents were allegedly produced by Jacobsen himself, or his wife, MALIKYAR, a declaration on information and belief showing lack of personal knowledge is a proper basis for an objection.  If the document was personally produced by Jacobsen, he

should set forth when, who produced it, and where it was produced.  His conclusory statement that he believes it has been produced without any underlying factual support is worthless.

DATED: Oct. 25, 2007

HAROLD M. JAFFE, ESQ., Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per