United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1–100,<br><br>　　　　Defendants.　　　　　　　　　　／ | No. C 07-03533 WHA<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND (3) VACATING HEARING ON SEPARATE MOTION** |

**INTRODUCTION**

In this action under the civil wiretap statute, 18 U.S.C. 2511, *et seq.*, defendants move for summary judgment arguing that plaintiff is not the real party-in-interest and lacks standing in this action. The action stems from defendants' alleged use of illegally intercepted telephone communications to place a *lis pendens* on property owned by plaintiff. Plaintiff's husband filed a Chapter 13 petition for bankruptcy, so this claim is community property belonging to the bankruptcy estate. Accordingly, her husband is a necessary party to this action. Although this motion is styled as a motion for summary judgment, the problem actually stems from Malikyar's lack of standing and failure to join her husband under Rule 19. Accordingly, defendants' motion is **GRANTED**. Malikyar will be given leave to amend. Since leave to amend has been granted, plaintiff's motion for leave to amend her complaint, set for hearing on November 29, 2007, is **DENIED AS MOOT**. Seeing that no further argument is necessary, the hearing on this motion is **VACATED**.

**STATEMENT**

Plaintiff *pro se* Alise Malikyar is currently being sued in a state-court lawsuit brought by defendants John Sramek, Bernadette Sramek, Harold Jaffe, and the Sramek Revocable Living Trust (Compl. ¶ 7). Robert Jacobsen, Malikyar's husband, was overseeing the sale of some of Malikyar's property to pay her legal expenses (*id*. at ¶ 8). North American Title Insurance Company was handling escrow for the property, and escrow was to conclude on Monday, April 30, 2007 (*id*. at ¶¶ 9–10). Just before escrow was set to close, defendants filed yet another state-court action against Jacobsen, Malikyar, and Coast Capital LTD, that alleged the same facts as in the prior suit (*id*. at ¶ 11). Jaffe filed a notice of pending action which halted the escrow. The notice of pending action contained the order number for the escrow.

In this, the third lawsuit between the two sides, plaintiff alleges that the escrow order number was not publicly-known information (*id*. at ¶ 13). Because of this, Jacobsen asked a number of employees at North American Title Insurance if they had released any escrow information to any party not involved in the transaction. They all answered no (*id*. at ¶¶ 14–17). Since the beginning of the first action, Jacobsen alleges that he noticed unusual static on the phone line in his home office (*id*. at ¶ 19). He called his phone service provider who investigated and found a recording device attached to his and Malikyar's phone line (*id*. at ¶ 20). As a result of the illegal wiretap, plaintiff alleges, defendants placed a *lis pendens* on the property located at 2324 Tice Valley Boulevard, Walnut Creek, California, before the property was sold. The *lis pendens* was expunged on July 30, 2007, pursuant to an order entered by the Contra Costa County Superior Court (RJN Exh. 12).

Jacobsen and Malikyar have stated under oath that they have been married since 1999 (Jaffe Decl. Exh. B–D). On July 17, 1999, they signed a prenuptial agreement that stated that after-acquired property was to remain each spouse's separate property. It also required that if Malikyar and Jacobsen wished to acquire community property, they would have to express their intent to do so in writing (Malikyar Decl. ¶ 2, Exh. 1). They signed a supplemental "marital agreement" on September 11, 2001, which listed the Tice Valley Boulevard property as

2

Malikyar's separate property (*id.* at Exh. 2). Plaintiff and Jacobsen lived in that property until May 2007.

In addition, Jacobsen is currently involved in bankruptcy proceedings. REJ Properties, Inc., one of Jacobsen's companies, filed for bankruptcy on March 13, 2007, in the United States Bankruptcy Court for the District of Nevada (RJN Exh. 4). On April 18, 2007, the bankruptcy court entered an order to transfer the action to the United States Bankruptcy Court for the Northern District of California (*id.* at Exh. 5). REJ's petition was dismissed on June 4, 2007, for filing in bad faith (*id.* at Exh. 6).

On May 25, 2007, Jacobsen himself filed a bankruptcy petition under Chapter 13 in the United States Bankruptcy Court for the Eastern District of Texas (*id.* at Exh. 9). He filed his schedules and statement of financial affairs on June 25, 2007, and did not list this action, filed on June 11, 2007, as one of the assets of his bankruptcy estate (*id.* at Exh. 11). The bankruptcy court entered a temporary restraining order and request for preliminary injunction to prohibit the transfer of certain assets, including the Tice Valley Boulevard property (*id.* at Exhs. 13, 14). Thereafter, the bankruptcy trustee filed a motion to convert Jacobsen's petition from Chapter 13 to Chapter 7, and at the same time Jacobsen filed a motion to dismiss the petition. A hearing was held on those motions on September 27, 2007. The hearing was not completed, so the remainder was continued to November 21, 2007.

Malikyar filed her complaint in Alameda County Superior Court on June 11, 2007. She alleges claims under 18 U.S.C. 2511 *et seq.*, for an illegal wiretap, and claims for conspiracy, theft, and invasion of privacy. This action was removed from state court on July 6, 2007, on the basis of federal-question jurisdiction. Defendants filed this motion on October 4, 2007. Plaintiff filed a motion for leave to amend her complaint to add a plaintiff on October 24, 2007.

**ANALYSIS**

Defendants caption this motion as a motion for summary judgment, arguing that the facts show that Malikyar does not, by herself, have standing to bring this claim. In effect, defendants are actually arguing that she has failed to join an indispensable party, either her husband or the bankruptcy trustee. Under Rule 19(a)(1), "a person . . . whose joinder will not

3

1  deprive the court of jurisdiction over the subject matter of the action shall be joined in the
2  action if in the person's absence complete relief cannot be accorded among those already
3  parties." Defendants are actually arguing that Malikyar has failed to join a necessary party.

4  Defendants argue that Malikyar does not, by herself, have standing to bring this action
5  because Jacobsen, as Malikyar's husband, is an indispensable party to this action. Jacobsen is
6  currently in bankruptcy. According to defendants, this action is a post-petition claim so it
7  actually belongs to the bankruptcy estate. Plaintiff disagrees and argues that the Tice Valley
8  Boulevard property is her separate property, so this claim is as well. In the alternative, she asks
9  that she be allowed to substitute the proper parties. Plaintiff brings this action under 18 U.S.C.
10 2520, which provides a private right of action for illegal wiretapping or other interception of
11 communications.

\*          \*          \*

13 Upon filing a petition for bankruptcy, the property of the bankruptcy estate includes "all
14 legal or equitable interests of the debtor in property as of the commencement of the case." 11
15 U.S.C. 541(a)(1). This includes legal claims. *See United States v. Whiting Pools, Inc.*, 462 U.S.
16 198, 203–04, 205, n.9 (1983). As a result, a debtor's pre-petition personal injury claims become
17 property of the estate. *Sierra Switchboard Co. v. Westinghouse Electric Co.*, 789 F.2d 705, 709
18 (9th Cir. 1986). Moreover, virtually all community property within a marriage is included in
19 the estate. *In re Bouzas*, 294 B.R. 318, 321 (N.D. Cal. 2003) (Tchaikovsky, J.). When a debtor
20 files a petition under Chapter 13, however, the debtor, not the bankruptcy trustee, remains in
21 possession of all property of the estate, unless a confirmed plan or order confirming a plan
22 indicates otherwise. 11 U.S.C. 1306.

23 In general, property interests are created and defined by state law. *Butner v. United*
24 *States*, 440 U.S. 48, 55 (1979). Under California law, all property acquired during the marriage
25 is presumptively community property. Cal. Fam. Code § 760. Subject to a few exceptions that
26 do not apply here, "money and other property received or to be received by a married person in
27 satisfaction of a judgment for damages for personal injuries, or pursuant to an agreement for the
28 settlement or compromise of a claim for such damages, is community property if the cause of

4

1  action for the damages arose during the marriage." Cal. Fam. Code § 780. Neither side
2  disputes that Malikyar's claim accrued during her marriage. She and Jacobsen were married in
3  1999, while the events that gave rise to this action occurred in 2006. Accordingly, Malikyar's
4  claim is presumptively community property. Since the claim was filed after the bankruptcy
5  petition, the claim belongs to the bankruptcy estate.

6  Plaintiff and defendants argue for many pages over whether the Tice Valley Boulevard
7  property *itself* is community property or Malikyar's separate property. What matters here,
8  however, is the status of the *claim*, not the status of the property. The statute under which
9  Malikyar brings her claims provides a civil remedy for wiretapping or intercepting electronic
10 communications and prohibits the interception of communications. 18 U.S.C. 2520. It allows
11 individuals to recover damages for the invasion of their privacy from an illegal wiretap. *See*
12 *Jacobson v. Rose*, 592 F.2d 515, 520–21 (9th Cir. 1978). Standing is independent of any
13 particular location. For instance, intercepting a colleague's voicemail messages at work can
14 violate the Wiretap Act. *United States v. Smith*, 155 F.3d 1051, 1062 (9th Cir. 1998). By
15 extension, if Malikyar had been outside her home or if she had only been staying at the property
16 temporarily, she could still bring this claim. Malikyar's claim is presumptively community
17 property. Thus it is presumptively the property of Jacbosen's bankruptcy estate.

18 Defendants suggest that Malikyar lacks standing because she did not join the bankruptcy
19 trustee in this action. Defendants forget, however, that Jacobsen filed a Chapter 13 petition, not
20 a Chapter 7 petition. He, as the debtor, is currently in control of the estate. In a Chapter 13
21 petition, the debtor has full authority to represent the estate. *In re DiSalvo*, 219 F.3d 1035, 1039
22 (9th Cir. 2000). The real party-in-interest here is Jacobsen. In support of her argument that she
23 has standing on her own, Malikyar cites *Kelsey v. Waste Management*, 76 Cal. App. 4th 590,
24 595–96 (1999). In that decision, a California appellate court held that the plaintiff, a debtor in a
25 Chapter 13 petition, had standing to pursue post-petition tort claims. According to plaintiff, this
26 means that since her husband, as a debtor, could pursue his claim, then she could pursue her
27 own claim as well. This assumption does not follow since the claim, as community property, is
28 presumptively property of the bankruptcy estate. What this does mean is that Jacobsen could

1 pursue this claim. Accordingly, Malikyar must join Jacobsen to proceed. Since she does not
2 have standing on her own to sue, defendants' motion is **GRANTED**.

3 Malikyar asks that if this motion is granted, she be allowed leave to amend to add any
4 indispensable parties. Additionally, she filed a separate motion to amend her complaint to add
5 Jacobsen as a party. It is worth noting here that the status of Jacobsen's bankruptcy petition is
6 in flux. Jacobsen filed a motion to dismiss the petition, and the bankruptcy trustee filed a
7 motion to convert his Chapter 13 petition into a Chapter 7 petition. Both of these motions are
8 still pending, and an additional hearing on them is scheduled for November 21, 2007, in the
9 Bankruptcy Court for the Eastern District of Texas. Malikyar likely could join Jacobsen at this
10 time, but given the status of his bankruptcy petition, it is not clear that this would do any good
11 going forward. If the trustee's motion to convert is granted, then Malikyar may need to join the
12 trustee. If Jacobsen's motion to dismiss is granted, then presumably Malikyar can pursue this
13 claim on her own again. Accordingly, Malikyar will be granted leave to amend to name any
14 indispensable parties, but she should not do this until after the bankruptcy court issues an order
15 on these motions. Because this order grants leave to amend her complaint, Malikyar's seperate
16 motion for leave to amend is **DENIED AS MOOT**. The hearing on that motion, scheduled for
17 November 29, 2007, at 8:00 a.m., is **VACATED**.

## CONCLUSION

19 For all of the above-stated reasons, defendants' motion for summary judgment is
20 **GRANTED**. Plaintiff will be allowed leave to amend to add indispensable parties, if any, after an
21 order issues in her husband, Robert Jacobsen's bankruptcy petition. This should be done no
22 later than **MONDAY, JANUARY 7, 2008**. Seeing that no further argument is necessary, the
23 hearing on this motion is hereby **VACATED**. Plaintiff's motion for leave to file an amended
24 complaint is **DENIED AS MOOT**. The hearing on that separate motion, scheduled for November
25 29, 2007, is **VACATED** as well.

26 **IT IS SO ORDERED.**

27 Dated: November 7, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6