**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALISE MALIKYAR,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100,<br><br>    Defendants.<br>_____ / | CASE NO. C07-03533 WHA<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S EX PARTE MOTION AND [PROPOSED] ORDER CHANGING TIME FOR PLAINTIFF TO AMEND COMPLAINT**<br><br>**CTRM:**     9 - **Hon. William Alsup** |

Defendants, JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust ("Defendants") hereby submit their opposition to plaintiff, ALISE MALIKYAR ("MALIKYAR")'s ex parte motion and [proposed] order changing time for plaintiff to amend complaint.

**I. PROCEDURAL BACKGROUND**

Since this Court's order granting defendants' motion for summary judgment, the following has occurred in the bankruptcy case of Robert Jacobsen, pending in the United States Bankruptcy Court for the Eastern District of Texas. At the time the Court's order granting summary judgment was entered, a hearing was scheduled for November 21, 2007, on the Chapter 13 Trustee's motion to convert Jacobsen's bankruptcy from a Chapter 13 to a Chapter 7, and on Jacobsen's motion to dismiss. On November 21, 2007,

1

MEMO. OF P&A IN SUPPORT OF OPPOS. TO EX PARTE MT./PROP. ORDER CHANGING TIME FOR PLF. TO AMEND COMPLAINT

a continued hearing was held and the court ruled from the bench and granted the Chapter 13 Trustee's motion to convert and denied Jacobsen's motion to dismiss as moot.

On December 5, 2007, the Court entered a memorandum opinion and order granting Chapter 13 Trustee's motion to convert case to Chapter 7  (RJN, Ex. 1, Docket No. 86), and the first meeting of creditors in Jacobsen's Chapter 7 bankruptcy was set for December 28, 2007 (RJN, Ex. 1, Docket No. 86).

On December 14, 2007, Jacobsen filed a motion for rehearing of memorandum opinion and order granting Chapter 13 Trustee's motion to convert and denying debtor's motion to voluntarily dismiss (RJN, Ex. 1, Docket No. 92), which was amended on December 18, 2007 (RJN, Ex. 1, Docket No. 93, MALIKYAR Ex Parte Motion, 2:4-8).

On December 19, 2007, the Chapter 7 Trustee appointed by the Bankruptcy Court in Texas, Christopher Moser, filed an application for Larry Levick to serve as attorney for the Chapter 7 Trustee (RJN, Ex. 1, Docket No. 94).  On December 28, 2007, the first meeting of creditors in Jacobsen's Chapter 7 bankruptcy was held, not completed, and continued to January 15, 2008 (RJN, Ex. 1, Docket No. 86)

On January 2, 2008, an order was entered allowing Jacobsen's Chapter 7 Trustee to appoint the Law Offices of Levick & Singer, as attorneys for Jacobsen's Chapter 7 Trustee (RJN, Ex. 1, Docket No. 95).  No stay of the Bankruptcy Court's order of December 5, 2007, has been entered, nor has any stay been requested.

At the present time, the following deadlines/hearings have been set in this case:

| | |
|---|---|
| Discovery Deadline | May 9, 2008 |
| Motions Deadline | June 26, 2008 |
| Pretrial Conference | September 1, 2008 |
| Jury Trial | September 15, 2008 |

In her motion, MALIKYAR requests that this Court grant a continuance of four months from January 7, 2008 to May 7, 2008 (two days prior to the May 9, 2008 discovery deadline), to file the amended complaint which this Court ordered on November 7, 2007, be filed no later than January 7, 2008.

1  For the reasons set forth below, the ex parte application of MALIKYAR should be
2  denied.

## II. ARGUMENT

### A. Plaintiff's Ex Parte Motion for a Four Month Continuance of Time to File an Amended Complaint Should be DENIED.

Based solely on Jacobsen's Motion for Reconsideration of the Bankruptcy Court's Memorandum Opinion and Order converting his case from a Chapter 13 to a Chapter 7, MALIKYAR has come before this Court and is making an ex parte application to continue for four months (from January 7, 2008 to May 7, 2008), the time for her to file an amended complaint ordered by this Court in its order filed November 8, 2007. No stay has been issued by the Bankruptcy Court in Texas of its order converting Jacobsen's case to a Chapter 7, nor for that matter, has Jacobsen requested a stay, and Jacobsen's Chapter 7 bankruptcy has proceeded, i.e., the first meeting of creditors was commenced on December 28, 2007, and the trustee applied for and obtained an order for the employment of counsel, and(RJN, Ex. 1, Docket Nos. 86 and 95, respectively).

As this Court determined in its Order filed on November 8, 2007, the claim in this case does not belong to MALIKYAR, but is an asset of Jacobsen's bankruptcy estate. Therefore, for the reasons set forth by the Court in its Order filed on November 8, 2007, MALIKYAR does not have the standing to bring a motion to extend the time to file an amended complaint in a case where the underlying claim belongs to Jacobsen's bankruptcy estate, whether that estate be a Chapter 13 or Chapter 7.

Plaintiff MALIKYAR has had six weeks since the Bankruptcy Court's hearing on November 21, 2007, granting the Chapter 13 Trustee's motion to convert Jacobsen's Chapter 13 to a Chapter 7, and approximately one month since the actual memorandum opinion and order was entered (RJN, Ex. 1, Docket No. 86), to file the amended complaint ordered by this Court to be filed by January 7, 2008. As stated above, no stay has been issued by the Bankruptcy Court in Texas, nor has a stay been requested by Jacobsen, and the Chapter 7 has proceeded with a first meeting of creditors having commenced on

3

December 28, 2007 (RJN, Ex. 1, Docket No. 86), and the Chapter 7 Trustee having applied for and been granted a motion to employ counsel (RJN, Ex. 1, Docket No. 95).

Other than Jacobsen's unilateral action in requesting a motion for reconsideration, nothing has happened in his now Chapter 7 bankruptcy in Texas, which warrants the granting of the requested continuance. There is no estate of flux, as stated above, the Chapter 7 bankruptcy has proceeded normally with *inter alia* the first meeting of creditors on December 28, 2007, (RJN, Ex. 1, Docket No. 86), and on January 2, 2008, an order having been entered granting the Chapter 7 Trustee's motion to appoint counsel (RJN, Ex. 1, Docket No. 95). Absent a stay of the Bankruptcy Court in Texas of its order converting Jacobsen's bankruptcy to a Chapter 7, there is no reason to consider Jacobsen's bankruptcy an estate of flux and therefore, any reason to further delay the time period for filing the amended complaint ordered to be filed by this Court on November 7, 2007, by January 7, 2008, should be denied.

**B.  If the Court Grants Any Additional Time for MALIKYAR to File an Amended Complaint, All Other Deadlines Previously Set by the Court Should be Likewise Extended.**

As stated above, at the time this opposition is filed, the deadlines/hearings set in this matter are as follows:

| | |
|---|---|
| Discovery Deadline | May 9, 2008 |
| Motions Deadline | June 26, 2008 |
| Pretrial Conference | September 1, 2008 |
| Jury Trial | September 15, 2008 |

Should the Court grant MALIKYAR any additional time to file an amended complaint, which for the reasons set forth above defendants respectfully submit it should not, defendants request that the Court continue all deadlines/hearings set forth above for the same time period.

### III. CONCLUSION

Based on the above, defendants respectfully submit that plaintiff's ex parte motion to change the time for plaintiff to amend complaint be DENIED in its entirety. Alternatively,

1  if this Court grants plaintiff's motion for any period of time, defendants respectfully request
2  that all deadlines/hearings set in this matter as set forth above, be continued for the same
3  time period.

                                  Respectfully submitted,

DATED: Jan. 3, 2008     By:     _____
                                HAROLD M. JAFFE, ESQ., Attorney for
                                Defendants JOHN SRAMEK and BERNADETTE
                                SRAMEK, individually and as Trustees of the
                                John S. Sramek, Jr. and Bernadette D. Sramek
                                Revocable Living Trust and Harold M. Jaffe, In
                                Pro Per