**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALISE MALIKYAR, | CASE NO. C07-03533 WHA |
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE; WITH PROOF OF SERVICE** |
| vs. | |
| JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100, | |
| Defendants. | |
| _____ / | CTRM:   9 - **Hon. William Alsup** |

## I. INTRODUCTION AND FACTUAL BACKGROUND

In plaintiff's response to the Court's Order to Show Cause, plaintiff states that she has chosen not to amend her complaint and requests that the Court dismiss the complaint without prejudice, or in the alternative, if the complaint is dismissed with prejudice, the Court enter a final judgment dismissing the complaint under Rule 12(b)(6), and [not Rule 41(b)] (Plaintiff's Response to OSC, 1:22-23).  For the reasons set forth below, plaintiff's complaint should be dismissed with prejudice pursuant to FRCP 41(b).

On June 11, 2007, plaintiff initiated the instant action in the Alameda County Superior Court.  On July 6, 2007, defendants answered the complaint and subsequently this case was removed to this Court.

On November 8, 2007, this Court granted defendants' motion for summary judgment and gave plaintiff until January 7, 2008, to file an amended complaint, and stated in pertinent part, "Since she [Malikyar] does not have standing on her own to sue, defendants'

1

1  motion is Granted." (11/08/07 Order, p. 6, lines 1-2).  After so ruling, the Court granted
2  Malikyar leave to amend to add indispensable parties, and further pointed out that "the
3  status of Jacobsen's bankruptcy petition is in flux." (11/08/07 Order, p. 6, lines 5-6).
4      On January 2, 2008, plaintiff filed an ex parte application to extend the time to file
5  an amended complaint for 120 days, and on January 3, 2008, defendants opposed
6  plaintiff's ex parte application.  On January 4, 2008, this Court entered an order denying
7  plaintiff's application to extend the time to file an amended complaint, stating in pertinent
8  part, "The fact that plaintiff has filed a motion for re-hearing does not create a state of 'flux'
9  as plaintiff contends."

## II. ARGUMENT

### A. Dismissal Pursuant to Rule 12(b)(6).

In response to a Rule 12(b)(6) motion, a plaintiff in some cases is entitled to dismiss his or her action without prejudice under Rule 41 (a)(1).   However, Rule 41(a)(1) applies only if no answer has been filed.  Therefore, for example in response to a motion for judgment on the pleadings where an answer has been filed, plaintiff does not have the right to respond to the motion by dismissing the action without prejudice.  Similarly, in the case at bench, defendants have answered and the Court has granted summary judgment, and therefore, there is no right to dismiss this case pursuant to Rule 12(b)(6) without prejudice. See discussion in Schwarzer Civil Practice Guide, *Federal Civil Procedure Before Trial*, ¶9:333 and 9:334 (Rutter 2007).

### B. Pursuant to FRCP 41(b), this Case Should be Dismissed With Prejudice.

Involuntary dismissal with prejudice may be ordered "(f)or failure of the plaintiff... to comply with these rules... " [FRCP 41(b)].  Just as with a Rule 12(b) motion, when a motion to dismiss is granted with leave to amend and the plaintiff fails to amend, dismissal would then be granted under Rule 41(b).  See *Toyota Landscape Co., Inc. v. Buliding Material and Dump Truck Drivers Local 420*, (9th Cir. 1984) 726 F.2d 525, 528 - Rule 12(b) dismissal for lack of jurisdiction granted with leave to amend; *Nevijel v. North Coast Life Ins. Co.,* (9th Cir. 1981) 651 F.2d 671, 674 - court-ordered amendment to meet Rule

2

1 | 12(b)(6) motion challenging failure to set forth statement of claim as required by Rule 8.

2 |     A dismissal may be ordered under Rule 41(b) for failing to meet the deadline for
3 | filing the amended complaint. Moore's *Federal Practice*, 3rd Ed. Sect. 41.52[3[[a] at pp. 41-
4 | 203 and 41-204. See *Yourish v. California Amplifier,* (9th Cir. 1999) 191 F.3d 983, 986
5 | (cited by defendants in their ex parte application to dismiss filed January 8, 2008, 2:16-17,
6 | and cited by plaintiff in her response to this Court's Order to Show Cause) and *Ferdik v.*
7 | *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), cert. denied 506 U.S. 915 (1992) [dismissal
8 | of pro se litigant's civil rights complaint for failure to comply with court's order was not
9 | abuse of discretion].

10 |     In *Yourish v. California Amplifier, supra*, investors had purchased the corporation's
11 | common stock brought a securities fraud class action. The District Court dismissed with
12 | prejudice and investors appealed. The Ninth Circuit held *inter alia* that dismissal of the
13 | action with prejudice was not an excessive sanction for failure to timely amend complaint.
14 | *Yourish Id*. at 986.

15 |     Dismissal under Rule 41(b) has also been granted because of failure to comply with
16 | a court order directing joinder of indispensable parties. *Eldredge v. Carpenters 46 No.*
17 | *Calif. Counties Joint Apprenticeship and Training Comm.* (ND CA 1979) 83 FRD 136, 139,
18 | rev'd on other ground in *Eldredge v. Carpenters 46 No. Calif. Counties Joint*
19 | *Apprenticeship & Training Comm*., (9th Cir. 1981) 662 F.2d 534, 538.

20 | ### III. CONCLUSION

21 |     Based on the above, defendants respectfully submit that this Court enter an order
22 | dismissing the above action with prejudice pursuant to Rule 41(b).

23 |                 Respectfully submitted,

24 |

25 | DATED: January 23, 2008  By:  /s/_____
26 |                     HAROLD M. JAFFE, ESQ., Attorney for Defendants
                    JOHN SRAMEK and BERNADETTE SRAMEK,
27 |                     individually and as Trustees of the John S. Sramek, Jr.
                    and Bernadette D. Sramek Revocable Living Trust and
28 |                     Harold M. Jaffe, In Pro Per

DEFS' REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

**PROOF OF SERVICE**

**In re USDC for the Northern District of Calif., Case No. C07-03533 JCS**

I am a citizen of the United States, employed in the County of Alameda. I am over the age of eighteen years and not a party to the within entitled action. My business address is 3521 Grand Avenue, Oakland, CA 94610.

On the date herein below stated, I served the within document(s):

**~DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

XX by facsimile transmission on said date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), facsimile number (510) 452-9125. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is in sender's file. The names and facsimile numbers of the person(s) served are as set forth below.

XX by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage prepaid for deposit in the United States mail at Oakland, California, pursuant to CCP §§1013a(3), addressed as set forth below.

___ by depositing in a box or similar facility maintained by: __ United Parcel Service; ❏ Federal Express; ❏ DHL Worldwide Express; an express mail service carrier, in an envelope designated by said express service carrier, with delivery fees paid or provided for, pursuant to CCP §1013(c), addressed as set forth below.

___ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Alise Malikyar
P.O. Box 1386
Lafayette, CA 94549
T: (925) 890-8619
F: (407) 209-2126

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on January 23, 2008, at Oakland, California.

/s/_____
BEVERLY BAKER