IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALISE MALIKYAR,

    Plaintiff,

  v.

JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1–100,

    Defendants.

No. C 07-03533 WHA

**FURTHER ORDER TO SHOW CAUSE**

    Dismissals are usually with prejudice when there is an adjudication on the merits. Dismissals without prejudice are typically granted when there has been no adjudication on the merits. Even in the latter case, however, when a plaintiff seeks to voluntarily dismiss a case after considerable time and resources have been expended by the defense, the Court must decide whether the action should be dismissed with prejudice. The reason being that once the plaintiff has chosen a time and place to litigate and the defense has invested time and resources, it is unfair for a plaintiff to change her mind with leave to fight another day. In this case, defendants have expended considerable time and effort (not to mention the considerable time and effort expended by this Court). Therefore, the equities require dismissal with prejudice. Because dismissal will be with prejudice, the Court will give plaintiff one last opportunity to think of the consequences of such dismissal. Plaintiff will be given until **JANUARY 31, 2008, AT NOON** to file an amended complaint adding all indispensable parties to this action, namely her husband Robert Jacobsen. If plaintiff fails to file an amended complaint, this action will be dismissed

with prejudice. Any such dismissal would be without prejudice to defendants' request for fees and expenses. Alternatively, if plaintiff will reimburse defendants for their reasonable expenses in the case, the Court will consider dismissing this action without prejudice. If so, any such commitment must be firm, unequivocal, and received by **JANUARY 31, 2008 AT NOON**.

**IT IS SO ORDERED.**

Dated: January 24, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE