

1   ALISE MALIKYAR
    ROBERT JACOBSEN
2   P.O. Box 1386
    Lafayette, CA 94549
3   Voice(925) 890-8619
    Fax  (407) 209-2126
4   rejacobsen@aol.com
    In Pro Per
5

6

7

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10
    ALISE MALIKYAR, ROBERT JACOBSEN        Case No. C 07-03533 WHA
11        Plaintiff
                                           SECOND AMENDED COMPLAINT FOR:
12                                         DAMAGES,
    Vs.                                    DECLARATORY RELIEF,
                                           INJUNCTIVE RELIEF,
13                                         18 USC §§ 2511 – ILLEGAL WIRETAPPING,
    JOHN SRAMEK, BERNADETTE SRAMEK,        CONSPIRACY TO COMMIT ILLEGAL
14  HAROLD M. JAFFE, JOHN S. SRAMEK JR.    WIRETAPPING,
    AND BERNADETTE D. SRAMEK               THEFT, CONSPIRACY TO COMMIT THEFT
15  REVOCABLE LIVING TRUST And DOES 1-     INVASION OF PRIVACY
    100
16                                         DEMAND FOR JURY TRIAL

17

18

19
    ALISE MALIKYAR ("MALIKYAR") and ROBERT JACOBSEN ("JACOBSEN") allege as follows:
20
    JURISDICTION, VENUE, AND PARTIES
21
    1.    The unlawful actions of the defendants were committed in the State of California and in the
22
    judicial district of this Court.
23
    2.    Plaintiffs are California residents.
24
    3.    Plaintiffs are informed and believe that JOHN SRAMEK ("JS") is a California resident.
25
    4.    Plaintiffs are informed and believe that BERNADETTE SRAMEK ("BS") is a resident of
26

                             SECOND AMENDED COMPLAINT

1   California.

2   5.   Plaintiffs are informed and believe that JOHN S. SRAMEK JR. AND BERNADETTE D.

3   SRAMEK REVOCABLE LIVING TRUST ("TRUST") is a California resident.

4   6.   Plaintiffs are informed and believe that HAROLD JAFFE ("HJ") is a California resident.

5                                        FACTS

6   7.   Plaintiffs are defendants in a lawsuit ("SUIT") in state court that has been brought by JS, BS,

7   TRUST & HJ against Plaintiffs. JS, BS & TRUST is represented by HJ. Said suit is stayed due to

8   JACOBSEN being in chapter 13 bankruptcy.

9   8.   JACOBSEN was overseeing the sale of real property ("PROPERTY") owned by MALIKYAR.

10   Sale of the PROPERTY was being conducted in order to pay legal expenses associated with the SUIT.

11   9.   Escrow ("ESCROW") of the PROPERTY was being handled by North American Title

12   Insurance Company ("NATIC").

13   10.   The ESCROW of the PROPERTY was to conclude on Monday, April 30, 2007, going on

14   record the next day, Tuesday May 1, 2007.

15   11.   On Friday, April 27, 2007, one business day before the close of escrow on the PROPERTY, JS

16   & BS filed a suit ("NEWSUIT") against Plaintiffs and COAST CAPITAL LTD ("CCL"). In said suit JS

17   & BS alleged the same facts in the NEWSUIT as they did in the SUIT.

18   12.   On Friday, April 27, 2007, HJ, caused to be faxed ("FAX") to NATIC a Notice of Pending

19   Action ("NPA"), Exhibit 1. Said NPA had the effect of stopping the ESCROW. A copy of said FAX was

20   provided to Plaintiff.

21   13.   On the cover page of the NPA is stated the Order number for the ESCROW. Said number is

22   not public information nor available on any website.

23   14.   Subsequent to receiving the FAX, JACOBSEN contacted the parties who had access to the

24   Order Number of the ESCROW. JACOBSEN questioned them in an attempt to determine who had

25   disclosed the Order Number of the Escrow.

26   15.   The first person questioned by JACOBSEN was Angel Avery ("AVERY"), the escrow officer

**SECOND AMENDED COMPLAINT**

1   handling the ESCROW.  AVERY informed JACOBSEN that neither AVERY nor NATIC had provided

2   the ESCROW information to parties not involved in the ESCROW.  She further confided that business

3   had been very slow and she recalls every call on this escrow, and nobody had called, or walked in to their

4   office, asking for an escrow number.  She also stated that it is contrary to company policy as well as their

5   fiduciary duty to disclose anything about an escrow to someone outside of the transaction, including that

6   there even is an escrow much less give them the escrow number.

7       16.    JACOBSEN then questioned Stacy Adams ("ADAMS"), the listing agent for the PROPERTY,

8   to see if he had provided any information to parties not involved in the ESCROW.  ADAMS confirmed to

9   JACOBSEN that he did not provide any ESCROW information to parties not involved in the ESCROW,

10  Exhibit 2.  He is a one person office.  He stated he had had no calls at all once the house went into

11  escrow.

12      17.    JACOBSEN then questioned Paul Chastain ("CHASTAIN") to see if he had provided any

13  information to parties not involved in the ECROW.  CHASTAIN is the real estate agent handling the sale

14  of the PROPERTY.  CHASTAIN confirmed to JACOBSEN that he did not provide ESCROW

15  information to parties not involved in the ESCROW, Exhibit 3.  He also confided that all calls regarding

16  this transaction would have been referred to him, and only him, and he stated that he didn't get anybody

17  asking about the escrow number or any other confidential details about this sale transaction.  The escrow

18  number is tightly held confidential information.  Releasing it to someone outside of the principals is

19  contrary to Coldwell Banker policy as it is a violation of fiduciary responsibility.

20      18.    After speaking to all the parties involved in the transaction, JACOBSEN came to the

21  conclusion that HJ must have gained access to this confidential information via illegal means.

22      19.    For several months the phones in the Tice Valley house seemed to have unusual static on it but

23  MALIKYAR and  JACOBSEN never thought much about it.  In light of the fact that HJ somehow

24  attained confidential information not available from any public source, and the brokers and title company

25  state emphatically that it could not have come from them, JACOBSEN decided to call the phone company

26  to have the phone lines checked for the static.

**SECOND AMENDED COMPLAINT**

20. On May 5, 2007, JACOBSEN contacted his phone service provider AT&T, to see if they could determine what the static was from. AT&T dispatched a Mr. Spencer ("SPENCER") to check the phone lines of JACOBSEN & MALIKYAR. SPENCER discovered a recording device attached to the phone lines, page 3 of Exhibit 4.

21. On May 5, 2007, JACOBSEN contacted the Contra Costa County Sheriff's Department to report the recording device attached to JACOBSEN's phone lines. Deputy Burke was dispatched to take a report and collect the evidence. The police report is attached as Exhibit 4.

22. Officer Burke contacted HJ regarding the ESCROW number. Officer burke stated in his report that HJ was evasive in answering questions regarding the ESCROW number, page 2 of Exhibit 4.

## FIRST CAUSE OF ACTION

(Violation of 18 U.S.C. § 2511 – ILLEGAL WIRETAPPING)

BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

23. Plaintiffs refer to the allegations of the preceding paragraphs of this complaint, and incorporate the same herein by this reference as though set forth in full.

24. On a date unknown to Plaintiffs, Defendants engaged in the illegal wiretapping of Plaintiffs' phone lines.

25. Proof of this illegal act was provided by HJ in the FAX sent to NATIC wherein HJ had the ESCROW number that was not publicly available.

26. Defendants did not receive the ESCROW number from NATIC or any of its' employees.

27. Defendants did not receive the ESCROW number from ADAMS.

28. Defendants did not receive the ESCROW number from CHASTAIN.

## SECOND CAUSE OF ACTION

(Violation of 18 U.S.C. § 2511 – CONSPIRACY TO COMMIT ILLEGAL WIRETAPPING)

BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

29. Plaintiffs refer to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

## SECOND AMENDED COMPLAINT

1    30.    Proof of this illegal act was provided by HJ in the FAX sent to NATIC wherein HJ had the

2    ESCROW number that was not publicly available. All defendants conspired to commit illegal

3    wiretapping in violation of 18 U.S.C. § 2511.

4    31.    Defendants did not receive the ESCROW number from NATIC or any of its' employees.

5    32.    Defendants did not receive the ESCROW number from ADAMS.

6    33.    Defendants did not receive the ESCROW number from CHASTAIN.

7                              THIRD CAUSE OF ACTION

8                                  (Invasion of Privacy)

9                 BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

10   34.    Plaintiffs refer to the allegations of the preceding paragraphs of this complaint, and incorporates

11   the same herein by this reference as though set forth in full.

12   35.    All defendants conspired to invade the privacy of MALIKYAR when they committed illegal

13   wiretapping in violation of 18 U.S.C. § 2511.

14   36.    Defendants did not receive the ESCROW number from NATIC or any of its' employees.

15   37.    Defendants did not receive the ESCROW number from ADAMS.

16   38.    Defendants did not receive the ESCROW number from CHASTAIN.

17

18   WHEREFORE, plaintiffs pray judgment against the defendants and each of them as follows:

19   1.    For actual monetary damages according to proof, or in the alternative, damages in the amount

20   of $25,000,000;

21   2.    For aggravated damages under 18 U.S.C. § 2511, in the amount of $25,000,000;

22   3.    For a preliminary and permanent injunction preventing the defendants and all persons acting in

23   concert with them from the violation of 18 U.S.C. § 2511;

24   4.    For an award of reasonable attorneys' fees and costs according to proof;

25   5.    For costs of suit; and

26   6.    For such other and further relief as this Court deems just and proper.

                              **SECOND AMENDED COMPLAINT**

1    DATED:

2

3    ROBERT JACOBSEN

4

5    DATED:

6

7    ALISE MALIKYAR

8

9                          **DEMAND FOR JURY TRIAL**

10   Plaintiffs hereby demand a jury trial in the above-entitled matter.

11   DATED:

12

13   ALISE MALIKYAR

14

15

16   DATED:

17

18   ROBERT JACOBSEN

19

20

21

22

23

24

25

26

                          **SECOND AMENDED COMPLAINT**

EXHIBITS LIST

1.    NOTICE OF PENDING ACTION

2.    LETTER FROM STACY ADAMS

3.    LETTER FROM PAUL CHASTAIN

4.    CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT POLICE REPORT

**LIST OF EXHIBITS**

**EXHIBIT 1**

# HAROLD M. JAFFE

**Attorney at Law**

3521 Grand Avenue

Oakland, California 94610

Telephone: (510) 452-2610 " Facsimile: (510) 452-9125

e-mail: jaffe510@aol.com

| | |
|---|---|
| TO: | Angel Avery, Escrow Officer |
| FIRM: | NORTH AMERICAN TITLE INSURANCE CO. |
| FAX NO: | (925) 930-0810 |
| TEL NO: | (925) 930-8800 |
| | |
| FROM: | Gail Smith, Paralegal |
| DATE: | April 27, 2007 |
| RE: | Sramek v. Jacobsen |
| | Order No. 701006 |
| | Property: 2324 Tice Valley Blvd., Walnut Creek, CA |
| | |
| ENCLS: | See attached. |
| | |
| MESSAGE: | Notice of Pending Action. |

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE ORIGINAL MESSAGE.  THANK YOU.

ORIGINAL BY MAIL    Yes   XX No

NO. OF PAGES ___ INCLUDING THIS COVER SHEET

IF THIS TRANSMISSION WAS INCOMPLETE OR UNREADABLE

PLEASE CALL BEVERLY AT (510) 452-2610

# EXHIBIT 2

APR. 27. 2007 12:00PM    LAW OFFICES                                    NO. 363    P. 2

1   **RECORDING REQUESTED BY:**
    HAROLD M. JAFFE, ESQ.
2   **WHEN RECORDED MAIL TO:**

3   HAROLD M. JAFFE, ESQ.
    3521 Grand Avenue
4   Oakland, CA 94610

5

6

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2007-0124537-00
Check Number
Friday, APR 27, 2007 08:20:18
MIC    $1.00 MOD    $5.00 REC    $10.00
FTC    $5.00
Ttl Pd    $22.00    Nbr-0003590424
                    1rc/R9/1-5

7

8   **HAROLD M. JAFFE, ESQ.**
    CASB #57397
9   3521 Grand Avenue
    Oakland, CA 94610
10  Tel: (510) 452-2610
    Fax: (510) 452-9125

11  Attorney for Plaintiffs JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees
    of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust

12

13                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14                          **COUNTY OF CONTRA COSTA**
                              **UNLIMITED JURISDICTION**
15

16  JOHN SRAMEK and BERNADETTE      CASE NO. C 07   00844
    SRAMEK, individually and as Trustees of the
17  John S. Sramek, Jr. and Bernadette D.    **NOTICE OF PENDING ACTION**
    Sramek Revocable Living Trust,           **[CCP §405.2]**

18          Plaintiffs,

19  vs.

20  ROBERT E. JACOBSEN, ALISE MALIKYAR,
    COAST CAPITAL, LTD., a business form
21  unknown, and DOES 1 to 20, inclusive,

22
            Defendants.
23

24      **PLEASE TAKE NOTICE** that the above-entitled action concerning and affecting real

25  property as described herein, was commenced on April 17, 2007, in the above-mentioned Court

26  by plaintiffs JOHN SRAMEK ("JOHN") and BERNADETTE SRAMEK ("BERNADETTE"),

27  individually, and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable

28  Living Trust (hereinafter collectively referred to as "the SRAMEKS" or "plaintiffs"), and against

                                            1
                                    NOTICE OF PENDING ACTION

1   ROBERT JACOBSEN ("JACOBSEN"), ALISE MALIKYAR ("MALIKYAR"), husband and wife, and

2   COAST CAPITAL, LTD. ('COAST CAPITAL").

3        The action is now pending in the above-named Court.

4        The action concerns real property situated in Walnut Creek, Contra Costa, California,

5   commonly known as 2324 Tice Valley Boulevard, Walnut Creek, California, and is more particularly

6   described in Exhibit A attached hereto (the "Property").

7        The object of plaintiffs' action is to impose an equitable lien on the Property.

8

9

10  DATED: April 26, 2007

11                                    HAROLD M. JAFFE, ESQ., Attorney for Plaintiffs
                                       JOHN SRAMEK and BERNADETTE SRAMEK,
                                       individually and as Trustees of the John S. Sramek,
12                                     Jr. and Bernadette D. Sramek Revocable Living Trust

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APR. 27. 2007  12:00PM    LAW OFFICES                    NO. 363    P. 4

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of ___CALIFORNIA___

County of ___ALAMEDA___

On ___4/26/07___ before me, ___BEVERLY A. BAKER NOTARY PUBLIC___
                                     NAME, TITLE OF OFFICER - E.G. "JANE DOE, NOTARY PUBLIC"

personally appeared ___HAROLD M. JAFFE___
                                     NAME(S) OF SIGNER(S)

☑ personally known to me - OR - ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

[Notary Seal: BEVERLY A. BAKER / COMM. # 1462435 / NOTARY PUBLIC-CALIFORNIA / ALAMEDA COUNTY / COMM. EXP. DEC. 16, 2007]

WITNESS my hand and official seal.

___Beverly A. Baker___
SIGNATURE OF NOTARY

━━━━━━━━━━ OPTIONAL ━━━━━━━━━━

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

### CAPACITY CLAIMED BY SIGNER

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
            TITLE(S)

☐ PARTNER(S)   ☐ LIMITED
                      ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)
_____
_____

### DESCRIPTION OF ATTACHED DOCUMENT

___NOTICE OF PENDING ACTION___
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

___4/26/07___
DATE OF DOCUMENT

_____
SIGNER(S) OTHER THAN NAMED ABOVE

257656

**Legal Description:**

PARCEL ONE: PORTION OF THE RANCHO SAN RAMON, DESCRIBED AS
FOLLOWS: BEGINNING ON THE WEST LINE OF LOT 4 AS SHOWN ON
THE MAP OF WALNUT CREEK PARK, FILED FEBRUARY 7, 1911, IN BOOK
1 OF MAPS, PAGE 84, IN THE OFFICE OF THE COUNTY RECORDER OF
CONTRA COSTA COUNTY, AT THE NORTH LINE OF THE PARCEL OF
LAND DESCRIBED AS PARCEL ONE IN THE DEED FROM H.W.
HABERLAND, ET UX, TO VICTOR MASSOLA, ET UX, RECORDED MARCH
19, 1955 (FILE NO. 30583); THENCE ALONG THE WEST LINE OF SAID LOT
4 AS FOLLOWS: NORTH 21 DEGREES 56 MINUTES EAST, 119.44 FEET;
NORTH 23 DEGREES 08 MINUTES EAST, 84.3 FEET AND NORTH 60
DEGREES 11 MINUTES EAST, 16.53 FEET TO THE NORTH LINE OF THE 2
ACRE PARCEL OF LAND DESCRIBED IN THE DEED FROM KATE HENRY
TO H.W. HABERLAND, ET UX, RECORDED AUGUST 29, 1918, IN BOOK 319
OF DEEDS, PAGE 467; THENCE ALONG SAID NORTH LINE SOUTH 83
DEGREES 53 MINUTES 07 SECONDS WEST, 210.87 FEET AND SOUTH 84
DEGREES 08 MINUTES 25 SECONDS WEST, 41.35 FEET; THENCE SOUTH 5
DEGREES 51 MINUTES 55 SECONDS EAST, 126.62 FEET; THENCE SOUTH 7
DEGREES 03 MINUTES 05 SECONDS WEST, 52.9 FEET TO THE NORTH
LINE OF SAID MASSOLA PARCEL (FILE NO. 30583); THENCE NORTH 86
DEGREES 23 MINUTES 05 SECONDS EAST, ALONG SAID NORTH LINE,
175.11 FEET TO THE POINT OF BEGINNING. PARCEL TWO: RIGHT OF
WAY GRANTED IN THE DEED TO WALTER CLARENCE HABERLAND, ET
UX, RECORDED JUNE 6, 1955, BOOK 2547, OFFICIAL RECORDS, PAGE 366,
AS FOLLOWS: 'A RIGHT OF WAY (NOT TO BE EXCLUSIVE) AS AN
APPURTENANCE TO PARCEL ONE ABOVE FOR USE AS A ROADWAY FOR
VEHICLES OF ALL KINDS, PEDESTRIANS AND ANIMALS FOR WATER,
GAS, OIL, AND SEWER PIPE LINES, AND FOR TELEPHONE, TELEVISION
SERVICE, ELECTRIC LIGHT AND POWER LINES, TOGETHER WITH THE
NECESSARY POLES OR CONDUITS TO CARRY SAID LINES OVER A STRIP
OF LAND 6 FEET IN WIDTH, THE EAST LINE OF WHICH IS DESCRIBED AS
FOLLOWS: COMMENCING AT THE NORTHWEST CORNER OF SAID LOT
6 IN THE CENTER LINE OF THE CREEK TRAVERSING THE WESTERLY
LINE OF SAID SUBDIVISION AND BEING A CORNER COMMON TO LOTS 4
AND 6 OF SAID SUBDIVISION; THENCE FROM SAID POINT OF
COMMENCEMENT ALONG THE CENTER LINE OF SAID CREEK AND
ALONG THE WESTERLY LINE OF SAID LOT 4, NORTH 21 DEGREES 56
MINUTES EAST, 10.66 FEET; THENCE SOUTH 86 DEGREES 23 MINUTES 05
SECONDS WEST 175.11 FEET TO THE ACTUAL POINT OF BEGINNING OF
THE HEREIN DESCRIBED EAST LINE; THENCE FROM SAID POINT OF

EXHIBIT A

257656

BEGINNING, NORTH 7 DEGREES 03 MINUTES 05 SECONDS EAST, 52.9
FEET.' PARCEL THREE: RIGHT OF WAY GRANTED IN THE DEED TO
WALTER CLARENCE HABERLAND, ET UX, RECORDED JUNE 6, 1955,
BOOK 2547, OFFICIAL RECORDS, PAGE 366, AS FOLLOWS: 'A RIGHT OF
WAY (NOT TO BE EXCLUSIVE) AS AN APPURTENANCE TO PARCEL ONE
ABOVE, FOR USE AS A ROADWAY FOR VEHICLES OF ALL KINDS,
PEDESTRIANS AND ANIMALS, FOR WATER, GAS, OIL AND SEWER PIPE
LINES, AND FOR TELEPHONE, TELEVISION SERVICE, ELECTRIC LIGHT
AND POWER LINES, TOGETHER WITH THE NECESSARY POLES AND
CONDUITS TO CARRY SAID LINE OVER A STRIP OF LAND 12 FEET IN
WIDTH, THE CENTER LINE OF WHICH IS DESCRIBED AS FOLLOWS:
COMMENCING AT THE NORTHWEST CORNER OF SAID LOT 6 IN THE
CENTER LINE OF THE CREEK TRAVERSING THE WESTERLY LINE OF
SAID SUBDIVISION AND BEING A CORNER COMMON TO LOTS 4 ND 6 OF
SAID SUBDIVISION; THENCE FROM SAID POINT OF COMMENCEMENT
ALONG THE CENTER LINE OF SAID CREEK AND ALONG THE
WESTERLY LINE OF SAID LOT 4, NORTH 21 DEGREES 56 MINUTES EAST,
10.66 FEET; THENCE SOUTH 86 DEGREES 23 MINUTES 05 SECONDS WEST,
175.11 FEET TO THE ACTUAL POINT OF BEGINNING OF THE HEREIN
DESCRIBED LINE; THENCE FROM SAID POINT OF BEGINNING, SOUTH 7
DEGREES 03 MINUTES 05 SECONDS WEST, 90.69 FEET AND SOUTH 11
DEGREES 00 MINUTES 10 SECONDS EAST, 119.12 FEET TO THE SOUTH
LINE OF THE PARCEL OF LAND DESCRIBED IN THE DEED FROM
WILLIAM E. HAMPTON, ET UX, TO H.W. HABERLAND, ET UX,
RECORDED MAY 31, 1945, IN BOOK 600 OF OFFICIAL RECORDS, PAGE
306.' PARCEL FOUR: 'THE RIGHT TO USE ANY BRIDGE OR BRIDGES NOW
OR HEREAFTER LOCATED ON SAID PROPERTY, SAID RIGHT OF WAY
TO BE USED IN CONJUNCTION WITH THE PARTIES OF THE SECOND
PART, THEIR HEIRS OF ASSIGNS', AS RESERVED UNTO H.W.
HABERLAND, ET UX, IN THE DEED FROM SAID H.W. HABERLAND, ET UX,
TO EDMUND G. HAMPTON, ET UX, DATED OCTOBER 19, 1938,
RECORDED NOVEMBER 3, 1937, IN BOOK 486, OF OFFICIAL RECORDS,
PAGE 340. PARCEL FIVE: RIGHT OF WAY GRANTED IN THE DEED TO
WALTER CLARENCE HABERLAND, ET AL, RECORDED NOVEMBER 3,
1955, BOOK 2642, OFFICIAL RECORDS, PAGE 420, AS FOLLOWS: 'A RIGHT
OF WAY (NOT TO BE EXCLUSIVE) AS AN APPURTENANCE TO PARCEL
ONE ABOVE, FOR USE AS A ROADWAY FOR VEHICLES OF ALL KINDS,
PEDESTRIANS AND ANIMALS, AND AS A RIGHT OF WAY FOR WATER,
GAS, OIL AND SEWER PIPE LINES AND FOR TELEPHONE, ELECTRIC
LIGHT AND POWER LINES TOGETHER WIT THE NECESSARY POLES OR
UNDERGROUND CONDUITS TO CARRY SAID LINES OVER AND UNDER A
STRIP OF LAND 12 FEET WIDE, THE CENTER LINE OF WHICH IS
DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHERN TERMINUS
OF THE CENTER LINE OF PARCEL THREE ABOVE; THENCE SOUTH 16
DEGREES 46 MINUTES 24 SECONDS EAST, 55.86 FEET, SOUTH 16
DEGREES 47 MINUTES 26 SECONDS EAST, 58.29 FEET, SOUTH 26
DEGREES 18 MINUTES 21 SECONDS EAST, 93.22 FEET, SOUTH 19
DEGREES 38 MINUTES 21 SECONDS EAST, 53.10 FEET, SOUTH 4 DEGREES
31 MINUTES 10 SECONDS WEST, 143.64 FEET AND SOUTH 27 DEGREES 20
MINUTES EAST, 75.17 FEET TO THE CENTER LINE OF RIDGE ROAD,
ALSO KNOWN AS TICE VALLEY BOULEVARD. THE EASTERN AND
WESTERN LINES THEREOF TO BE LENGTHENED OR SHORTENED TO
EXTEND FROM THE EXTERIOR LINES OF SAID PARCEL THREE TO THE
CENTER LINE OF RIDGE ROAD.'

APR. 27. 2007 12:00PM    LAW OFFICES                          NO. 363    P. 7

1                            **PROOF OF SERVICE**

2         I am a citizen of the United States, employed in the County of Alameda. I am over the
3    age of eighteen years and not a party to the within entitled action. My business address is 3521
     Grand Avenue, Oakland, CA 94610.

4         On the date herein below stated, I served the within document(s):

5    ~NOTICE OF PENDING ACTION

6
          by facsimile transmission on said date. This document was transmitted by using a
7    facsimile machine that complies with California Rules of Court Rule 2003(3), facsimile number
     (510) 462-9125. The transmission was reported as complete and without error. A copy of the
8    transmission report, properly issued by the transmitting machine, is in sender's file. The names
9    and facsimile numbers of the person(s) served are as set forth below.

          XX  by placing a true copy of the document(s) listed above for collection and mailing
10   following the firm's ordinary business practice in a sealed envelope with postage prepaid for
     deposit in the United States mail at Oakland, California, pursuant to CCP §§1013a(3),
11   addressed as set forth below. **Certified Mail Return Receipt Requested**

12        ___ by depositing in a box or similar facility maintained by: ___ United Parcel Service; ☐
     Federal Express; ☐ DHL Worldwide Express; an express mail service carrier, in an envelope
13   designated by said express service carrier, with delivery fees paid or provided for, pursuant to
     CCP §1013(c), addressed as set forth below.

14        ___ by personally delivering a copy of the document(s) listed above to the person(s) at
     the address(es) set forth below.
15

16   ROBERT JACOBSEN                    ROBERT JACOBSEN
     2324 Tice Valley Blvd.            2304 Sky Harbor Drive
     Walnut Creek, CA 94595            Plano, TX 75023
17
     ALISE MAILKYAR                    ALISE MALIKYAR
18   2324 Tice Valley Blvd.            1523 Streams Way
     Walnut Creek, CA 94595           Allen, TX 75002-0911
19

20

21        I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct, and that this Declaration was executed on April 27, 2007, at
22   Oakland, California.

23                                          _Beverly Baker_
                                            BEVERLY BAKER
24

25

26

27

28

APR. 27. 2007 12:00PM    LAW OFFICES                    NO. 363    P. 4

CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of __CALIFORNIA__

County of __ALAMEDA__

On __4/26/07__ _____ before me, __BEVERLY A. BAKER Notary Public__

personally appeared __HAROLD M. JAFFE__

☐ personally known to me - OR - ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

__Beverly A. Baker__

[Notary seal: BEVERLY A. BAKER]

─────────────── OPTIONAL ───────────────

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**CAPACITY CLAIMED BY SIGNER**

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
TITLE(S)

☐ PARTNER(S)    ☐ LIMITED
                ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

SIGNER IS REPRESENTING:
Name of Person(s) or Entity(ies)

**DESCRIPTION OF ATTACHED DOCUMENT**

__NOTICE A PENDING ACTION__
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

__4/26/07__
DATE OF DOCUMENT

_____
SIGNER(S) OTHER THAN NAMED ABOVE

APR. 27. 2007  12:00PM    LAW OFFICES                                    NO. 363    P. 7

**PROOF OF SERVICE**

I am a citizen of the United States, employed in the County of Alameda. I am over the age of eighteen years and not a party to the within entitled action. My business address is 3621 Grand Avenue, Oakland, CA 94610.

On the date herein below stated, I served the within document(s):

**--NOTICE OF PENDING ACTION**

____ by facsimile transmission on said date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2008(3), facsimile number (510) 452-8125. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is in sender's file. The names and facsimile numbers of the person(s) served are as set forth below.

**XX** by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage prepaid for deposit in the United States mail at Oakland, California, pursuant to CCP §§1013a(3), addressed as set forth below. **Certified Mail Return Receipt Requested**

____ by depositing in a box or similar facility maintained by: ___ United Parcel Service; □ Federal Express; □ DHL Worldwide Express; an express mail service carrier, in an envelope designated by said express service carrier, with delivery fees paid or provided for, pursuant to CCP §1013(c), addressed as set forth below.

____ by personally delivering a copy of the document(s) listed above to the person(x) at the address(es) set forth below.

ROBERT JACOBSEN                              ROBERT JACOBSEN
2204 Tice Valley Blvd.                       2204 Sky Harbor Drive
Walnut Creek, CA 94595                       Plano, TX 75023

ALISE MAILKYAR                               ALISE MAILKYAR
2204 Tice Valley Blvd.                       1835 Stevens Way
Walnut Creek, CA 94595                       Allen, TX 75002-0911

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on April 27, 2007, at Oakland, California.

_____
BEVERLY BAKER

**EXHIBIT 2**

Realty Services Network
1327 N Main St. — Ste 111
Walnut Creek, CA  94596


Alise Malikyar
2324 Tice Valley Blvd.
Walnut Creek, CA  94595

May 5th, 2007

Alise,

This letter is to confirm our conversation of earlier today.  Regarding the sale of your property located at 2324 Tice Valley Blvd., I have never released the name of the escrow company or the escrow number to anyone not involved in your sale.  The only persons I have discussed this information with are the employees at the escrow company, yourself and your husband on the telephone.

I have been a Real Estate broker since 1986.  My understanding is that there are no third party sources for obtaining the name of an escrow company or an escrow number.

Please do not hesitate to call me if you have any additional questions.

Stacy Adams

925-930-9900 office

**EXHIBIT 3**

Subj:   **Confidentiality**
Date:   5/7/2007 2:50:45 PM Pacific Daylight Time
From:   paul@paulchastain.com
To:     rejacobsen@aol.com



*Paul Chastain*

*Making Clients For Life*

Bob,
In response to your question, I have a strict policy of confidentiality regarding any information on any of my escrows including the escrow number. Other than people involved in the escrow such as a lone broker or escrow coordinator who must have escrow information to process the transaction, I would never share escrow information with anyone. Whats more, I have never been asked for escrow information from anyone outside the appropriate parties in my carreer, as far as I can remember.
Paul Chastain

*Paul Chastain*

**Search for homes at:**

www.paulchastain.com

**Coldwell Banker**

**Mobile: 925-788-7545**

Get your free AddBranding Email trial now!  Click Here

**EXHIBIT 4**



**THE COUNTY OF**
## CONTRA COSTA

*T. Burke*

**VALLEY STATION**

*150 Alamo Plaza #C*
*Alamo, CA 94507-1550*     07-11799
*Emergency #911*
*Non-Emergency 646-2441*          **WARREN E. RUPF**
*Valley Station Business 837-2902*          *Sheriff*

☒ Face Page
☐ Continuation
☐ Supplemental

**CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT CA0070000**
P.O. Box 391, Martinez, California 94553-0039

Seat 12

☐ D.V.  ☐ HRO  ☐ Arrest  ☐ SI

| 1. DR No. | 2. City Code | 3. Crime/Classification | 4. Detail | 1. 691PC | 5. More Persons |
|---|---|---|---|---|---|
| 07-11799 | VAL20 | Other Felony (1700) | | 2. 632PC | ☐ |

| 6. Day / Date / Time of Occurrence | 7. Date / Time Reported | 8. Employee No. | 9. Reclassification |
|---|---|---|---|
| MON. 5-7-07, 1230 HRS. | 5-7-07 / 1255 HRS. | 40140 | ☐ |

**10. Address / Location of Occurrence**
SIDE OF 2324 TICE VALLET BLVD. WALNUT CREEK CA.

| 11. | ☒ PRI | ☒ VIC | ☐ WIT | ☐ MSP | ☐ RUN | ☐ SUS | ☒ LEAD | ☐ OTHER |
|---|---|---|---|---|---|---|---|---|

| 12. Name (L. F. M) | 13. Race / Sex / Age | 14. DOB | 15. Driver License No. |
|---|---|---|---|
| JACOBSEN, ROBERT E. | W / M / 59 | 4-17-48 | Z1907461 |

**16. Address (Zip Code)** 2324 TICE VALLEY BLVD. WALNUT CREEK CA. 94595    **17. Home Phone** 210-1167

**18. Employed By or School** SELF    **19. Work Phone** CELL-890-8619

| 20. Hair | 21. Eyes | 22. Ht. | 23. Wt. | 24. AKA / Maiden Name | 25. Social Security No. |
|---|---|---|---|---|---|

| 26. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.) | 27. Booking or Cite No. |
|---|---|

| 28. | ☐ PRI | ☐ VIC | ☐ WIT | ☐ MSP | ☐ RUN | ☐ SUS | ☒ LEAD | ☐ OTHER |
|---|---|---|---|---|---|---|---|---|

| 29. Name (L. F. M) | 29. Race / Sex / Age | 30. DOB | 31. Driver License No. |
|---|---|---|---|
| SPENCER, JAMES O | U / F / 33 | | |

**32. Address (Zip Code)** 2745 CLOVERDALE AVE CONCORD CA. 94518    **33. Home Phone**

**34. Employed By or School**    **35. Work Phone**

| 36. Hair | 37. Eyes | 38. Ht. | 39. Wt. | 40. AKA / Maiden Name | 41. Social Security No. |
|---|---|---|---|---|---|

| 42. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.) | 43. Booking or Cite No. |
|---|---|

| 44. | ☐ PRI | ☐ VIC | ☐ WIT | ☐ MSP | ☐ RUN | ☒ SUS | ☐ LEAD | ☐ OTHER |
|---|---|---|---|---|---|---|---|---|

| 45. Name (L. F. M) | 46. Race / Sex / Age | 47. DOB | 48. Driver License No. |
|---|---|---|---|
| JAFFE, HAROLD M. | W / M / 59 | | |

**49. Address (Zip Code)** 3521 GRAND AVE OAKLAND CA. 94610    **50. Home Phone**

**51. Employed By or School**    **52. Work Phone**

| 53. Hair | 54. Eyes | 55. Ht. | 56. Wt. | 57. AKA / Maiden Name | 58. Social Security No. |
|---|---|---|---|---|---|
| BLK | BLU | 6-0 | 155 | | |

| 59. Further Description (Scars, Tattoos, Mannerisms, Clothing, Etc.) | 60. Booking or Cite No. |
|---|---|

| 62. Veh / Ves ☐ S ☐ Vict | 63. Lic No. (State) | 64. Year | 65. Make | 66. Model | 67. Body Style | 68. Color Top / Bottom |
|---|---|---|---|---|---|---|
| | N.A. | | | | | |

| 69. Status ☐ Left ☐ Impound ☐ Stored | 70. Registered Owner | 71. R.O. Address | |
|---|---|---|---|
| | 72. Towed to or Released to | | 73. Who has Keys? |

| 74. Evid ● Yes ○ No | 75. F / P ○ Yes ● No | 76. Dispo of Evidence VALLEY EVIDENCE | 77. Missing NONE | 78. Damaged NONE |
|---|---|---|---|---|

**79. Brief Synopsis of Incident**

REPORT CONCERNS PRI-JACOBSEN FINDING A RECORDING DEVICE CONNECTED TO HIS ATT TELEPHONE LINE
AT HIS HOME ON THIS DATE.
THE DEVICE WAS PLACED INTO VALLEY EVIDENCE AND THREE PHOTOS TAKEN OF THE DEVICE AND
SCENE.
REQUEST THE CRIME LAB PRINT THE SUBMITTED DEVICE.

MAY 2 5

| 80. Distribution ☐ B ☐ C ☐ DA ☐ DE ☐ L ☐ O ☐ SR ☒ V ☒ Investigation ☐ Vice ☐ Narcotics ☐ Juv ☐ Coroner ☐ Property Ck. ☒ ACS ☐ Intell ☐ R.O. ☐ S-IC ☐ Patrol Captain ☐ Compl./Ofc. ☐ Marine Patrol ☐ DV Unit ☐ Other | 81. Additional Routing | | |
|---|---|---|---|
| | 82. Reporting Deputy (Print) T. BURKE | 83. Date/Time Written 5-7-07 / 1500 HRS. | 84. Dispo SUS |
| | 85. Approving Supv (Print) Sgt. Andre Charles | 86. Supv No. 42288 | 87. Date 5/9/2007 | 1 of 3 |

36112 11/94

☒ Continuation
☐ Supplemental

**CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT CA0070000**
P.O. Box 391, Martinez, CA 94553-0039

Seal 12

☐ D.V.   ☐ HRO   ☐ Arrest   ☐ Si

| 1. DR No. | 2. City Code | 3. Crime / Classification | | 4. Detail | | 5. Reclassification |
|---|---|---|---|---|---|---|
| 07-11799 | VAL20 | Other Felony (1700) | | 1. 631PC<br>2. 632PC | | ☐ |
| 5. Victim Name (L,F,B) | | | 7. Date Orig. Report | 8. Employee No. | | |
| JACOBSEN, ROBERT E. | | | 5-7-07 | 40140 | | |
| 9. Address / Location of Occurrence | | | 10. Suspect's Name (L, F,M) | | | |
| SIDE OF 2324 TICE VALLET BLVD. WALNUT CREEK CA. | | | JAFFE, HAROLD M. | | | |

11. Property Description:
Impounded, Recovered, Found, Lost, Stolen - Item Number, Article, Quantity, Brand/Make/Manufacturer's Model Number, Serial Number, Miscellaneous Description, Location Where Taken, Value. Include Total Loss - LIST IN FOLLOWING ORDER: A) Currency, Notes; B) Jewelry; C) Furs; D) Vehicles; E) Office Equipment; F) Radio, TVs etc. G) Firearms; H) Household Goods; I) Misc.

| 12. Recovered Property $ | 13. Narrative / Statements |
|---|---|

V-JACOBSEN TOLD ME HE CALLED ATT PHONE SERVICE ON THIS DATE TO REPORT STATIC AND CLICKING
ON HIS HOME PHONE LINE AT 2324 TICE VALLEY BLVD IN WALNUT CREEK, 925-210-1167.
JACOBSEN SAID L-SPENCER FOUND SPEAKER WIRE CONNECTED TO THE INSIDE OF THE ATT PHONE BOX ON
THE HOUSE THAT RAN ABOUT 60 FEET INTO THE BRUSH TO THE DRIVEWAY EDGE WHERE THE WIRE WENT
INTO A WHITE PLASTIC CASE CONTAINING A SONY TAPE RECORDER.
JACOBSEN DID NOT SEE OR HEAR ANYONE NEAR HIS HOUSE.

JACOBSEN TOLD ME HE BELIEVES S-JAFFE IS INVOLVED BECAUSE OF A REAL ESTATE CIVIL LAW SUIT
PENDING TRIAL THAT IS GOING ON BETWEEN THEM. JACOBSEN SAID HE HAD SPOKEN ON THE PHONE WITH
HIS ATTORNEY GIVING HIM AN ESCROW NUMBER WHICH WAS NAMED THE NEXT DAY BY JAFFE IN FILED
COURT PAPERS. JACOBSEN SAID THERE WAS NO WAY FOR JAFFE TO KNOW THAT NUMBER AND OTHER
PRIVATE INFORMATION LEAKED DURING THE LAST WEEK.
ON 5-8-07 JACOBSEN TOLD ME BY PHONE THE COURT HAD NOTIFIED HIS ATTORNEY THAT NO WIRE TAP
HAD BEEN AUTHORIZED BY THE COURT IN THIS COUNTY.

L-SPENCER WORKS FOR ATT.
SPENCER TOLD ME HE HAD BEEN CALLED BY JACOBSEN ON A REPORT OF CLICKING AND STATIC ON HIS
HOME PHONE AT 2324 TICE VALLEY BLVD, IN WALNUT CREEK.
ON ARRIVAL SPENCER SAW SPEAKER WIRE COMING FROM INSIDE THE ATT PHONE BOX ON THE HOUSE.
SPENCER FOLLOWED THE WIRE ALONG THE ATT LINE ABOUT TEN FEET WHERE IT DROPPED TO THE GROUND
TRAVELING ABOUT 50 FEET THROUGH THE BRUSH TO THE EDGE OF JACOBSEN'S DRIVEWAY. HERE, SPENCER
NOTICED A WHITE PLASTIC, WATER TIGHT BOX ABOUT EIGHT INCHES LONG AND FOUR INCHES WIDE.
SPENCER OPENED THE BOX AND FOUND THE WIRE CONNECTED TO A PHONE CONNECTION AND THEN TO A
SONY TAPE RECORDER.
SPENCER TOLD ME HE CONTACTED HIS SUPERVISOR ABOUT THE DEVICE ASKING HIM TO CHECK IF THE
ASSET PROTECTION DIVISION HAD A RECORD OF A COURT ORDERED WIRE TAP ON JACOBSEN'S PHONE.
ON 5-9-07 SPENCER CONTACTED ME BY PHONE TELLING ME ATT HAS NO RECORD OF AN AUTHORIZED WIRE
TAP THAT IS REQUIRED BY LAW.

I SPOKE TO S-JAFFE BY PHONE ON 5-8-07 AT ABOUT 0730 HRS..
I ASKED JAFFE IF HE KNEW ANYTHING ABOUT A RECORDING DEVICE HOOKED INTO JACOBSEN'S PHONE
LINE. JAFFE WOULD NOT ANSWER MY QUESTION, BUT REPLIED THAT HE HAS AN ON GOING CIVIL SUIT
AGAINST JACOBSEN. JAFFE WOULD NOT GIVE ME ANY OTHER INFORMATION AND WAS EVASIVE.

REQUEST THE CRIME LAB PRINT THE EVIDENCE SUBMITTED.

EVIDENCE: ONE WHITE, PLASTIC, WATER TIGHT CONTAINER WITH A SILVER COLOR, SONY TAPE RECORDER
INSIDE WITH WIRES.

MAY 2 5

| 14. Distribution | | | | | | 15 Additional Routing | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ B   ☐ C | ☐ DA | ☐ DE | ☐ L | ☐ O | ☐ SR  ☒ V | | | | |
| ☒ Investigation  ☐ Vice  ☐ Narcotics | | | | ☐ Juv | ☐ Coroner | | | | |
| ☐ Property Ck.  ☒ ACS  ☐ Intell. | | | | ☐ R.O.  ☐ SHC | | 16. Reporting Deputy (Print)<br>T. BURKE | 17. Date/Time Written<br>5-7-07 / 1500 HRS. | | 18. Dispo<br>SUS |
| ☐ Patrol Captain  ☐ Compl.Clk.  ☐ Marine Patrol | | | | ☐ DV Unit | | 19. Approving Super (Print)<br>Sgt. Andre Charles | 20. Supv No.<br>42268 | 21. Date<br>5/9/2007 | 22. Page<br>2 of 3 |

36112 11/94



MAY 2 5




MAY 2 5


MAY 2