**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
T: (510) 452-2610/F: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(San Francisco Division)**

| | |
|---|---|
| ALISE MALIKYAR and ROBERT JACOBSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100,<br><br>Defendants.<br>_____ / | CASE NO. C07-03533 WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]; OR IN THE ALTERNATIVE, A MOTION FOR SUMMARY JUDGMENT [FRCP 56]**<br><br>DATE: March 13, 2008<br>TIME: 8:00 a.m.<br>CTRM: 9 - Hon. William Alsup |

## I. INTRODUCTION

For the reasons set forth below, this motion is made on the grounds that neither named plaintiff, Alise Malikyar or her husband, Robert Jacobsen, is the "real party in interest" with respect to the claim sued upon.

As defendants have previously briefed to the Court and as the Court is aware, the claims giving rise to the instant action allegedly took place on or about April 27, 2007 (Second Amended Complaint ("SAC"), Ex. 2), approximately one month prior to Jacobsen filing Chapter 13 on May 25, 2007 (Request for Judicial Notice ["RJN", Ex. 1, Docket No. 1).

On November 8, 2007, this Court granted defendants' motion for summary judgment as to the only plaintiff at that time, Alise Malikyar, ruling in pertinent part:

> "Plaintiff's husband filed a Chapter 13 petition for bankruptcy, so this claim is community property belonging to the bankruptcy estate. Accordingly, her husband is a necessary party to this action. Although this motion is styled as a motion for summary judgment, the problem actually stems from Malikyar's lack of standing and failure to join her husband under Rule 19."

1

1  In the November 8, 2007 Order Granting Defendants' Motion for Summary Judgment, this Court also denied as moot, plaintiff's motion for leave to amend her complaint, but allowed plaintiff leave to amend to add indispensable parties, and to do so no later than January 7, 2008.

On December 5, 2007, the Bankruptcy Court in Mr. Jacobsen's bankruptcy, entered its Memorandum Opinion and Order Granting the Chapter 13 Trustee's motion to convert Mr. Jacobsen's Chapter 13 to Chapter 7, and denying the debtor's (Mr. Jacobsen) order to voluntarily dismiss Chapter 13 case (RJN, Ex. A, Docket No. 86).

On December 14, 2007, the debtor (Mr. Jacobsen), filed a motion to reconsider the Bankruptcy Court's Memorandum Opinion Granting Chapter 13 Trustee's Motion to Convert Case to Chapter 7 (RJN, Ex. A, Docket No. 92).

On January 2, 2008, plaintiff Alise Malikyar filed an ex parte application to extend time to file an amended complaint, which this Court denied on January 4, 2008.

On January 8, 2008, defendants filed an ex parte application to dismiss for failure to comply with court order of November 8, 2007, and on January 17, 2008, this Court issued an Order to Show Cause by January 21, 2008, why this action should not be dismissed due to plaintiff's failure to file an amended complaint by January 7, 2008, which was moved to January 22, 2008, because of the Martin Luther King Jr. holiday.  On January 22, 2008, plaintiff, Ms. Malikyar filed a response to the Order to Show Cause, and on January 23, 2008, defendants filed a reply to plaintiff's response.

On January 24, 2008, this Court entered a further order to show cause, giving plaintiff until January 31, 2008, at Noon, to file an amended complaint.

On January 30, 2008, the Bankruptcy Court filed an Order Denying Motion for Rehearing which was filed by Mr. Jacobsen in his bankruptcy on December 14, 2007 (RJN, Ex. A, Docket No. 101).  For convenience of the Court, a complete copy of the Bankruptcy Court's Order Denying Jacobsen's Motion for Rehearing is attached to these moving papers as RJN, Ex. B.

On January 31, 2008, plaintiffs, Alise Malikyar and Robert Jacobsen, filed a SAC ("SAC").

Defendants' review the docket in this case indicates that no First Amended Complaint has been filed.

Now that Mr. Jacobsen's bankruptcy has been converted to a Chapter 7, all claims asserted

2

by the plaintiffs herein, belong to the Trustee in Jacobsen's bankruptcy estate. The originally named plaintiff, Alise Malikyar and the new additional plaintiff, Robert Jacobsen, are not the "real parties in interest." Further, Alise Malikyar, individually, and Robert Jacobsen, individually, have no standing to file the instant action.

Therefore, defendants are filing a motion to dismiss pursuant to FRCP 12(b)(6), or in the alternative, as they did on October 4, 2007, are filing for summary judgment.

## II.  ARGUMENT

### A.  Motion to Dismiss.

In the Ninth Circuit, a motion to dismiss for failure to state a claim under Rule 12(b)(6), lies where the complaint reveals on its face that the plaintiff lacks standing. See _Sacks v. Office of Foreign Assets Control_, (9th Cir. 2006) 466 F.3d 764, 771; _Holly Sugar Corp. v. Goshen County Co. Op. Beet Growers Ass'n_, (10th Cir. 1984) 725 F.2d 564, 567-68.

### B.  Neither Malikyar or Jacobsen are The Real Parties Interest.

The "real party in interest" is the person who has the right to sue under the substantive law. _U-Haul Int'l, Inc. v. Jartran, Inc._, (9th Cir. 1996) 793 F.2d 1034, 1038; Schwarzer, et al., Civil Practice Guide, _Federal Civil Procedure Before Trial_, ¶7.3 [Rutter 2007].

As this Court has previously ruled in this case, "upon filing a petition for bankruptcy, the property of the bankruptcy estate includes 'all legal or equitable interest of the debtor in property as of the commencement of the case.'" (Order Granting Motion for Summary Judgment, Docket No. 47, 4:13-14).

Therefore, now that Jacobsen is in Chapter 7, the Chapter 7 Trustee is the real party in interest as to all causes of action asserted by Malikyar and Jacobsen in the SAC herein. _Wieburg v. GTE Southwest, Inc._, (5th Cir. 2001) 272 F.2d 302, 305-06 (woman could not pursue discrimination claim in her own name when events giving rise to claims took place before the declared bankruptcy, so the claim formed the bankruptcy estate, and bankruptcy trustee was real party in interest). _Sierra Switchboard Co. v. Westinghouse Electric Co._, 749 F.2d 705, 709 (9th Cir. 1986). Also see _City and County of San Francisco v. P.G. & E._, 433 F.3d 1115, 1126, citing _Sierra Switchboard, supra._

In connection with defendants' summary judgment motion filed on October 4, 2007,

defendants extensively briefed the legal principles concerning what assets become property of the bankrupt's estate at the time of the filing of bankruptcy. This issue was discussed in this Court's order of November 8, 2007, granting defendants' motion for summary judgment [Docket No. 47].

At no time, have either plaintiff, contended or plead that their claims against the defendants had been abandoned by Jacobsen's bankruptcy Trustee, either unilaterally or pursuant to court order. According to the Statement of Financial Affairs filed by Jacobsen in his bankruptcy, Malikyar or Jacobsen's claim herein against defendants was not listed (RJN, Ex. C). Property that is neither abandoned nor administered by the bankruptcy trustee, remains property of the bankruptcy estate (11 U.S.C. §554(d); see e.g., _Harris, supra_, 114 B.R. at p. 649; _Sierra Switchboard, supra_, 789 F.2d 705 at pp. 709-710 [abandonment requires notice to creditors; emotional distress claim could not have been abandoned because there was no notice, therefore remained property of bankruptcy estate]). See also e.g., extensive discussion in _Adams v. Monowen_, (1992) 328 Md. 463, 615 A.2d 611, 618-619.

In this Court's November 8, 2007 Order, the Court stated in pertinent part: "If the trustee's motion to convert is granted, then Malikyar may need to join the trustee. If Jacobsen's motion to dismiss is granted, then presumably Malikyar can pursue this claim on her own again. Accordingly, Malikyar will be granted leave to amend to name any indispensable parties, but she should not do this until after the bankruptcy court issues an order on these motions." (Order Granting Summary Judgment Motion, Docket No. 47, 6:11-15). As has been noted above, the Order converting Jacobsen's bankruptcy to a Chapter 7 was entered on December 5, 2007, more than two months ago.

### III. CONCLUSION

This Court has exhibited extraordinary patience and has given plaintiff(s) every opportunity to plead a totally meritless claim. Enough is enough, and defendants submit that their motion to dismiss, or in the alternative a motion for summary judgment should be granted, and this case should be dismissed forthwith WITH PREJUDICE.

///

///

///

1
2                                    Respectfully submitted,
3
4
  DATED: February 7, 2008    By:    /s/_____
5                                    HAROLD M. JAFFE, ESQ., Attorney for Defendants
                                     JOHN SRAMEK and BERNADETTE SRAMEK,
6                                    individually and as Trustees of the John S. Sramek, Jr.
                                     and Bernadette D. Sramek Revocable Living Trust
7                                    and Harold M. Jaffe, In Pro Per
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28