Alise Malikyar
In Pro Per
P.O. Box 1386
Lafayette, California 94549
Fax: (407) 209-2126



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DIVISION OF CALIFORNIA

| ALISE MALIKYAR, | Case No. 3:07-cv-03533-WHA |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM OC POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ATTENDANCE AT DEPOSITION** |
| JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette Sramek Revocable Living Trust and DOES 1 to 100, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff ALISE MALIKYAR ("Plaintiff") brings this Motion to compel defendant HAROLD M. JAFFE ("JAFFE") to attend his deposition on the grounds that JAFFE has failed to heed the Court's October 11, 2007 order to comply with discovery requests. Since Plaintiff filed this lawsuit in state court, she has repeatedly attempted to depose JAFFE, to no avail. JAFFE removed this lawsuit to federal court without notifying Plaintiff in any manner, and has since stymied all attempts to depose him.

## II. STATEMENT OF FACTS

This lawsuit arose from the discovery of what in every respect appears to be a wiretapping device on Plaintiff's residential phone line in April 2007. Plaintiff alleges that the Defendants are

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

1  responsible for the placement of that device and that the placement was illegal.

2  Plaintiff initially filed this lawsuit in Alameda County Superior Court, and promptly
3  attempted to initiate discovery by serving a Notice of Deposition on JAFFE.

4  JAFFE and the other defendants filed a responsive pleading in the state court lawsuit, and
5  simultaneously removed this lawsuit to federal court. They did not in any way notify Plaintiff of
6  the removal of the case, nor did JAFFE respond to any of Plaintiffs efforts to depose him.

7  **July 9, 2007**, a Notice of Deposition was hand delivered to JAFFE'S office. It was
8  received by Beverly Baker as can be seen by her signature that she received it. On the scheduled
9  deposition day, Ms. Malikyar showed up for the deposition, but JAFFE did not. JAFFE never
10  called with any request to postpone. Rather than contact Plaintiff to notify her that the case had
11  been removed to federal court only days before, JAFFE remained silent and did not appear for
12  his deposition

13  **July 23, 2007**, Plaintiff served a Notice of Deposition on JAFFE via fax. There was no
14  response and refusal to take calls.

15  **August 14, 2007**, A second Meet and Confer to schedule the deposition of JAFFE. Only
16  silence.

17  **August 16, 2007**, A request for an answer to the August 14 request. Only silence.

18  **September 11, 2007**, A phone call is made to JAFFE to attempt to set his deposition. He
19  refuses to talk to Ms. Malikyar.

20  **September 14, 2007**, Notice of Deposition again served on JAFFE, via fax. There was
21  no response and refusal to take calls.

22  **October 11, 2007** We attend a CMC hearing where **JAFFE twice tells the judge that he
23  has never had any discovery requests propounded on him.**
24  What follows is a record of attempts to depose JAFFE

25  **October 19, 2007**, Discovery Request again served on JAFFE.

26  **October 23, 2007**, JAFFE responds saying he doesn't want to attend the deposition
27  because Ms. Malikyar is in pro per.

28

Prior to the October 11, 2007 CMC conference, JAFFE never responded to any form of communication attempts.

At the October 11, 2007 Case Management Conference, the Court was very clear in directing the parties to cooperate in discovery. The Court stated, "If I find out somebody is stonewalling on discovery, **I'm going to throw the case out or enter a default judgment**, so there will be no stonewalling. You better cooperate on discovery, cooperate on documents, whatever you want."[1]

The following exchange then took place on the record:

```
13              I'll be your discovery referee.  If somebody is not
14    coming across with discovery and you meet and confer, you come
15    see me and I'll take care of it within 72 hours, okay?
16              MR. JACOBSEN:  That is very fair.  We have sent in
17    multiple faxes, many telephones calls; he refuses to answer.
18              THE COURT:  Mr. Jaffe, if that is true you are in
19    big trouble.  There is no discovery before me.  I'm telling you
20    now, if they have made a legitimate discovery request to you
21    and you are in default, you are going to be in trouble.
22              If I was you, I would get back there and start
23    answering the discovery.
24              MR. JAFFE:  There has been no discovery request.
(From page 14 of CMC transcript)
```

```
11              THE COURT:  If she has propounded to you legitimate
12    discovery, you have to answer it.  I don't care if she speaks
13    something else.
14              MR. JAFFE:  They have not propounded discovery, Your
    15  Honor.  (From page 14 of CMC transcript)
```

---

[1] A copy of the Reporter's Transcript of Proceedings is attached to the Declaration of Alise Malikyar ("Malikyar Declaration") as Exhibit __.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

1    On October 11, 2007, Mr. Jaffe, an officer of the court, stood before the Honorable Judge Alsup and lied twice about the discovery attempts that were made of him.

Plaintiff has repeatedly attempted to notice JAFFE's deposition since the October 11, 2007 Case Management Conference, but JAFFE has refused to make himself available.

### III. LEGAL ARGUMENT

**A.   FRCP Allows a Motion to Compel Where a Party**

If a deponent fails to answer a question propounded or submitted under FRCP 30, the requesting party can file a motion to compel.

Here, Plaintiff has produced ample evidence showing that she has repeatedly attempted to notice JAFFE's deposition and has not been able to obtain cooperation from JAFFE.

**B.   The Parties Have Been Ordered To Cooperate in Discovery**

Additionally, the Court ordered the parties to cooperate with discovery at the October 11, 2007 Case Management Conference.

Despite his representations to the Court to the effect that there had been no discovery requests, despite the evidence to the contrary that is attached to Plaintiff's Declaration, JAFFE continues to refuse to appear for or even schedule his deposition.

**C.   Plaintiff Is Entitled to Sanctions for Her Reasonable Expenses Due to JAFFE's Improper Delays plus any Punitive Amounts as the Judge see fit, if**

Pursuant to FRCP 37(a), Plaintiff is also entitled to sanctions to cover her reasonable efforts to obtain JAFFE's deposition. This includes the cost to serve the Notice of Deposition on JAFFE multiple times and the cost to file this Motion, which totals $ 3000.00.

### IV. CONCLUSION

The Court correctly identified the potential for this case to stall in the discovery phase when it ordered the parties to cooperate in discovery. The Court has already recognized the danger in this case:

> "THE COURT: I'm going to work hard to keep you on track. You got to work hard and be honest and fair and don't

stonewall.
All right, I'm getting an order out. I'm being a little tough on you here because I can see it coming, and I'm trying to head off a lot of problems."[2]

All Plaintiff requests is that the Court ensure that her right to discovery is protected and that dilatory tactics are not permitted. She further requests that Mr. Jaffe be truthful to the court.

Dated: February 14, 2008

*/s/ Alice Malikyar*

Alice Malikyar, Plaintiff in pro per

---

[2] Court's Transcript of Proceedings, Exhibit A