1  Alise Malikyar
   In Pro Per
2  P.O. Box 1386
   Lafayette, California 94549
3  Fax: (407) 209-2126

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DIVISION OF CALIFORNIA

10

11  ALISE MALIKYAR,                    Case No. 3:07-cv-03533-WHA

12         Plaintiff,
                                       **DECLARATION OF ALISE MALKIYAR**
13     vs.                             **IN SUPPORT OF MOTION TO COMPEL**
                                       **ATTENDANCE AT DEPOSITION**
14  JOHN SRAMEK, BERNADETTE
    SRAMEK, HAROLD M. JAFFE, John S.
15  Sramek, Jr. and Bernadette Sramek
    Revocable Living Trust and DOES 1 to
16  100,

17         Defendants.

18

19      I, ALISE MALIKYAR, declare as follows:

20      1.      That I am the plaintiff in the above-captioned lawsuit and if called to testify, I

21  could testify on the basis of personal knowledge as to the matters discussed herein.

22      2.      That attached hereto as **Exhibit A** are true and correct copies of the relevant

23  portions of the Reporter's Transcript of Proceedings for the October 11, 2007 Case Management

24  Conference in this action.

25      3.      That attached hereto as **Exhibit B** are true and correct copies of documents that I

26  sent or caused to be served on the defendants, including HAROLD M. JAFFE, regarding

27  discovery in general and Mr. JAFFE's deposition in particular.

28      4.      That prior to filing this Motion to Compel, I have engaged in a good faith effort to

                                          1

1   resolve the impasse relating to Mr. JAFFE's deposition.

2       I declare under penalty of perjury under the laws of the State of California and the United

3   States of America that the foregoing is true and correct to the best of my knowledge.

4       Signed this 14th day of February, 2008 at Lafayette, California.

5

6

7   ALICE MALKIYAR, Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
DECLARATION OF PLAINTIFF ALISE MALIKYAR IN SUPPORT OF MOTION TO COMPEL ATTENDANCE AT
DEPOSITION

# EXHIBIT A

071011Transcript of CMC hearing


Pages 1 - 17

United States District Court

Northern District of California

Before The Honorable William Alsup

Alise Malikyar,                )
                               )
          Plaintiff,           )
                               )
  vs.                          )      No. C07-3533 WHA
                               )
John Sramek,                   )
                               )
          Defendant.           )
_____)
                                      San Francisco, California
                                      Thursday, October 11, 2007

Reporter's Transcript Of Proceedings

Appearances:

For Plaintiff:         Law Offices of Elizabeth A. MacDonald
                       801 Fillmore Street, #22
                       San Francisco, California  94117
                   By: Elizabeth MacDonald, Esquire
                       (Specially Appearing for
                       John McSweeney, not yet admitted)

For Defendant:         Harold Mitchell Jaffe
                       3521 Grand Avenue
                       Oakland, California  94610
                   By: Harold Mitchell Jaffe, Esquire

Also Present:          Robert E. Jacobsen


Reported By:           Sahar McVickar, RPR, CSR No. 12963
                       Official Reporter, U.S. District Court
                       For the Northern District of California


                (Computerized Transcription By Eclipse)
⬜                                                                    2


1   Thursday, October 11, 2007                      11:00 a.m.

2                   P R O C E E D I N G S

3            THE CLERK: Case number is civil action C07-3533,

071011Transcript of CMC hearing
4   Elise Malikyar versus John Sramek.

5           MR. JAFFE:  It's actually pronounced Sramek.

6           MS. MCDONALD:  Good morning.

7           I'm Elizabeth McDonald, and I'm specially appearing

8   on behalf of Mr. John McSweeney, who will be the attorney of

9   record soon.

10          THE COURT:  Are you Mr. Sweeney?

11          MR. MCSWEENEY:  McSweeney, Your Honor, yes, I am.

12          THE COURT:  Why aren't you attorney of record now?

13          MR. MCSWEENEY:  I was retained just moments ago by

14  my client.  I'm not currently eligible to practice in the

15  district.

16          THE COURT:  Where are you from?

17          MR. MCSWEENEY:  I'm a California attorney, but I'm

18  not licensed to practice in the Northern District of Federal

19  Court.

20          THE COURT:  Where do you practice?

21          MR. MCSWEENEY:  In the state courts, Your Honor.  I

22  have an application pending to resolve that issue.

23          THE COURT:  You have a what?

24          MR. MCSWEENEY:  I have applied to -- for admission

25  to practice in this district.

                                                              3

1           THE COURT:  Well, but where is your office?

2           MR. MCSWEENEY:  It's 861 Sutter Street, here in

3   San Francisco.

4           THE COURT:  All right.

5           Well, there is no reason why you won't be allowed to

6   practice in Federal Court, right?

7           MR. MCSWEENEY:  There is not, but as I was not

8   currently licensed, I did not want to show up today without an

Page 2

071011Transcript of CMC hearing
9    attorney.

10             THE COURT: And you represent who?

11             MR. MCSWEENEY: Elise Malikyar.

12             MR. JAFFE: Harold Jaffe, Your Honor. I represent

13   Mr. and Mrs. Sramek and the trust. And for the present time

14   I'm representing myself in pro per. I would ask Mr. McSweeney

15   when he plans to file a notice of appearance in the case if he

16   could give us a date?

17             MS. MCDONALD: Well, that is not going to happen

18   until he gets sworn in to practice.

19             THE COURT: Go down to the Clerk's Office and take

20   care of that while you are here.

21             MS. MCDONALD: Couple of weeks, it takes.

22             THE COURT: No, if you go down there, there is a

23   little card and you sign the oath, they will do it today.

24             Go down to the 16th floor.

25             MR. MCSWEENEY: There is a certificate of good

                                                                  4

1    standing from the California State Bar that needs be received.

2    As soon as I can review that I can provide it to the Court.

3             THE COURT: Then I'm going to give -- Ms. McDonald,

4    you are in the case for now.

5             MS. MCDONALD: Just for today.

6             MR. MCSWEENEY: Specially appearing.

7             MS. MCDONALD: Specially appearing because I'm not

8    being retained by the plaintiff, Mr. McSweeney is, but I am

9    licensed to practice, admitted to practice before the Northern

10   District.

11             THE COURT: All right, look, have you seen this

12   wiretapping device?

13             MS. MCDONALD: I have not seen it, no.

                         Page 3

071011Transcript of CMC hearing
14          THE COURT: Where is it right now?

15          MR. MCSWEENEY: To the best of my knowledge, the

16  Police Department is still in possession of the device, Your

17  Honor.

18          THE COURT: Somebody ought to write them a letter

19  and say don't throw it away. That is Exhibit A in this whole

20  case.

21          I question whether I have jurisdiction here. Are

22  these people -- what is the diversity?

23          MS. MCDONALD: We did not remove it, we filed it in

24  State Court.

25          THE COURT: What is the diversity, Mr. Jaffe?
                                                              5

1           MR. JAFFE: I didn't remove it under diversity, I

2   removed it under federal question, Your Honor, the wiretapping

3   statute.

4           THE COURT: All right.

5           MR. JAFFE: Ms. Malikyar says that she is a resident

6   of Texas, but since the -- even though she is from a different

7   state, or alleges she is. So it wasn't removed under

8   diversity, Your Honor.

9           THE COURT: Here is my first order, Mr. McDonald,

10  you go to the police, you get this thing back, and you take

11  good care. Have it -- and I want it brought in here. This

12  whole story on both sides sounds so bizarre, but if there is

13  anything to it, the key to the whole case is the wiretapping

14  device.

15          For all we know, it was a prank. No one has

16  bothered to even look at it to tell if it's a wiretapping

17  device. So I'm ordering you to go to the police, tell them the

18  judge wants to see this thing and that you will take good care

Page 4

071011Transcript of CMC hearing
19  of it. And you are going to turn it over for inspection so the
20  other side can see it.

21          Now, if the police says, no, this is a piece of
22  evidence and we got it for our criminal investigation, fine,
23  they hold onto it, and we will have to deal with it some other
24  way.

25          Mr. Jaffe, I -- if I was in your position, I would
□                                                                    6

1  call the police directly to make sure that that is the case.
2              What Police Department has this?
3              MR. MCSWEENEY: To the best of my knowledge, it was
4  the Contra Costa Sheriff's Department.
5              THE COURT: Do you have a name?
6              MR. MCSWEENEY: I do not, Your Honor, not at this
7  time.
8              THE COURT: I'm going to be real disappointed if
9  I've found out they have thrown it away.
10             MR. MCSWEENEY: I understand, Your Honor.
11             THE COURT: Somebody should have taken steps to
12  preserve that evidence. Now, maybe it's been preserved, but
13  how long ago did this happen?
14             MR. MCSWEENEY: The wiretapping happened in I
15  believe April of this year.
16             THE COURT: All right. Well, hopefully that is soon
17  enough that they still have it and they are trying to figure
18  out who has been violating what law.
19             Now, let me ask you, Mr. Jaffe, your papers were
20  ambiguous. Did your clients have anything whatsoever to do
21  with that wiretapping device?
22             MR. JAFFE: No, Your Honor.
23             THE COURT: Okay. That is about as flat out -- and

Page 5

071011Transcript of CMC hearing
24    you have investigated?  You have investigated it?  In other
25    words, you say no, based on investigation?

                                                                    7

1              MR. JAFFE:  I say no based upon my conversations
2    with them.  I don't have personal knowledge.  If they are lying
3    to me, they are lying to me.
4              THE COURT:  well, I understand that is fair, but you
5    have investigated by asking them?
6              MR. JAFFE:  Correct.
7              THE COURT:  They tell you flat out, no, we had
8    nothing to do with it?
9              MR. JAFFE:  No, and I'll bring Mr. Sramek in if the
10    Court wants to continue the CMC so the gentleman gets --
11              THE COURT:  I got half a mind to have an evidentiary
12    hearing right here in court.
13              This is so simple, I look at the device, I don't
14    know if I could tell whether it was a wiretapping device, but
15    at least I would like to see what it is.  Then I get -- put
16    everybody under oath and find out what -- and then if there is
17    still an issue after all that, I send you out to take some
18    discovery.
19              MR. JAFFE:  Fair enough.
20              THE COURT:  Is Ms. Malikyar here?
21              MS. MCDONALD:  Yes.
22              THE COURT:  Ms. Malikyar, come up here for a second.
23              MS. MALILYAR:  Sure.
24              THE COURT:  Are you the one that found this alleged
25    wiretapping device?

                                                                    8

1              MS. MALIKYAR:  No, I was at work or somewhere.
2              THE COURT:  who found it?
                              Page 6

071011Transcript of CMC hearing
3           MS. MALIKYAR:  My husband did.
4           THE COURT:  Is that him?
5           MS. MCDONALD:  Yes.
6           MS. MALIKYAR:  The P.G.& E. -- not the P.G.& E., the
7   telephone people.  Actually, they found it and called him from
8   his office, and they called the police and they took it away.
9           THE COURT:  All right, Mr. (sic) Malikyar, did you
10  ever see this device?
11          MS. MALIKYAR:  I saw the picture of it.
12          THE COURT:  Did you see it?  You know, did you
13  actually see it, not the picture, but did you see it?
14          MS. MALIKYAR:  No, because by the time I came home,
15  the police took it away.
16          THE COURT:  Did you see it, sir?
17          MR. JACOBSEN:  Yes.
18          THE COURT:  What did it look like?
19          MR. JACOBSEN:  It was a waterproof box.  I'm a scuba
20  diver, and it's similar to a pelican case.
21          Do you know what that is?
22          THE COURT:  No.
23          MR. JACOBSEN:  A waterproof box that clamps down
24  like you would take scuba diving at the surface.  And it's
25  waterproof.  Inside this little box there was a recording
                                                                9

1   device similar to a dictaphone.
2           THE COURT:  You saw it yourself?
3           MR. JACOBSEN:  I did.
4           THE COURT:  You saw the little spools and
5   everything?
6           MR. JACOBSEN:  It's electronic type, there is no
7   tape.  And then there is a bunch of circuitry that must do
                                Page 7

071011Transcript of CMC hearing

8      something that converts the telephone signal into something
9      that this device can listen to. And --
10            THE COURT: who -- how do you -- are you qualified
11     to say that that is a wiretapping device?
12            MR. JACOBSEN: Probably not.
13            THE COURT: How do you know it's a wiretapping
14     device?
15            MR. JACOBSEN: Because it was hooked up to my phone
16     lines, and it was a recording device.
17            THE COURT: How do you know it was recording
18     anything?
19            MR. JACOBSEN: Because there was a sound on it of a
20     dial tone and the sound of phone talk.
21            THE COURT: You can hear coming out of the box
22     you -- going on the phone and you could hear yourself?
23            MR. JACOBSEN: I was told by the police when they
24     did their investigation. I didn't listen to it. But they are
25     pretty convinced it's wiretapping equipment.
                                                                    10


1             MS. MALIKYAR: The people basically found it.
2             THE COURT: The phone people?
3             MS. MALILYAR: We had a lot of noises.
4             THE COURT: what is the name of the person who found
5      it?
6             MR. JACOBSEN: It's in the complaint, actually.
7             THE COURT: You disclosed that, the name, then?
8             MR. JACOBSEN: Yes. I don't remember his name, the
9      officer that came out.
10            THE COURT: what makes you think that Mr. Jaffe had
11     anything to do with it?
12            MR. JACOBSEN: There is some real strong evidence,
                                Page 8

071011Transcript of CMC hearing

13    sir.  At the time that this happened the house was for sale,

14    and it had been for sale for some time.  Keeping in mind we are

15    involved in another litigation in a state case.

16              THE COURT:  I understand.

17              MR. JACOBSEN:  Right before Alise's house is to

18    sell, like the day before, a lis pendence is filed against it

19    in regard to the state case.  And a fax is sent to the title

20    company, North American Title, a fax is sent there with a copy

21    of the lis pendence alerting them to this lis pendence.

22              In the fax -- on the fax it states the name of the

23    escrow officer -- first of all, they knew the escrow company,

24    which is a secret thing.  And in there --

25              THE COURT:  No, he says that you can get it right

                                                                    11

1    off the Internet.

2              MR. JACOBSEN:  I would like him to show that.

3              THE COURT:  He explains it all in the paperwork.

4              Mr. Jaffe, how did you get the name of the company?

5              MR. JAFFE:  Well, this is what happened, Your Honor;

6    actually, the pending sale was drawn to my attention by

7    Mr. Dave McGraw, who is the attorney for Mitchell House

8    (phonetic), a defendant in the State Court case.  And he sent

9    me the MLS Internet list that shows the sale was pending.  And

10    I think we produced that document from May 1.

11              We filed the lis pendence in the morning.  I wanted

12    to make sure that the escrow got it.  I went to the listing

13    office in Orinda across the street from the Orinda Theater,

14    can't remember the name.  Actually, it's a real estate office.

15    I called my secretary; she went up to North American Title.

16    Mr. Jacobsen's used North American Title, called four or five

17    places -- in her handwriting, she is the one who ascertained

                         Page 9

071011Transcript of CMC hearing

18    the escrow number.

19              MR. JACOBSEN:  The escrow number was printed on that

20    fax that was sent in to the company.

21              MR. JAFFE:  That's correct, after she -- that she

22    sent the lis pendence to the escrow company.

23              MR. JACOBSEN:  I'm a real estate broker.  Also I've

24    talked to the title company, and they swear they would never,

25    never give out this confidential information that -- to anybody          12


1    that wasn't a party to the lawsuit.  It's absolutely

2    privileged.  It will not ever be given out to anybody.  If they

3    do give it out --

4              THE COURT:  Even if that is true, what makes you

5    think that these people -- maybe the FBI put it on there.

6              MR. JACOBSEN:  They didn't send the fax with the

7    escrow number.

8              THE COURT:  Maybe the state police, the FBI or some

9    federal agency's listening to your telephone.

10              MR. JACOBSEN:  That is possible, sir.  I don't know

11    that they would have a reason to, but I asked people about

12    that, also, and the FBI does wiretap phones.  And the CIA and,

13    thank you, Mr. Bush, we have all of us watching every day.

14              MR. JAFFE:  We go to politics here.

15              MR. JACOBSEN:  But the FBI would go to the central

16    box.  There is a central -- and I'm not a wire guy, but there

17    is a central switching station somewhere.  They get permission.

18    There is a form they have to fill out and submit, and they get

19    it approved to do a wiretap.  And then it's put on this box

20    that is somewhere, not necessarily downtown, but somewhere

21    there in the streets of the town.  And they do that the same

22    way they do it all the time.

Page 10

071011Transcript of CMC hearing

23      There is no application, no permit to do this
24 wiretapping any place.  This is done by an amateur.
25      Now, Mr. Jaffe's client, Mr. Sramek, is an

13

1 electrical wizard.  He had something to do, very heavily had to
2 do with the development of the flat screen monitor, and he made
3 lots of money doing that.  And I'm really happy for him, but he
4 is not at all an amateur when it comes to electronics stuff.
5 He has a high likelihood that he may have had something to do
6 it with it, albeit it's a fairly simple thing.

7      THE COURT:  Well, the day will come, and it's going
8 to be soon, when he has to sit down and answer questions under
9 oath.

10      MR. JACOBSEN:  But the title company will not give
11 out that escrow number.

12      THE COURT:  That's what you say.

13      MR. JACOBSEN:  That's what I say, and that is what
14 they said to me to.

15      THE COURT:  I've heard flat out statements like that
16 crumble before your eyes.

17      MR. JACOBSEN:  I'm just repeating --

18      THE COURT:  Now that you are in litigation you get
19 to the end of this case you may have a big bill to pay to other
20 side.  Same thing for the defendants.  You are all looking at
21 having to pay a fair amount of money at the end of this case to
22 somebody else.  And I question whether all this is worth it,
23 but all right.

24      MR. JACOBSEN:  I'm absolutely confident without a
25 shadow of a doubt this man did it right here.

14

Page 11

071011Transcript of CMC hearing
1       MR. JAFFE:  Your Honor, I would mention one standing

2   issue, is Mr. Jacobsen is in bankruptcy. And as we put in our

3   summary judgment motion, if his claim is a claim, which we

4   think it's not a claim, it belongs to the trustee and his

5   bankruptcy.

6           MR. JACOBSEN:  This case is with Elise Malikyar.

7   I'm not part of the case. And I'm the only one in bankruptcy,

8   she is not.

9           THE COURT:  If that is true, who owns the telephone?

10          MR. JACOBSEN:  The telephone is hers.  It's her

11  house completely.

12          THE COURT:  At the time in question it was her house

13  and her phone line?

14          MR. JACOBSEN:  It's been her house for eight years

15  since.

16          THE COURT:  Is that the way the telephone records

17  show, it's in her name?

18          MR. JACOBSEN:  I'm not sure of that one.  That is a

19  good question.

20          MR. JAFFE:  The exhibit to the complaint seems to

21  indicate, although we don't have the bill, that the number

22  listed in the exhibit for was Mr. Jacobsen's.  Doesn't say

23  that, but it implies that.

24          Now, obviously, Mr. Jacobsen would be the person --

25  I don't --
                                                                    15

1           THE COURT:  All right.

2           MR. JAFFE:  But irrespective of that, the trustee in

3   Mr. Jacobsen's bankruptcy has asserted that the property at

4   2324 is community property. And there is a preliminary

5   injunction in the Texas bankruptcy, so that is property of the

Page 12

071011Transcript of CMC hearing
6    estate, at least the trustee says --

7               THE COURT:  Right now she is the plaintiff.

8               MR. JAFFE:  Right.

9               THE COURT:  And I'm not going to -- discovery goes
10   right now huckledy-buck.  Go take discovery, as far as I'm
11   concerned.  If I find out somebody is stonewalling on
12   discovery, I'm going to throw the case out or enter a default
13   judgment, so there will be no stonewalling.  You better
14   cooperate on discovery, cooperate on documents, whatever you
15   want.

16              Now, when your motion for summary judgment comes up,
17   if you win, great, the case will be over.  But do not delay, do
18   not stonewall.  Do not stall on discovery because you think you
19   are going to win summary judgment.

20              Here is your schedule:  I'm going to give you a few
21   extra days to make sure you have done your disclosures right.

22              All initial disclosures completed by October 24.

23   Leave to add any new parties or pleading amendments,

24   October 24.  Fact discovery cutoff will be May 9 next year.

25   Last date to designate expert May 9.

                                                              16

1               Somebody is going to have to testify this is a
2    wiretapping device; you are going to need an expert for that.
3    June 26, the last date to file summary judgment, next year.

4               Final pretrial conference, 2:00 p.m., September 1, a
5    jury trial September 15th.  The case is going to be referred to
6    the ADR Unit for mediation.

7               Now, I've been on the job eight years and only two
8    cases have slipped.  Every trial has gone, except for those
9    two, have gone to trial when I said it would in this order.  So
10   do your homework and be ready to go.  You are not going to get

Page 13

071011Transcript of CMC hearing
11    any extensions unless there is a death in the family, the
12    immediate family.  So do your homework.
13              I'll be your discovery referee.  If somebody is not
14    coming across with discovery and you meet and confer, you come
15    see me and I'll take care of it within 72 hours, okay?
16              MR. JACOBSEN:  That is very fair.  We have sent in
17    multiple faxes, many telephones calls; he refuses to answer.
18              THE COURT:  Mr. Jaffe, if that is true you are in
19    big trouble.  There is no discovery before me.  I'm telling you
20    now, if they have made a legitimate discovery request to you
21    and you are in default, you are going to be in trouble.
22              If I was you, I would get back there and start
23    answering the discovery.
24              MR. JAFFE:  There has been no discovery request.
25    The problem is --

                                                              17

1               THE COURT:  I can't --
2               MR. JAFFE:  -- Ms. Malikyar has claimed that she
3     can't speak English well enough to engage in litigation.
4               THE COURT:  She hasn't said that to me.
5               MR. JAFFE:  Well, she said that under oath --
6               THE COURT:  That is in some other case.  Don't use
7     that --
8               Can you speak English?
9               MS. MALILYAR:  I do, but I don't know some of the
10    legal things the way --
11              THE COURT:  If she has propounded to you legitimate
12    discovery, you have to answer it.  I don't care if she speaks
13    something else.
14              MR. JAFFE:  They have not propounded discovery, Your
15    Honor.

071011Transcript of CMC hearing
16      THE COURT: All right, fine, if that is true, they

17  haven't.  If you disagree with that, you can bring a proper

18  motion to compel.  Maybe I'll say it's all deemed admitted

19  because they have stonewalled you.

20          I want to tell you something, I know you all think

21  this is some kind of personal grudge.

22          MS. MALILYAR:  No, sir.

23          THE COURT:  I don't care whether you think that or

24  not, but I believe that you do and that you can get away with

25  murder because in other courts you can get away with murder on

                                                            18

1   discovery.  Not in this court, I supervise it myself, and I'm

2   going to tell the jury, or I will enter a default on account of

3   failure to comply with your discovery obligations.

4           I don't care how much of this other litigation --

5   and how much you hate each other; as long as you are in this

6   Court, you are going to act in a civilized way and you are

7   going to obey the rules.  When the day comes for -- to call

8   your first witness, I'm going to say, "call your first

9   witness"; if you are not ready, tough, you call your first

10  witness anyway.

11          MR. JACOBSEN:  Fair enough.

12          THE COURT:  I'm going to work hard to keep you on

13  track.  You got to work hard and be honest and fair and don't

14  stonewall.

15          All right, I'm getting an order out.  I'm being a

16  little tough on you here because I can see it coming, and I'm

17  trying to head off a lot of problems.

18          Okay, end of conference.  Thank you.

19                  (Proceedings adjourned at 11:15 a.m.)

20

                        Page 15

21                071011Transcript of CMC hearing

22                        ---o0o---

23

24

25

#### CERTIFICATE OF REPORTER

I, Sahar McVickar, Official Court Reporter for the
United States Court, Northern District of California, hereby
certify that the foregoing proceedings were reported by me, a
certified shorthand reporter, and were thereafter transcribed
under my direction into typewriting; that the foregoing is a
full, complete and true record of said proceedings as bound by
me at the time of filing.  The validity of the reporter's
certification of said transcript may be void upon disassembly
and/or removal from the court file.

Sahar McVickar, RPR, CSR No. 12963
October 29, 2007

# EXHIBIT B

OCT. 23. 2007 11:45AM    LA OFFICES                NO. 127    P.  1

# HAROLD M. JAFFE
**Attorney at Law**
**3521 Grand Avenue**
**Oakland, California 94610**
**Telephone: (510) 452-2610~Facsimile: (510) 452-9125**
**E-MAIL: jaffe510@aol.com**

| | |
|---|---|
| **TO:** | **Alise Malikyar** |
| **FIRM:** | |
| **FAX NO:** | **(407) 209-2126** |
| **TEL NO:** | **(925) 890-8619** |
| | |
| **FROM:** | **Gail Smith, Paralegal** |
| **FAX NO:** | **(510) 452-9125** |
| **TEL NO:** | **(510) 452-2610** |
| | |
| **DATE:** | **October 23, 2007** |
| | |
| **RE:** | **Malikyar v. Srameks, et al.** |
| | **USDC for the Northern District of Calif., Case No. C07-03533** |
| | |
| **ENCL(S):** | **See attached.** |

**MESSAGE:**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE ORIGINAL MESSAGE. THANK YOU.

**ORIGINAL BY MAIL    Yes    XX No**
**NO. OF PAGES _2_ INCLUDING THIS COVER SHEET**
**IF THIS TRANSMISSION WAS INCOMPLETE OR UNREADABLE**
**PLEASE CALL BEVERLY AT (510) 452-2610**

## HAROLD M. JAFFE
### ATTORNEY AT LAW
**3521 GRAND AVENUE**
**OAKLAND, CA 94610**
**Telephone: (510) 452-2610 Facsimile: (510) 452-9125**
**email: jaffe510@aol.com**
October 23, 2007
**VIA FACSIMILE**

Alise Malikyar
2324 Tice Valley Blvd.
Walnut Creek, CA 94595

     **Re:**    **Malikyar v. Srameks, et al.**
             **USDC for the Northern District of Calif., Case No. C07-03533**

Dear Ms. Malikyar:

     This is in response to your fax of October 19, 2007, requesting deposition dates for Mr. Sramek and the undersigned. At the ADR Conference with Mr. Herman on October 22, 2007, your husband, Mr. Jacobsen, represented that he expected to have counsel representing you shortly, and by shortly, I understood that to mean in the next week or so. Apparently, Mr. McSweeny, who appeared at the October 11, 2007 hearing, is waiting a Certificate of Good Standing from the State Bar so that the ministerial act of administering him into the Northern District of California bar can be performed. Therefore, I suggest we wait the short time between now and when Mr. McSweeny is admitted, and then I will meet and confer with him about setting up deposition dates for Mr. Sramek and myself.

     Based on your representation that you are going to have counsel, it is important that counsel appear as attorney of record at deposition(s), and since that is apparently going to occur in the near future, there is no downside in waiting the short time for Mr. McSweeny to be admitted, at which time I will discuss with him, dates for depositions.

                 Very truly yours,

                 HAROLD M. JAFFE

HMJ:gls

cc:    Clients (Via email)

1  Alise Malikyar
   In Pro Per
2  P.O. Box 1386
   Lafayette, California 94549
3  Fax: (407) 209-2126

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  ALISE MALIKYAR,                              Case No. C07-03533

12         Plaintiff,

13      vs.                                      **NOTICE OF DEPOSITION OF HAROLD
                                                 M. JAFFE WITH REQUEST FOR
14  JOHN SRAMEK, BERNADETTE                      PRODUCTION OF DOCUMENTS**
    SRAMEK, HAROLD M. JAFFE, John S.
15  Sramek, Jr. and Bernadette Sramek
    Revocable Living Trust and DOES 1 to
16  100,

17         Defendants.

18

19         TO ALL PARTIES and their attorneys of record:

20         PLEASE TAKE NOTICE that on **September 24, 2007 at 1:00 p.m., at 1600 S. Main**

21  **Street, Suite 125, Walnut Creek, California,** plaintiff ALISE MALIKYAR will take the

22  deposition of **defendant HAROLD M. JAFFE** (3521 Grand Avenue, Oakland, California

23  94610) upon oral examination before a deposition officer authorized to administer oaths in the

24  State of California. The deposition will be recorded by the stenographic method. **The deposition**

25  **may also be recorded by audio and/or visual recording.** The deposition will continue day to

26  day at the same location, until completed, pursuant to F.R.C.P. 26 and 30.

27         NOTICE IS FURTHER GIVEN, pursuant to F.R.C.P. 30(b)(5), that the deponent is

28  required to produce the following documents at the deposition:

                                          1

1.    Any and all documents in his possession, custody or control, or in the possession, custody or control of his agents and/or attorneys, regarding the 2007 sale of the Malikyar home located at 2324 Tice Valley Boulevard, Walnut Creek, California, including, but not limited to, the escrow number.

2.    Any and all documents in his possession, custody or control, or in the possession, custody or control of his agents and/or attorneys, from public sources, including website printouts, which refer to the escrow number used in the 2007 sale of the Malikyar home located at 2324 Tice Valley Boulevard, Walnut Creek, California.

3.    Any and all documents in his possession, custody or control, or in the possession, custody or control of his agents and/or attorneys that identify any person or persons from whom information about the escrow for the 2007 sale of the Malikyar home was obtained.

Dated: September 14, 2007

ALISE MALIKYAR

**fax (407) 209-2126**

Robert Jacobsen

# Fax



| **To:** | Harold M. Jaffe | **From:** | Robert Jacobsen |
|---|---|---|---|
| **Fax:** | 510 452-9125 | **Pages:** | |
| **Phone:** | | **Date:** | 8/16/2007 |
| **Re:** | | **CC:** | |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

Dear Mr. Jaffe,

Just as a reminder, I haven't heard back from you regarding the 2 attached faxes sent to you by Alise and myself.

fax (407) 209-2126



# Fax

**To:** *Harold Jaffe*    **From:** *Alise Malikyar*

**Fax:** 510 452-9125    **Pages:**

**Phone:**    **Date:** 8/14/07

**Re:** C07-03533 Meet and Confer    **CC:**

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

Attn: Harold Jaffe and John Sramek:

Second request for deposition for Mr. Jaffe:

I would like to schedule the deposition of Harold Jaffe and John Sramek for August 24, 2007 in Walnut Creek. I would like to schedule John Sramek at 9:00 AM and Harold Jaffe at 11:00. In the event we don't finish, the deposition will be continued from day to day until completed.

Advise if this date and time is acceptable. If it is not, provide alternate dates. I can be available any day that week. It is anticipated that each of these depositions will only be 2 hrs. long. The depositions may be video taped.



Alise Malikyar

TRANSMISSION VERIFICATION REPORT

TIME    : 08/14/2007 19:29
NAME    :
FAX     : 4072092126
TEL     :
SER.# : G6X183092

| | |
|---|---|
| DATE,TIME | 08/14  19:29 |
| FAX NO./NAME | 15104529125 |
| DURATION | 00:00:15 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

TRANSMISSION VERIFICATION REPORT

```
                                    TIME   : 08/16/2007 11:34
                                    NAME   :
                                    FAX    : 4072092126
                                    TEL    :
                                    SER.#  : G6X183092
```

```
DATE,TIME            08/16  11:33
FAX NO./NAME         15104529125
DURATION             00:00:37
PAGE(S)              03
RESULT               OK
MODE                 STANDARD
                     ECM
```

1523 SteamsWay
Allen, TX 75002
(214) 295-6630
fax (407) 209-2126



# Fax

| **To:** | *Harold Jaffe* | **From:** | *Alise Malikyar* |
|---|---|---|---|

| **Fax:** | 510 452-9125 | **Pages:** | |
|---|---|---|---|
| **Phone:** | | **Date:** | 7/23/2007 |
| **Re:** | C07-03533JCS | **CC:** | |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

Meet and Confer

I would like to schedule your deposition in the next 10 days.  Please provide dates you are available to start.

1    Alise Malikyar
      PO Box 1386
2    Lafayette, California 94549
      Facsimile: 407 209-2126

3

4

5                 SUPERIOR COURT, STATE OF CALIFORNIA

6                     COUNTY OF ALAMEDA

7

ALISE MALIKYAR,             Case No. 07-330092
8
         Plaintiff,          **NOTICE OF DEPOSITION OF**
9       vs.                     **HAROLD JAFFE**

10 JOHN SRAMEK, BERNADETTE SRAMEK,     Date     :   July 20, 2007
     HAROLD M. JAFFE.                Time     :   1:00 PM
11 and DOES 1 – 100, inclusive.        Place     :   See below
                               Trial Date   :   None Set
12         Defendants.

13                                       *[handwritten: FCD By 3/Km*

14

15                                      *7/9/07]*

16
     TO:  HAROLD M. JAFFE and his attorney of record:
17
         PLEASE TAKE NOTICE that on July 20, 2007, at the hour of 1:00 p.m., at 1600 S. Main St, *[handwritten: See below]*
18
Walnut Creek, California, Alise Malikyar will take the deposition of Harold M. Jaffe, upon oral
19
examination before a Notary Public authorized to administer oaths in the State of California recording the
20
testimony by the stenographic method. Said deposition shall also be recorded by either audiotape or
21
digital recording. Said deposition will continue from day to day at the same place, until completed,
22
pursuant to provisions of Code of Civil Procedure Sections 2017, 2033, 2025, Evidence Code Section
23
776, or one or several of said sections.
24
//
25

                         **NOTICE OF DEPOSITION**

*[handwritten: Deposition to be in suite 125, Professional Reporting Service.]*

1    NOTICE IS FURTHER GIVEN pursuant to the provisions of Code of Civil Procedure Section

2    2025(d) that deponent is required to bring with deponent all documents including:

3    1.   All documents in his custody, possession or control reflecting where he attained information

4         regarding the confidential escrow information about the sale of the Malikyar home located at

5         2324 Tice Valley Blvd, Walnut Creek, CA, in particular the escrow number.

6    2.   If this information was attained from a public source, bring to this deposition copies of

7         website printouts, or what ever the evidence is.

8    3.   If this information was attained by others, be prepared to disclose who those persons were

9         and their contact information.

10

11

12   Dated: July 9, 2007                        _Alise Malikyar_

13                                              Alise Malikyar

14

15

16

17

18

19

20

21

22

23

24

25

                            **NOTICE OF DEPOSITION**

## PROOF OF PERSONAL SERVICE

**ALISE MALIKYAR vs. John Sramek, Bernadette Sramek, Harold M. Jaffe et al**

**SUPERIOR COURT OF THE STATE OF CALFORNIA**

**COUNTY OF ALAMEDA - Case Number 07330092**

I, _Robert Jacobsen_ hereby declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action or proceeding: that my business address is:

101 CN GreenVille Rd
Allen, Tx 75002

. On JULY 9, 2007.

I served the within:

**1.  NOTICE OF DEPOSITION OF JOHN SRAMEK**

on the respective party(s) in said action By personal service addressed below, by sealing a true copy of said document(s) in an envelope for each of the parties and by depositing the envelope(s) in a United States Postal Service mailbox :

JOHN SRAMEK, 3521 Grand Ave, Oakland, CA 94610

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 9, 2007

_Robert Jacobsen_



**NOTICE OF DEPOSITION**

APR. 27. 2007 11:59AM    LAW OFFICES                                    NO. 363    P. 1

# HAROLD M. JAFFE
### Attorney at Law
#### 3521 Grand Avenue
#### Oakland, California 94610
Telephone: (510) 452-2610 * Facsimile: (510) 452-2133
email: hmj10@yahoo.com

TO:        Angel Avery, Escrow Officer
FIRM:      NORTH AMERICAN TITLE INSURANCE CO.
FAX NO:    (925) 988-8810
TEL NO:    (925) 988-8800

FROM:      Gail Smith, Paralegal
DATE:      April 27, 2007
RE:        Brunak v. Jacobson
           Order No. 701000
           Property: 2254 Tice Valley Blvd., Walnut Creek, CA

ENCLS:     See attached.

MESSAGE:   Notice of Pending Action.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE ORIGINAL MESSAGE. THANK YOU.

ORIGINAL BY MAIL    Yes  XX No
NO. OF PAGES   7   INCLUDING THIS COVER SHEET
IF THIS TRANSMISSION WAS INCOMPLETE OR UNREADABLE,
PLEASE CALL BEVERLY AT (510) 452-2610