**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR,<br><br>   Plaintiff,<br><br>vs.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100,<br><br>   Defendants.<br>_____/ | CASE NO. C07-03533 WHA<br><br>**DEFENDANTS' UPDATED CASE MANAGEMENT CONFERENCE STATEMENT; AND REQUEST FOR FURTHER CONTINUANCE**<br><br>DATE:  July 3, 2008<br>TIME:  11:00 a.m.<br>CTRM:  9 |

Defendants, JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, hereby submit their **updated** Case Management Conference Statement.

Since the last Case Management Conference Statement was filed, the following developments have occurred regarding the claim which is the subject of this case in Robert Jacobsen's bankruptcy.

**A.   Issue: Who Are the Parties.**

According to plaintiffs, there are presently two plaintiffs, Alise Malikyar and Robert Jacobsen. As the file will reflect, there are documents which this Court can or has judicially noticed certain documents, to wit:

1    On May 25, 2007, Robert Jacobsen ("Jacobsen") filed a Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Texas (Plano).

2. On June 11, 2007 Alise Maliyar ("Malikyar") initiated this action in the Alameda County Superior Court. Malikyar was the sole plaintiff.

3. Subsequently, this action was removed to this Court.

4. On June 25, 2007, Jacobsen filed his Schedules and Statement of Financial Affairs in his Chapter 13. The instant action was not mentioned.

5. On November 8, 2007, this Court granted defendants' motion for summary judgment and denied as moot, plaintiff's motion for leave to amend. In granting summary judgment on November 8, 2007, this Court gave plaintiff leave to amend to add indispensable parties and was ordered to do so after the bankruptcy court ruled on the motion of the Chapter 13 trustee to convert Jacobsen's Chapter 13 to a Chapter 7.

6. On December 5, 2007, the bankruptcy court granted the Chapter 13 trustee's motion to convert Jacobsen's Chapter 13 to a Chapter 7.

7. After numerous orders, Jacobsen and Malikyar caused to be filed a second amended complaint on January 31, 2008.

8. On February 7, 2008, defendants filed a motion to dismiss or in the alternative, a motion for summary judgment, the gravamen of which was based on the allegation that neither Malikyar or Jacobsen were the real parties in interest.

9. When Malikyar and Jacobsen filed the Second Amended Complaint on January 31, 2008, a review of the docket indicated that no first amended complaint had been filed.

10. Subsequently, on February 20, 2008, this Court stayed this action on February 20, 2008 (docket no. 78), pending resolution of the standing issue.

11. On May 12, 2008, Jacobsen filed his amended schedules to list this claim for the first time. For the Court's convenience, defendants have attached the facesheet of Jacobsen's bankruptcy docket and the relevant pages referred to herein as **Exhibit A** (See Exhibit A, Docket No. 149).

12. On June 5, 2008, the Honorable Brenda T. Rhoades, Jacobsen's Bankruptcy Court Judge, entered an order approving the sale of the claim to Mr. Jacobsen (See Exhibit A, Docket No. 175).

**B.    Status of the Parties.**

Taking Malikyar first, nothing that has occurred in the bankruptcy court cures the defects in Malikyar's standing to be a plaintiff in the instant case. Therefore, Malikyar has no standing.

As to Jacobsen, generally, when a party to a lawsuit assigns or otherwise transfers its interest during the course of the proceedings, a motion may be made to substitute the assignee. However, although courts have stated that this may not be required, see *In re Bernal*, (9th Cir. 2000) 207 F.3d 595, 598, this type of situation occurs when a party who originally had standing, transfers the claim. Although Rule 17 governs the bringing of an action in the name of the real party in interest, Rule 25(c) becomes the relevant provision after suit is brought.

Although Rule 25(c) does not require that anything be done after an interest has been transferred, here we are faced with a situation where the original party, Malikyar, and for that matter, Jacobsen, had no standing to bring the action at the time either the original complaint was filed, or the inaccurately denominated Second Amended Complaint was filed on January 31, 2008.

Therefore, here the transferor of the claim is the Chapter 7 trustee in Jacobsen's bankruptcy case who has never been a party to this case. Therefore, from a procedural standpoint, defendants submit that some amended pleading needs to be filed setting forth the standing of either Malikyar or Jacobsen to bring the instant action.[1]

The misnamed Second Amended Complaint filed on January 31, 2008, lists Robert Jacobsen as a plaintiff, but sets forth nothing about his standing, i.e., that his standing, if it exists at all, was obtained from the purchase of the claim from his bankruptcy trustee, and in view of the court's prior ruling, what possible standing Malikyar has to continue as a plaintiff in this case. Defendants are requesting clarification of the operative complaint, because no response, other than

---

[1] For the reasons set forth above and in defendants' summary judgment motion decided November 8, 2007, Malikyar has no standing.

the motion to dismiss which was stayed by this Court's order of February 20, 2008, has been made to the misnamed Second Amended Complaint filed January 31, 2008.

In this Court's order of February 20, 2008, it stated, "The Court will be receptive to motions for an extension of deadlines . . . made after the stay is lifted." Defendants intend to make that motion, but in part, the motion will be made based upon the procedural posture of the case, which would include whether or not Malikyar continues as a party.

Therefore, at the Case Management Conference on July 3, 2008, defendants would request that plaintiffs be ordered to file an amended complaint reflecting developments since the court's stay order.

C. **Discovery.**

As to discovery, previously there has been claims to the Court concerning issues of discovery, specifically, depositions. On February 15, 2008, plaintiff filed a number of documents with the Court pertaining to attempts to take depositions in this case. Each of these depositions were noticed prior to the time of the Rule 26(f) exchange, and therefore, were premature.

The deadline for the Rule 26(f) exchange in this case was October 5, 2007. Therefore, no deposition could take place prior to the Rule 26(f) disclosures which were set for October 5, 2007. Further, these depositions were noticed by Malikyar, who this Court has already determined, had no standing to bring the instant action.

Last, at the Case Management Conference, defendants will request an amended complaint be filed; clarification as to whether or not this case is still in the ADR process, which commenced while the standing issue was being determined, and such other business as may come before the Court.

DATED: June 26, 2008      /S/
HAROLD M. JAFFE, ESQ., Attorney for Defendants
JOHN SRAMEK and BERNADETTE SRAMEK,
individually and as Trustees of the John S. Sramek,
Jr. and Bernadette D. Sramek Revocable Living Trust
and Harold M. Jaffe, In Pro Per

FinMgmtDue, CONVERTED, APPEAL, 727OBJ

**United States Bankruptcy Court**
**Eastern District of Texas (Sherman)**
**Bankruptcy Petition #: 07-41092**

*Assigned to:* Honorable Brenda T. Rhoades
Chapter 7
Previous chapter 13
Voluntary
Asset

*Date Filed:* 05/25/2007
*Date Converted:* 12/05/2007

*Debtor*
**Robert Edwin Jacobsen**
P.O. Box 1386
Lafayette, CA 94549
SSN: xxx-xx-2723

represented by **Joyce W. Lindauer**
8140 Walnut Hill Lane
Suite 301
Dallas, TX 75231
(972) 503-4033
Fax : (972) 503-4034
Email: courts@joycelindauer.com

**William Paul Rossini**
Rossini & Wagner PC
1201 Main Street
Suite 2470
Dallas, TX 75202
(214) 979-7321
Fax : (214) 979-7301
Email: williamp@rossiniwagner.com

*Trustee*
**Janna L. Countryman**
P. O. Box 941166
Plano, TX 75094-1166
(972) 943-2580
*TERMINATED: 12/05/2007*

*Trustee*
**Christopher Moser**
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 880-1805

represented by **Gabrielle A. Hamm**
Singer Levick, P.C.
16200 Addison Road., Ste. 140
Addison, TX 75001
(972)380-5533
Fax : (972)380-5748
Email: hamm@singerlevick.com

**Larry A. Levick**

**EXHIBIT A**

| | | |
|---|---|---|
| | | 3/28/2008 (jb). filed by Trustee Christopher Moser). (Attachments: # 1 Mailing Matrix) (Lindauer, Joyce) (Entered: 05/08/2008) |
| 05/09/2008 | 147 | Motion for Relief from Automatic Stay With Waiver of 30-Day Hearing Requirement As To 7804 Stepping Drive, Plano, TX - Loan no. xxxxxx1019 Filed by Aurora Loan Services (Attachments: # 1 Exhibit and Witness List# 2 Affidavit # 3 Proposed Order) (Mann, June) (Entered: 05/09/2008) |
| 05/09/2008 | | Receipt of Motion for Relief From Automatic Stay(07-41092) [motion,mrlfsty] ( 150.00) filing fee. Receipt number 4124231, amount $ 150.00. (U.S. Treasury) (Entered: 05/09/2008) |
| 05/12/2008 | 148 | Notice of Debtor Change of Address Filed by Robert Edwin Jacobsen (Attachments: # 1 Service List) (Lindauer, Joyce) (Entered: 05/12/2008) |
| 05/12/2008 | 149 | Amended Schedules Filed: Schedule B, Amendment: to add personal property Filed by Robert Edwin Jacobsen Document Due 5/19/2008. (Rossini, William) (Entered: 05/12/2008) |
| 05/12/2008 | 150 | Amended Schedules Filed: Schedule D, Amendment: to dispute a claim Filed by Robert Edwin Jacobsen Document Due 5/19/2008. (Rossini, William) (Entered: 05/12/2008) |
| 05/12/2008 | 151 | Amended Schedules Filed: Schedule F, Amendment: to change the amount of some claims Filed by Robert Edwin Jacobsen Document Due 5/19/2008. (Rossini, William) (Entered: 05/12/2008) |
| 05/12/2008 | | Receipt of Amended Schedules and/or Amended Matrix(07-41092) [misc,amdscall] ( 26.00) filing fee. Receipt number 4126894, amount $ 26.00. (U.S. Treasury) (Entered: 05/12/2008) |
| 05/13/2008 | 152 | Notice of Transfer of Claim with Waiver in the amount of $12,222.33 Claim Number 14 Filed by CHASE BANK USA, NA. (Conkerton, Lance) (Entered: 05/13/2008) |
| 05/13/2008 | 153 | Reaffirmation Agreement Between Debtor and Toyota Filed by Toyota Motor Credit Corp. (Gardner, Marle) (Entered: 05/13/2008) |
| 05/13/2008 | | Hearing Held: Motion granted for reasons stated into the record.. Order Due to be filed by: Larry Levick *(RE: related document(s)124 Motion to Employ Real Estate Broker Filed by Christopher Moser (Attachments: # (1) Affidavit of Michael Crane# (2) Proposed Order) (Moser, Christopher) Modified text on 3/28/2008 (jb). filed by Trustee Christopher Moser).* Order Due 5/23/2008. (sr, ) (Entered: 05/18/2008) |

| | | |
|---|---|---|
| | | *Objecting to Discharge filed by Trustee Christopher Moser). Last day to oppose discharge is 6/27/2008.* (bl, ) (Entered: 05/30/2008) |
| 05/30/2008 | 171 | Certificate Of Mailing *(RE: related document(s) Hearing Set (RE: related document(s)143 Motion To Require Chapter 7 Trustee To Pay Mortgage Lenders Filed by Robert Edwin Jacobsen. Hearing scheduled for 6/24/2008 at 10:00 AM at Plano Bankruptcy Courtroom. (th, )).* Service Date 05/30/2008. (Admin.) (Entered: 05/31/2008) |
| 06/01/2008 | 172 | Certificate Of Mailing *(RE: related document(s)170 Order Granting Trustee's Second Unopposed Motion for Extension of Time to Object to Discharge (RE: related document(s)135 Trustee's Second Unopposed Motion to Extend Time to File Complaint Objecting to Discharge filed by Trustee Christopher Moser). Last day to oppose discharge is 6/27/2008. (bl, )).* Service Date 06/01/2008. (Admin.) (Entered: 06/02/2008) |
| 06/02/2008 | | Hearing Set (RE: related document(s)155 Emergency Motion to Require Chapter 7 Trustee to Abandon Malpractice Causes of Action Filed by Robert Edwin Jacobsen and 154 Motion to Require Chapter 7 Trustee to Abandon Real Property Filed by Robert Edwin Jacobsen Hearing scheduled for 6/10/2008 at 09:45 AM at Plano Bankruptcy Courtroom. (sr, ) (Entered: 06/02/2008) |
| 06/03/2008 | 173 | Objection to Claim Number 8 of Timothy Carlson in the amount of $ $45808.97 Filed by Robert Edwin Jacobsen (Attachments: # 1 Exhibit # 2 Proposed Order)(Lindauer, Joyce) (Entered: 06/03/2008) |
| 06/04/2008 | | Proposed Order or Judgment Submitted At Court's Direction RE: 129 Motion to Sell UPLOADED 2008-06-04 09:45:21.0 (Entered: 06/04/2008) |
| 06/04/2008 | | Hearing Set *(RE: related document(s)173 Objection to Claim Number 8 of Timothy Carlson in the amount of $ $45808.97 Filed by Robert Edwin Jacobsen . Hearing scheduled for 7/22/2008 at 09:35 AM at Plano Bankruptcy Courtroom.* (th, ) (Entered: 06/04/2008) |
| 06/04/2008 | 174 | Certificate Of Mailing *(RE: related document(s) Hearing Set (RE: related document(s)155 Emergency Motion to Require Chapter 7 Trustee to Abandon Malpractice Causes of Action Filed by Robert Edwin Jacobsen and 154 Motion to Require Chapter 7 Trustee to Abandon Real Property Filed by Robert Edwin Jacobsen Hearing scheduled for 6/10/2008 at 09:45 AM at Plano Bankruptcy Courtroom. (sr, )).* Service Date 06/04/2008. (Admin.) (Entered: 06/05/2008) |
| 06/05/2008 | 175 | Order Granting Motion to Sell Property of the Estate Free and Clear |

|  |  |  |
|---|---|---|
|  |  | of Liens, Claims and Encumbrances *(RE: related document(s)129 Motion to Sell Property of the Estate Free and Clear of Liens, Claims and Encumbrances filed by Trustee Christopher Moser).* (bl, ) (Entered: 06/05/2008) |
| 06/06/2008 | 176 | Exhibit and/or Witness List Filed by Christopher Moser *(RE: related document(s)168 Objection Filed by Christopher Moser (RE: related document(s)154 Motion to Require Chapter 7 Trustee to Abandon Real Property Filed by Robert Edwin Jacobsen (Attachments: # (1) Proposed Order # (2) Service List) (Lindauer, Joyce) Modified on 5/14/2008 (bl, ). filed by Debtor Robert Edwin Jacobsen, Interested Party Robert Edwin Jacobsen). (Levick, Larry) filed by Trustee Christopher Moser).* (Levick, Larry) (Entered: 06/06/2008) |
| 06/06/2008 | 177 | Certificate Of Mailing *(RE: related document(s) Hearing Set (RE: related document(s)173 Objection to Claim Number 8 of Timothy Carlson in the amount of $ 45808.97 Filed by Robert Edwin Jacobsen . Hearing scheduled for 7/22/2008 at 09:35 AM at Plano Bankruptcy Courtroom. (th, )).* Service Date 06/06/2008. (Admin.) (Entered: 06/07/2008) |
| 06/07/2008 | 178 | Certificate Of Mailing *(RE: related document(s)175 Order Granting Motion to Sell Property of the Estate Free and Clear of Liens, Claims and Encumbrances (RE: related document(s)129 Motion to Sell Property of the Estate Free and Clear of Liens, Claims and Encumbrances filed by Trustee Christopher Moser). (bl, )).* Service Date 06/07/2008. (Admin.) (Entered: 06/08/2008) |
| 06/09/2008 | 179 | Agreed Motion to Continue Hearing Filed by Christopher Moser *(RE: related document(s)154 Motion to Compel Abandonment of Real Property filed by Debtor Robert Edwin Jacobsen, Interested Party Robert Edwin Jacobsen).* (Attachments: # 1 Proposed Order) (Levick, Larry) (Entered: 06/09/2008) |
| 06/09/2008 | 180 | Order Granting Motion To Continue/Reschedule Hearing On *(RE: related document(s)154 Motion to Require Chapter 7 Trustee to Abandon Real Property Filed by Robert Edwin Jacobsen (Attachments: # (1) Proposed Order # (2) Service List) (Lindauer, Joyce) Modified on 5/14/2008 (bl, ). filed by Debtor Robert Edwin Jacobsen, Interested Party Robert Edwin Jacobsen).* Hearing scheduled for 6/24/2008 at 09:45 AM at Plano Bankruptcy Courtroom. (sr, ) (Entered: 06/09/2008) |
| 06/09/2008 | 181 | Chapter 13 Trustee Final Report and Account Filed in Chapter 7 Converted Case Filed by Janna L. Countryman (Countryman3, Janna) (Entered: 06/09/2008) |
| 06/10/2008 |  | Hearing Continued *(RE: related document(s)155 Emergency Motion* |