**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALISE MALIKYAR, ROBERT JACOBSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100,<br><br>Defendants.<br>_____/ | CASE NO. C07-03533 WHA<br><br>**EX PARTE APPLICATION TO QUASH DEPOSITION SUBPOENAS OR FOR A LIMITED PROTECTIVE ORDER TO PREVENT CERTAIN NON-PARTY DEPOSITIONS FROM GOING FORWARD ON AUGUST 8, 2008; AND FOR AN ORDER THAT THE PARTIES MEET AND CONFER TO RESET SAID DEPOSITIONS**<br><br>**ON PAPERS ONLY**<br><br>CTRM:   9 - Hon. William Alsup |

I, HAROLD M. JAFFE, declare:

1. Defendants, JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE and the JOHN S. SRAMEK, JR. AND BERNADETTE D. SRAMEK REVOCABLE LIVING TRUST, are hereby making this ex parte application to quash deposition subpoenas, or for limited protective order to prevent certain non-party depositions from going forward on August 8, 2008, and for an order that the parties meet and confer to reset said depositions on a date mutually convenient for all parties.

2. On July 8, 2008, the deposition subpoenas of the Person Most Knowledgeable and the Assistant to Angel Avery at North American Title Ins. Co. ("NATIC") were issued by Svetlana Couture of Couture & Associates, setting the depositions for August 8, 2008. Couture & Associates then caused the deposition subpoenas to be hand delivered to the Legal Department at NATIC. The defendants were not given notice of the deposition subpoenas as is required by *inter alia* FRCP

1

30(b)(1).

3. The defendants first found out about the impending depositions when this office was contacted by Lora Osterloh, Paralegal for NATIC, on August 1, 2008.

4. On August 1, 2008, Ms. Osterloh faxed to the undersigned the Deposition Subpoenas along with a letter dated July 8, 2008, to NATIC from Ms. Couture, copies of which are attached hereto as **Exhibits A, B** and **C**.

5. On August 5, 2008, the undersigned sent via facsimile transmission and email a meet and confer letter to Ms. Couture, a true and correct copy of which is attached hereto as **Exhibit D**, on which Ms. Osterloh of NATIC was copied. On August , 2008, Ms. Osterloh responded to Exhibit D in an email stating she would be available to discuss rescheduling. On August 6, 2008, Ms. Couture contacted this office stating that she did receive the email however, there were no attachments, and she did not receive a fax. On August 6, 2008, at approximately 10:37 a.m., this office re-emailed and at approximately 10:21 a.m., refaxed Exhibit D to Ms. Couture, see confirmations attached to Exhibit D.

6. Not having heard from Ms. Couture, on August 6, 2008, at approximately 1:44 p.m., this office faxed and emailed a follow up letter to Ms. Couture, a true and correct copy of which is attached hereto as **Exhibit E**. In Exhibit E, your declarant reiterated the lack of notice, and told Ms. Couture of the time conflict with your declarant's calendar. No response from Ms. Couture has been received.

7. Therefore, defendants are hereby seeking the relief requested herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration is executed on August 6, 2008, at Oakland, California.

HAROLD M. JAFFE

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALISE MALIKYAR, et al.

V.

JOHN SRAMEK, et al.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 3:07-cv-03533-WHA

TO: *The Person Most Knowledgeable*
*At North American Title Insurance*
*Company (NATIC)*

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  1600 S. Main St, #125 Professional Reporting Services, Walnut Creek, CA | DATE AND TIME  1:00 PM  8/8/08 |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*Any and all documents and tangible items that would relate to NATIC's policies, procedures, rules and regulations followed respecting to maintaining confidentiality and/or privacy of escrow account information in effect from April 1, 2007 to and including May 30, 2007*

| PLACE  Professional Reporting Servcies, 1600 S. Main St.#125 Walnut Creek, CA    Tel.: (925)932-5200 | DATE AND TIME  1:00 AM  8/8/08 at |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Attorney for Plaintiffs* | DATE  *July 8, 2008* |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
*Svetlana V. Couture, Esq.*                                    *Tel.: (510)710-7720*
*418 Third Street, Suite 101, Oakland, CA 94607*

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                                _____
                                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena, if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |

ALISE MALIKYAR, et al.

V.

JOHN SRAMEK, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:07-cv-03533-WHA

TO: *Assistant to Angel Avery who was present in the office on or about April 27, 2007 and who spoke with any unidentified individuals regarding escrow #701996 on 4/27/07*

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION *Professional Reporting Service, 1600 S. Main St., #125 Walnut Creek, CA* | DATE AND TIME *8/8/2008 11:00 a.m.* |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*Any and all documents and other tangible items on file at North American Title Insurance Company relating to escrow #701996, including but not limited to telephone and fax logs, email records and other communication re: escrow # 701996, generated and/or received between 4/1/2007 and 5/30/2007*

| PLACE *Professional Reporting Services, 1600 S. Main St. #125 Walnut Creek, CA Tel.: (925)932-5200* | DATE AND TIME *8/8/2008 11:00 a.m.* |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Attorney for Plaintiffs* | DATE *7/8/2008* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
*Svetlana V. Couture, Esq.*            *Tel.: (510)710-7720*
*418 Third St., Ste. 101, Oakland, CA 94607*

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


**EXHIBIT B**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                              DATE                                                    SIGNATURE OF SERVER

                                                                                       _____
                                                                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**COUTURE & ASSOCIATES**
ATTORNEYS AT LAW
418 THIRD STREET, SUITE 101, OAKLAND, CA 94607
TEL: (510) 710-7720  FAX: (510) 835-1719
COUTUREASSOCIATES@GMAIL.COM  WWW.COUTUREASSOCIATES.NET

July 8, 2008

BY HAND DELIVERY
North American Title Insurance Company (NATIC)
Att.: Legal Department

RE:   Malikyar, Jacobsen v. Sramek, Sramek, Jaffe et al;
      U.S.District Court, Northern District of California Case #:3:07-CV-03533-WHA

TO WHOM IT MAY CONCERN:

Please be advised that this office represents plaintiffs in the above referenced matter.

Attached are two deposition subpoenas in the above entitled matter. Please be also advised that in the case of Angela Avery's assistant, we have attempted to identify her name by a prior request for the same to allow for more specificity, however NATIC failed to cooperate in providing that individual's name. Nonetheless, we are advised and informed that that person's name is well known to all involved with regard to the escrow number 701996. Thus, that subpoena identifies that person by title and her role in the events that gave rise to this action.

Pursuant to Rules of Civil Procedure, Rule 45 all witnesses whose attendance is required may be entitled to fees and mileage associated with attendance at deposition. Said fees and mileage shall be paid on demand.

Please also note that each of the subpoenas include document production requests. The costs associated with copying of said records shall be covered by Plaintiffs herein.

Should you need to discuss this matter further please do not hesitate to contact me. However, please note that I will be unavailable from July 9 through and including July 20, 2008 for any reason, as I will be out of state on vacation.

Thank you for your anticipated cooperation.

Sincerely Yours,

Svetlana V. Couture,
Attorney for Plaintiffs

Cc:   Clients

**EXHIBIT C**

# HAROLD M. JAFFE
### ATTORNEY AT LAW
### 3521 GRAND AVENUE
### OAKLAND, CA 94610
### Telephone: (510) 452-2610 ~ Facsimile: (510) 452-9125
### E-MAIL: JAFFE510@aol.com

August 5, 2008

## VIA EMAIL AND FACSIMILE TRANSMISSION
## DISCOVERY MEET AND CONFER

Svetlana V. Couture, Esq.
COUTURE & ASSOCIATES
418 Third Street, Ste. 101
Oakland, CA 94607

Re:  Malikyar v. Sramek, et al.-USDC, Northern District, Case No. 07-03533

Dear Ms. Couture:

I have learned from Ms. Osterloh, a paralegal for North American Title Company ("NATIC"), that on July 8, 2008, your office caused to be served on NATIC deposition subpoenas in the above matter, set to take place on August 8, 2008. Further, apparently there was communications between your office and NATIC in order to alter the time of the subpoenaed depositions on August 8, 2008. I have reviewed my file and do not see where your office complied with FRCP 30(b)(1) by giving reasonable written notice to all parties and their counsel, as is required, nor do I see where this office was copied on any communications your office had with third parties, as is required.

If you somehow believe that you did not need to notice this office, copy this office on third party communications, or that this office was noticed, please send to me the apposite case authority, statutory authority or document on which you claim this office received notice from your office of the August 8, 2008, depositions.

I suggest we resolve this problem by having a conference call between yourself, myself, and either Ms. Osterloh or Ms. Lee, the attorney handling the matter for NATIC, to reschedule the depositions to a time that is convenient for all concerned.

Very truly yours,

HAROLD M. JAFFE

HMJ:gls
cc:    Clients (via email)
       Lora L. Osterloh, Paralegal for NATIC (via email only)



EXHIBIT D

| | |
|---|---|
| Subj: | **Malikyar v. Sramek; USDC, No. District Case No. 07-03533** |
| Date: | 8/5/2008 2:18:32 P.M. Pacific Daylight Time |
| From: | GailSmith510 |
| To: | coutureassociates@gmail.com |
| CC: | losterloh@nat.com, JAFFE510 |
| BCC: | john_sramek@hotmail.com |

Ms. Couture:

Letter to you from Harold Jaffe of this date, which is being faxed to you as well.

If there are any problems downloading the attachment, please contact the undersigned immediately.

Thank you, Gail Smith
================================================================

Gail Smith, Paralegal for the
Law Offices of Harold M. Jaffe
3521 Grand Avenue
Oakland, CA 94610
gailsmith510@aol.com
T: (510) 452-2610
F: (510) 452-9125

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE COMMUNICATION. THANK YOU.

---

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.

```
                              * * * COMMUNICATION RESULT REPORT ( AUG. 6. 2008 10:22AM ) * * *        P. 1

                                                                          FAX HEADER:  LAW OFFICES

TRANSMITTED/STORED : AUG. 6. 2008 10:21AM
FILE MODE            OPTION              ADDRESS                          RESULT           PAGE
---------------------------------------------------------------------------------------------------
700  MEMORY TX                           8351719                          OK               2/2



              REASON FOR ERROR
                  E-1) HANG UP OR LINE FAIL              E-2) BUSY
                  E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
                                                                                                P. 1
                              * * * COMMUNICATION RESULT REPORT ( AUG. 5. 2008 2:17PM ) * * *

                                                                          FAX HEADER:  LAW OFFICES
TRANSMITTED/STORED : AUG. 5. 2008 2:16PM
FILE MODE            OPTION              ADDRESS                          RESULT           PAGE
---------------------------------------------------------------------------------------------------
687  MEMORY TX                           8351719                          OK               2/2
```

pls report asap. 8/6/08 thanks Gail

```
              REASON FOR ERROR
                  E-1) HANG UP OR LINE FAIL              E-2) BUSY
                  E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

HAROLD M. JAFFE
Attorney at Law
8521 Grand Avenue
Oakland, California 94610
Tel: (510) 452-2610 — Fax (510) 452-9125
FACSIMILE TRANSMITTAL

TO:                Svetlana V. Couture, Esq.
FIRM:              COUTURE & ASSOCIATES
FAX NO:            (510) 835-1719
DD NO:             (510) 710-7720

FROM:              Gail Smith, Paralegal
FAX NO:            (510) 452-9125
TEL NO:            (510) 452-2610

DATE:              August 5, 2008
RE:                Manilyar v. Sramek, et al., USDC, Northern District, Case No. 07-03533

ENCL(S):
MESSAGE:           See attached.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS
ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT
FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE
INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO
THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE
ORIGINAL MESSAGE. THANK YOU.

ORIGINAL BY MAIL:  Yes ___  X No
NO. OF PAGES ___ INCLUDING THIS COVER SHEET
IF THIS TRANSMISSION WAS INCOMPLETE OR UNREADABLE
PLEASE CALL BEVERLY AT (510) 452-2610

Subj: **Fwd: Malikyar v. Sramek; USDC, No. District Case No. 07-03533**
Date: 8/6/2008 10:37:54 A.M. Pacific Daylight Time
From: GailSmith510
To: coutureassociates@gmail.com

Resending.

Gail

============================================================

Gail Smith, Paralegal for the
Law Offices of Harold M. Jaffe
3521 Grand Avenue
Oakland, CA 94610
gailsmith510@aol.com
T: (510) 452-2610
F: (510) 452-9125

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE COMMUNICATION. THANK YOU.

---

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.

---

Forwarded Message:
Subj: **Malikyar v. Sramek; USDC, No. District Case No. 07-03533**
Date: 8/5/2008 2:18:32 P.M. Pacific Daylight Time
From: GailSmith510
To: coutureassociates@gmail.com
CC: losterloh@nat.com, JAFFE510
BCC: john_sramek@hotmail.com

Ms. Couture:

Letter to you from Harold Jaffe of this date, which is
being faxed to you as well.

If there are any problems downloading the attachment,
please contact the undersigned immediately.

Thank you, Gail Smith
============================================================

Gail Smith, Paralegal for the
Law Offices of Harold M. Jaffe
3521 Grand Avenue

Oakland, CA 94610
gailsmith510@aol.com
T: (510) 452-2610
F: (510) 452-9125

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE COMMUNICATION. THANK YOU.

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.

```
* * * COMMUNICATION RESULT REPORT ( AUG. 5. 2008  2:17PM ) * * *
```

FAX HEADER: LAW OFFICES

```
TRANSMITTED/STORED : AUG. 5. 2008  2:16PM
FILE MODE        OPTION              ADDRESS              RESULT       PAGE
------------------------------------------------------------------------------
687  MEMORY TX                       8351719              OK           2/2
```

*pls report asap. 8/6/08 thanx Gail*

```
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL          E-2) BUSY
  E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
```

## HAROLD M. JAFFE
### Attorney at Law
3521 Grand Avenue
Oakland, California 94610
Tel: (510) 452-2610 ~ Fax: (510) 452-9125

### FACSIMILE TRANSMITTAL

| | |
|---|---|
| TO: | Svetlana V. Couture, Esq. |
| FIRM: | COUTURE & ASSOCIATES |
| FAX NO: | (510) 835-1719 |
| DD NO: | (510) 710-7720 |
| FROM: | Gail Smith, Paralegal |
| FAX NO: | (510) 452-9125 |
| TEL NO: | (510) 452-2610 |
| DATE: | August 5, 2008 |
| RE: | Malikyar v. Sramek, et al., USDC, Northern District, Case No. 07-03533 |
| ENCL(S): | See attached. |
| MESSAGE: | |

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE ORIGINAL MESSAGE. THANK YOU.

ORIGINAL BY MAIL  Yes  X No
NO. OF PAGES ___2___ INCLUDING THIS COVER SHEET
IF THIS TRANSMISSION WAS INCOMPLETE OR UNREADABLE
PLEASE CALL BEVERLY AT (510) 452-2610

**HAROLD M. JAFFE**
ATTORNEY AT LAW
3521 GRAND AVENUE
OAKLAND, CA 94610
Telephone: (510) 452-2610 ~ Facsimile: (510) 452-9125
E-MAIL: JAFFE510@aol.com

August 6, 2008

## VIA EMAIL AND FACSIMILE TRANSMISSION
## DISCOVERY MEET AND CONFER

Svetlana V. Couture, Esq.
COUTURE & ASSOCIATES
418 Third Street, Ste. 101
Oakland, CA 94607

    Re:    Malikyar v. Sramek, et al.-USDC, Northern District, Case No. 07-03533

Dear Ms. Couture:

    This is a follow up on my letter of August 5, 2008. I am again requesting that your office, my office and NATIC meet and confer concerning setting a new date for the deposition of the subpoenaed parties which you have scheduled for the afternoon of August 8, 2008.

    As you can see from Ms. Osterloh's email of August 5, 2008, she is available at our convenience to discuss the rescheduling of the depositions.

    Aside from this office receiving no notice of said depositions, the undersigned has a long standing court appearance on August 8, 2008, at 2:00 p.m. Therefore, please advise me forthwith that the depositions are off calendar subject to being set a mutually convenient time after your office, my office and NATIC's counsel have had an opportunity to meet and confer and agree on a new date.

                                      Very truly yours,

                                      HAROLD M. JAFFE

HMJ:gls
cc:    Clients (via email)
        Lora L. Osterloh, Paralegal for NATIC (via email only)



```
                                                            FAX HEADER:  LAW OFFICES

TRANSMITTED/STORED : AUG. 6. 2008  1:44PM
FILE MODE            OPTION              ADDRESS                    RESULT          PAGE
------------------------------------------------------------------------------------------
714  MEMORY TX                           8351719                    OK              2/2
------------------------------------------------------------------------------------------
       REASON FOR ERROR
         E-1) HANG UP OR LINE FAIL              E-2) BUSY
         E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

# HAROLD M. JAFFE
### Attorney at Law
### 3521 Grand Avenue
### Oakland, California 94610
### Tel: (510) 452-2610 ~ Fax: (510) 452-9125
## FACSIMILE TRANSMITTAL

| | |
|---|---|
| TO: | Svetlana V. Couture, Esq. |
| FIRM: | COUTURE & ASSOCIATES |
| FAX NO: | (510) 835-1719 |
| DD NO: | (510) 710-7720 |
| | |
| FROM: | Gail Smith, Paralegal |
| FAX NO: | (510) 452-9125 |
| TEL NO: | (510) 452-2610 |
| | |
| DATE: | August 6, 2008 |
| RE: | Malikyar v. Sramek, et al., USDC, Northern District, Case No. 07-03533 |
| | |
| ENCL(S): | See attached. |
| MESSAGE: | |

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE ORIGINAL MESSAGE. THANK YOU.

ORIGINAL BY MAIL  Yes __ X No
NO. OF PAGES __2__ INCLUDING THIS COVER SHEET
IF THIS TRANSMISSION WAS INCOMPLETE OR UNREADABLE
PLEASE CALL BEVERLY AT (510) 452-2610

Subj: **Malikyar v. Sramek**
Date: 8/6/2008 1:44:29 P.M. Pacific Daylight Time
From: GailSmith510
To: coutureassociates@gmail.com
CC: losterloh@nat.com, JAFFE510
BCC: john_sramek@hotmail.com

Ms. Couture:

Follow up letter to letter dated 08/05/08. If you have any problem downloading the attachment, please call the undersigned immediately. Also, be advised that the enclosed is being faxed to you as well.

Thank you,

Gail Smith

==================================================

Gail Smith, Paralegal for the
Law Offices of Harold M. Jaffe
3521 Grand Avenue
Oakland, CA 94610
gailsmith510@aol.com
T: (510) 452-2610
F: (510) 452-9125

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DISCARD THE COMMUNICATION. THANK YOU.

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.