SVETLANA V. COUTURE, ESQ.
COUTURE & ASSOCIATES
418 Third Street, Suite 101
Oakland, CA 95607
Tel: (510)710-7720
Fax: (510)835-1719

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR, ROBERT JACOBSEN ) <br> ) <br> Plaintiffs,      ) <br> ) <br> vs.                  ) <br> ) <br> JOHN SRAMEK, BERNADETTE SRAMEK ) <br> HAROLD M. JAFFE, JOHN S. SRAMEK ) <br> AND BERNADETTE SRAMEK REVOCABLE ) <br> LIVING TRUST AND DOES 1 TO 100, ) <br> INCLUSIVE,            ) <br> ) <br> Defendants       ) <br> _____ ) <br> / | Case#:CV-07-03533-WHA <br><br> THIRD AMENDED COMPLAINT FOR VIOLATION OF WIRETAPPING AND EAVESDROIPPING STATUTES, INVASION OF PRIVACY; FOR DAMAGES AND INJUNCTIVE RELIEF <br> (VERIFIED) |

Come now, Plaintiffs Alise Malikyar and Robert Jacobsen, by and through their attorney of record and pursuant to Federal Rule of Civil Procedure 15 (a) and pursuant to the Order of this Court of July 3, 2008 granting Plaintiffs a leave to further amend their Complaint without any restrictions, for their Third Amended Complaint allege as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff Alise Malikyar (hereinafter "Plaintiff Malikyar" or "Plaintiffs" when used collectively) brings this action on her own behalf against the above named defendants to redress violations of Title 18 U.S.C. § 2511, interception and disclosure of wire, oral, and/or electronic communications,

pursuant to Title 18 U.S.C. § 2520.  Plaintiff also brings this action to redress violations of California Penal Code §§ 631(a), and 632(a), pursuant to California Penal Code § 637.2 as well as California Business and Professions Code §§ 17200 and 17500 which statutes also prohibit misleading, unlawful and unfair acts of this nature.  Furthermore, Plaintiff brings this action for invasion of privacy under Article 1 of the California State Constitution and pursuant to relevant provisions of the U. S. Constitution and its Amendments.

2.   Plaintiff Robert Jacobsen (hereinafter "Plaintiff Jacobsen" or "Plaintiffs" when used collectively) brings this action on his own behalf against the above named defendants to redress violations of Title 18 U.S.C. § 2511, interception and disclosure of wire, oral, and/or electronic communications, pursuant to Title 18 U.S.C. § 2520.  Plaintiff also brings this action to redress violations of California Penal Code §§ 631, and 623(a), pursuant to California Penal Code § 637.2 as well as California Business and Professions Code § 17200 which statutes also prohibit such interceptions and disclosure. Furthermore, Plaintiff brings this action for invasion for invasion of privacy under Article 1 of the California State Constitution and pursuant to relevant provisions of the U. S. Constitution.

3.   Furthermore, Plaintiffs incorporate by reference and refer to all allegations contained in their previously filed Complaint and Second Amended Complaint (misnumbered due to a clerical error).  This present pleading is numbered as Third Amended Complaint to ensure no further confusion respecting

seniority and succession of Plaintiffs' initial pleadings.

## II. JURISDICTIONAL STATEMENT

3.  Jurisdiction is proper under U.S.C. § 1331 for the causes of action alleged herein which are based on federal statutes and U.S. Constitution as they arise under the laws of the United States of America, specifically under 18 U.S.C. §§ 2520, 2511 and U.S. Constitution provisions which protect an individual's right to privacy.

4.  This Court has supplemental jurisdiction over the remaining causes of action alleged in this complaint based on California State statutes and State Constitution because those causes of action arise from a nucleus of operative fact common to causes of action based on federal laws as set forth herein, and because the exercise of supplemental jurisdiction serves the interests of judicial economy, convenience and fairness to the parties, pursuant to Title 28 U.S.C. §1367.

5.  Furthermore, this Court has jurisdiction over this action under Title 28 U.S.C. §1343(a)(4), this being an action to recover damages and to secure declaratory, injunctive and other relief under Acts of Congress providing for the protection of civil rights.

6.  All of the actions, admissions, and/or events have taken place and/or are believed to have taken place in the counties of Alameda and Contra Costa, Northern California, and are thus within the venue of this Court.

## III. PARTIES

7.  Plaintiff Malikyar is a citizen of the United States and a resident of California due to her ownership of the certain real

property located at 2324 Tice Valley Blvd, Walnut Creek, California, 94595 which property is referenced in, affected by and/or subject to this litigation and which realty is located in the County of Contra Costa. Thus, Plaintiff Malikyar has sufficient ties to the State of California and specifically to the Northern District of this Court so as to satisfy legal residency requirements. Additionally, by virtue of filing of this lawsuit Plaintiff Malikyar submits to personal jurisdiction over her by this Court.

8.    Plaintiff Jacobsen is a citizen of the United States and a resident of California. He is a spouse of Plaintiff Malikyar and thus has community property interest in the certain real property located at 2324 Tice Valley Blvd, Walnut Creek, California, 94595 which property is referenced in, affected by and/or subject to this litigation and which realty is located in the County of Contra Costa. Thus, Plaintiff Jacobsen has sufficient ties to the State of California and specifically to the Northern District of this Court so as to satisfy legal residency requirements. Additionally, by virtue of filing of this lawsuit Plaintiff Jacobsen submits to personal jurisdiction over him by this Court.

9.    Defendant John Sramek (hereinafter "J. Sramek" or "Defendants" when used collectively) is an individual who satisfies all legal residency requirements in that he is believed to reside in the Northern District of California and has sufficient ties to this state.

10.   Defendant Bernadette Sramek (hereinafter "B. Sramek" or "Defendants" when used collectively) is an individual who

satisfies all legal residency requirements in that she is believed to reside in the Northern District of California and has sufficient ties to this state.

11. Defendant John S. Sramek, Jr. and Bernadette Sramek Revocable Living Trust (hereinafter "Trust" or "Defendants" when used collectively) is and at all times relevant hereto was a Northern California resident and/or entity formed in and/or under the laws of the State of California and is and at all times relevant hereto was the agent, employee, servant and/or otherwise associated Defendants J. and B. Sramek.

12. Defendant Harold Jaffe (hereinafter "Jaffe" or "Defendants" when used collectively) is an individual who satisfies all legal residency requirements in that he is known to reside and conduct business in the Northern District of California and has sufficient ties to this state. Additionally, Jaffe is an attorney admitted to practice law in this state and is believed to have been admitted to practice law before the U. S. Northern District of California Court. Jaffe is being sued herein both in his individual capacity as well as in his capacity as the owner and/or principal of his law practice located at 3521 Grand Avenue in Oakland, California.

13. The true names and capacities whether individual, corporate, associate, or otherwise of Defendants DOES 1 through and including 100, are unknown to the Plaintiffs who, therefore, sue said defendants under fictitious names. Plaintiffs will amend and/or cause an amendment to this complaint to show their true names and capacities when ascertained.

14. Plaintiffs are informed and believe and thereon allege that each of said defendants is responsible in some manner for the events and happenings as alleged herein and for the injuries and damages, proximately caused or otherwise, hereinafter alleged.

### IV. STATEMENT OF FACTS

15. Prior to the incidents and/or events giving rise to this case Plaintiffs herein were sued by J. and B. Sramek in a state court action, represented by Jaffe, which matter alleged a number of causes of action with respect to a real estate transaction not subject to this present litigation and/or not referenced in these pleadings.

16. Sometime after that state case was already pending Plaintiffs Malikyar and Jacobsen sought to sell their real property located at 2324 Tice Valley Blvd, Walnut Creek, California, 94595. The title to the subject home was held in Plaintiff Malikyar's name, however the property was and is community property. Plaintiff Jacobsen managed and oversaw the transaction. 2324 Tice Valley Blvd, Walnut Creek property had no direct or indirect relation to the state court litigation instituted by the Srameks through Jaffe.

17. At all times relevant herein a great number of phone communications took place from the land line located at 2324 Tice Valley Blvd, Walnut Creek, California, 94595, including private and confidential telephone conversations with attorneys, key witnesses, business associates, prospective business contacts, escrow officers, title company, realtor(s), broker(s), family members, friends and the like. At all times

during those communications Plaintiffs reasonably believed that the land line communications were private and secure.

18. In April 2007 the home was pending a sale and the escrow was to close on April 30, 2007 going on record the next day, May 1, 2008. The escrow was being handled by North American Title Insurance Company (hereinafter "NATIC").

19. On or about April 27, 2007 NATIC received a facsimile transmission from Jaffe and/or his office which contained Notice of Pending Action (See Exhibit 1 to the initial Complaint filed in this action). The cover page to that transmission contained the confidential escrow number for that sale of the Plaintiffs' home. It is a matter of knowledge shared by NATIC and belief by these Plaintiffs who are not strangers to real property transactions that escrow numbers for all pending transactions are held in strict confidence and are never public information. Jaffe's Notice of Pending Action had the effect of stopping escrow process and terminating the real estate sale transaction.

20. NATIC employees, agents and principals, as well as other third parties who may have been close enough to the transaction to to have known the escrow number were contacted by the Plaintiffs and questioned regarding possible disclosure. All denied that they had disclosed the escrow number to anyone and/or made it public information. Plaintiffs neither consented to disclose nor made public this strictly confidential information.

21. Concurrently with the institution and/or pendency of the state suit by the Srameks and Jaffe, the Plaintiffs had been

experiencing telephone static and clicking. Initially Plaintiffs did not make much of it. However, after Jaffe was able to obtain confidential escrow number without any believed disclosure by anyone close to the transaction, Plaintiffs became suspicious. A telephone company (AT&T) was contacted to make determinations regarding the telephone line.

22. On May 5, 2007 a telephone technician was dispatched by AT&T to the Plaintiffs' home. Technician promptly discovered speaker wire coming from the inside of the AT&T phone box on the house. The wire was followed along the AT&T line about ten feet where it dropped to the ground traveling about fifty feet through the brush to the edge of Plaintiffs' driveway. There, an air and water tight plastic box was discovered of about eight by four inches in size which contained a Sony recording device connected to the phone wire.

23. On the same day, May 5, 2007, an officer from Contra Costa County Sheriff's Department was dispatched to the property and the crime scene. Officer Burke who arrived at the scene confirmed the presence of the wiretap. Evidence of the wiretap was collected and the report of the incident was prepared by Officer Burke (Exhibit 4 to Plaintiffs' initial Complaint herein). Plaintiff Jacobsen who was present at the time the evidence was collected by the Sheriffs Department stated his belief that the only party known to be interested in wiretapping Plaintiffs' phone was Jaffe who was able to obtain confidential information without known source. Officer Burke attempted to take a statement from Jaffe who was not willing to answer any questions and was otherwise evasive which was duly

reflected by Officer Burke in his report (see page 2 of Exhibit 4 to Plaintiffs' Initial Complaint herein).

24. The wiretap device was placed into Valley Evidence with the request that the crime lab print the submitted evidence and photos of the device and the scene were taken by Officer Burke on that day.

25. On May 9, 2007 Officer Burke confirmed with AT&T that there was no record of the required by law authorized wire tap of Plaintiffs' land line.

26. Plaintiffs' believe that a great deal of private and confidential communications with attorneys, witnesses, other third parties, family members, etc. were intentionally intercepted by the defendants herein and each of them.

27. Plaintiffs' further believe that Defendants, and each of them, had motive and technical know how and/or otherwise had access to other third parties with technical know how to execute placement of said illegal wiretap on their private land line.

**V. FIRST CAUSE OF ACTION: FOR THE UNLAWFUL INTERCEPTION, USE AND/OR DISCLOSURE OF PLAINTIFFS' WIRE AND ORAL COMMUNICATIONS, IN VIOLATION OF 18 U.S.C. § 2520**

28. Paragraphs 1 through 27 are incorporated herein as though fully set forth herein.

29. Defendants intercepted and/or endeavored to intercept or procured another to intercept and/or endeavor to intercept Plaintiffs' telephone and other oral communications on numerous occasions in violation of 18 U.S.C. § 2511 (1)(a). Said violations were believed to have been taken place from the time

a state civil lawsuit was instituted against the Plaintiffs' through and including May 5, 2007 when wiretap device was discovered and removed by the Sheriffs Department of Contra Costa County.

30. Defendants intentionally used and/or endeavored to use or procured another to use and/or endeavor to use Plaintiffs' electronic, mechanical and/or other devices to intercept plaintiffs' oral communications with third parties, including private, confidential and/or privileged communications when they utilized knowledge of confidential escrow information to prevent a sale of the Plaintiffs' home and other information pertaining to the pending lawsuit, and such use and/or endeavor took place and/or was directly connected to official AT&T phone line, the operations of which affect interstate commerce in violation of 18 U.S.C. §2511(1)(b)(iv).

31. The Defendants intentionally disclosed and/or used and/or endeavored to disclose and/or use the contents of the intercepted communications with full knowledge that the information was obtained through the illegal and/or unauthorized interception of wire, oral and/or electronic communications between these Plaintiffs and third parties, including private, confidential and/or privileged communications, in violation of 18 U.S.C. § 2511(1)(c) and (d).

32. The Plaintiffs were damaged and are entitled to relief, including actual and statutory damages, injunctive relief and attorney fees for the Defendants' violations of 18 U.S.C. §2511 (1) (a), (b), (c) and (d) under 18 U.S.C. § 2520 in the amount to be shown at trial.

33. The conduct described above was oppressive, malicious and despicable. Defendants intended to cause injury to the Plaintiffs and/or carried out their despicable conduct with a conscious disregard for Plaintiffs' rights. As a result of this oppressive, malicious and despicable conduct Plaintiffs seek punitive and exemplary damages.

## VI. SECOND CAUSE OF ACTION: FOR THE UNLAWFUL WIRETAPPING OF TELEPHONIC COMMUNICATIONS, IN VIOLATION OF CALIFORNIA PENAL CODE § 631(a)

34. Paragraphs 1 through 33 are incorporated herein as though fully set forth herein.

35. The Defendants, and each of them, individually and/or through their agents, associates, employees and/or contractors intentionally made or caused to be made an unauthorized connection with the telephone line, wire, cable and/or instrument, including any internal telephonic communication system used by Plaintiffs including for private, confidential, official, privileged and personal phone calls in violation of California Penal Code § 631(a).

36. The defendants further willfully learned or attempted to learn, on numerous occasions, the contents of plaintiffs' communications with the third parties without consent of all parties to those communications in violation of California Penal Code § 631(a).

37. The Defendants, and each of them, further used and/or attempted to use and/or communicated and/or attempted to communicate information obtained in violation of California Penal Code § 631(a), and so further violated California Penal

Code § 631(a).

38. The Plaintiffs were damaged and are entitled to relief, including actual and/or statutory damages, injunctive relief and attorney fees for the Defendants' violations of California Penal Code § 631(a) under California Penal Code § 637.2(a) and (b) in the amount to be shown at trial.

**VII. THIRD CAUSE OF ACTION: FOR THE UNLAWFUL EAVESDROPPING ON OR RECORDING OF CONFIDENTIAL COMMUNICATIONS, IN VIOLATION OF CALIFORNIA PENAL CODE § 632(a)**

39. Paragraphs 1 through 39 are incorporated herein as though fully set forth herein.

40. Defendants intentionally and without consent of Plaintiffs herein as well as third parties to the communications with Plaintiffs, by means of electronic, amplifying and/or recording device(s) eavesdropped upon and/or recorded Plaintiffs' confidential telephone communications in violation of California Penal Code § 632(a).

41. At all times communications between plaintiffs and other parties were made with reasonable expectation that they were confidential and confined to the parties involved in the telephone conversations; and that at no time did plaintiff and/or other parties to said communications with plaintiffs consented to the eavesdropping on and/or recording of such confidential communications.

42. The Plaintiffs were damaged and are entitled to relief, including actual and/or statutory damages, injunctive relief and attorney fees for the Defendants' violations of California Penal Code § 632(a) under California Penal Code § 637.2(a) and

(b) in the amount to be shown at trial.

## VIII. FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

43.  Paragraphs 1 through 42 are incorporated herein as though fully set forth herein.

44.  Defendants violated California Business and Professions Code § 17200 and 17500 when they engaged in unlawful, unfair or fraudulent business act, practice and/or tactics of illegally wiretapping Plaintiffs' telephone land line thus gaining unfair advantage in a pending state civil lawsuit and by disseminating misleading information and preventing a sale of the Plaintiffs' home which property was in no way connected to any pending litigation at that time.  Such acts by Defendants, and each of them, affected the course of litigation in a state action and interfered with Plaintiffs' prospective economic advantage when they were unable to complete the sale of their home.

45.  The Plaintiffs were damaged and are entitled to relief, including actual and/or statutory damages, injunctive relief and attorney fees for the Defendants' violations in the amount to be shown at trial.

## IX. FIFTH CAUSE OF ACTION FOR INVASION OF PRIVACY - PHYSICAL INTRUSION ON SOLITUDE AND/OR PRIVATE AFFAIRS, IN VIOLATION OF FEDERAL AND CALIFORNIA STATE CONSTITUTIONS, CIVIL CODE §§ 3294, 3333, 3422 AND CALIFORNIA CODE OF CIVIL PROCEDURE § 526

46.  Paragraphs 1 through 45 are incorporated herein as though fully set forth herein.

47.  The Defendants intruded on Plaintiffs' privacy by intentionally intercepting and/or recording and/or wrongfully

disclosing the contents of the telephone communications between Plaintiffs and third parties by means of wiretapping devices and in violation of federal and state statutes as set forth herein and in violation of Article 1 of the Constitution of this State and the pertinent provisions of the U. S. Constitution and its Amendments relevant to the protection of an individual's right to privacy.

48. Defendants intentionally intruded on Plaintiffs' right to privacy and solitude and/or confidential and private affairs by intentionally eavesdropping on and/or recording and/or wrongfully disclosing these contents of the telephone and other oral communications between Plaintiffs and third parties and/or otherwise using the same to their unfair advantage, by means of electronic amplifying and/or recording devices, in violation of federal and state laws as set forth herein.

49. The Defendants' intentional intrusion upon the Plaintiffs' seclusion and/or private affairs was offensive and objectionable to the Plaintiffs and would be offensive and objectionable to a reasonable person of ordinary sensibilities in that it exposed Plaintiffs' private and confidential affairs to Defendants and other unauthorized persons, gained unfair advantage in a litigation and interfered and prevented a sale of Plaintiffs' real property. Furthermore, such intrusions were into a place and/or thing which was private and entitled to be private in that it involved an invasion of Plaintiffs' confidential, privileged and private communications without consent of any and/or all parties to such communications.

50. The Plaintiffs were damaged and are entitled to relief,

including actual and/or statutory damages, injunctive relief and attorney fees for the Defendants' violations in the amount to be shown at trial.

### X. SIXTH CAUSE OF ACTION: FOR AWARD OF ATTORNEY FEES AND LITIGATION COSTS BASED ON PRIVATE ATTORNEY GENERAL DOCTRINE

51. Paragraphs 1 through 50 are incorporated herein as though fully set forth herein.

52. Plaintiff is entitled to attorney fees and costs pursuant to the Private Attorney General Doctrine, California Code of Civil Procedure § 1021.5 because of the following:

(a) Plaintiffs' causes of action will result in the enforcement of an important right to privacy specifically provided for by the California Privacy Act, California Penal Code §§631 and 632;

(b) Such enforcement of the right to privacy affects the public interest in that it confers a significant benefit on the general public and/or a large class of persons in that it effectuates a fundamental constitutional and statutory policy;

(c) The necessity and financial burdens of private enforcement are such that they make the award of attorney fees and costs appropriate in that the estimated value is likely to be exceeded by the actual litigation costs of enforcing such important right and

(d) In view of all of the above, such litigation costs, including attorney fees, should not, in the interests of justice, be paid out of Plaintiffs' recovery.

/

WHEREFORE, Plaintiffs pray for judgment against

Defendants, and each of them, as follows:

1. For general damages in an amount to be ascertained according to proof at trial;

2. For all special and incidental damages in an amount to be ascertained according to proof at trial;

3. For all statutory fees and penalties;

4. For punitive and/or exemplary damages in an amount to be ascertained according to proof at trial;

5. For reasonable attorney fees;

6. For costs of suit;

7. For the following injunctions:

A. An Order requiring defendants preserve all recording devices, electronic wiretapping devices and any and all recordings of all conversations currently in possession or control of Defendants and/or their agents, employees, contractors, associates and the like, until further Order of the Court;

B. An Order requiring defendants to cease and desist all illegal interception and/or recording of or eavesdropping on, or attempting to intercept, eavesdrop on and/or record any conversation;

C. An Order requiring defendants to post notices that defendants have been found to have committed wire, oral and/or electronic communications interception, disclosure or intentional use and/or dissemination in violation of pertinent federal and state laws and statutes, along with information on how to contact a person appointed by this Court with any complaints;

D.   An Order requiring Defendant Jaffe to notify State Bar of California that he has been found to have committed wire, oral and/or electronic communications interception, disclosure or intentional use and/or dissemination in violation of pertinent federal and state laws and statutes, along with information on how to contact a person appointed by this Court with any complaints;

E.   An Order allowing Plaintiffs to seize from Defendants and to allow Plaintiffs' experts to test of all recording devices, electronic wiretapping devices and any and all recordings of all conversations currently in possession or control of Defendants and/or their agents, employees, contractors, associates and the like, as well as the devices and recordings currently in Contra Costa County Sheriff's custody; and

F.   Any other appropriate Order to redress these violations and to prevent any future violations of this nature and

8.   For such other and further relief as the Court may deem just and proper.

/

DATED:  August 13, 2008

*[signature]*

Svetlana V. Couture, Esq.
Attorney for Plaintiffs

## VERIFICATION

I, Alise Malikyar, am a Plaintiff in the above entitled matter. I hereby verify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct as to my own personal knowledge and as to those matters alleged on my belief, I believe them to be true.

I expressly authorise the use of a photocpy of this Verification in lieu of the original.

/

Dated: _August 15, 2008_  _[signature]_
Alise Malikyar, Plaintiff

## VERIFICATION

I, Robert Jacobsen, am a Plaintiff in the above entitled matter. I hereby verify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct as to my own personal knowledge and as to those matters alleged on my belief, I believe them to be true.

I expressly authorise the use of a photocpy of this Verification in lieu of the original.

/

Dated: _August 15, 2008_   _____
                            Robert Jacobsen, Plaintiff