**HAROLD M. JAFFE, ESQ.**
CASB #57397
3521 Grand Avenue
Oakland, CA 94610
Tel: (510) 452-2610
Fax: (510) 452-9125

Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR, ROBERT JACOBSEN, | CASE NO. C07-03533 WHA |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST PLAINTIFF ROBERT JACOBSEN** |
| vs. | **DATE:** November 6, 2008<br>**TIME:** 8:00 a.m.<br>**CTRM:** 9 - **Hon. William Alsup** |
| JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust, and DOES 1 - 100, | TO BE HEARD CONCURRENTLY WITH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF ALISE MALIKYAR |
| Defendants._____/ | **Action Filed:** June 11, 2007<br>**Trial Date:** June 15, 2009 |

Defendants, JOHN SRAMEK ("J. SRAMEK"), BERNADETTE SRAMEK ("B. SRAMEK"), HAROLD M. JAFFE ("JAFFE"), and John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust ("the SRAMEK TRUST") (or hereinafter collectively referred to as "defendants") hereby submit the following Memorandum of Points and Authorities in Support of Motion to Dismiss, or in the Alternative, for Summary Judgment Against Plaintiff ROBERT JACOBSEN ("JACOBSEN").

## I. INTRODUCTION

On May 25, 2007, JACOBSEN, the husband of plaintiff ALISE MALIKYAR ("MALIKYAR"), filed a Chapter 13 petition (RJN, Ex. 3, Docket No. 1). On June 25, 2007, JACOBSEN filed his Schedules and Statement of Financial Affairs in his Chapter 13 bankruptcy (RJN, Ex. 3, Docket No. 16). JACOBSEN did not list the instant action in Section 4 of his Statement of Financial Affairs filed on June 25, 2007, nor at any place in his bankruptcy papers did he list any claim for wiretapping.

## II. STATEMENT OF FACTS

On January 23, 2006, a complaint was filed in the Contra Costa County Superior Court Case No. C06-00162 by J. SRAMEK and B. SRAMEK, against *inter alia* JACOBSEN (the "SRAMEK CASE", RJN, Ex. 1-A). On November 28, 2006, a first amended complaint was filed in the SRAMEK CASE, which added as a defendant, the plaintiff herein, MALIKYAR (RJN, Ex. 1-B).

On April 27, 2007, the SRAMEKS, through their counsel, JAFFE, instituted the case styled *Sramek, et al. v. Jacobsen, et al.*, Contra Costa County Superior Court Case No. C07-00844 (the "SRAMEK 2 CASE") (RJN, Ex. 2-A). Also on April 27, 2007, a lis pendens was placed on the Property, whose record title appears in the name of plaintiff as an unmarried woman in connection with the SRAMEK 2 CASE (RJN, Ex. 2-A).

On May 25, 2007, JACOBSEN (MALIKYAR's husband), filed for relief under Chapter 13, in the United States Bankruptcy Court for the Eastern District of Texas (RJN, Ex. 3, Docket No. 1).

On June 11, 2007, plaintiff, MALIKYAR commenced this action in the Alameda County Superior Court against defendants, alleging that a certain lis pendens placed on real property located at 2324 Tice Valley Blvd., Walnut Creek, California (the "Property") was the result of illegal wire

1   tapping in violation of *inter alia* 18 U.S.C. §2511.

2   On June 25, 2007, JACOBSEN filed his Schedules and Statement of Financial Affairs in his Chapter 13 bankruptcy, with the United States Bankruptcy Court for the Eastern District of Texas, Case No. 07-41092 (RJN, Ex. 3, Docket No. 16).

5   On July 30, 2007, the Contra Costa County Superior Court in the SRAMEK 2 CASE entered an order expunging the lis pendens, and denying the request of MALIKYAR and JACOBSEN for attorneys' fees (RJN, Ex. 2-B).

8   On October 4, 2007, the defendants filed a motion for summary judgment (Docket No. 15).

9   The gravamen of defendants' motion was that MALIKYAR, then the only plaintiff in this case, was not the real party in interest and therefore, lacked standing to bring the instant action. The gravamen of defendants' memorandum of points and authorities in support of their motion for summary judgment (Docket No. 16), included the hornbook law argument that all causes of action possessed by that person was property of JACOBSEN's bankruptcy estate.

14  On October 11, 2007, the initial Case Management Conference was held in this case, at which both MALIKYAR and JACOBSEN appeared (Docket No. 27).

16  On November 8, 2007, this Court granted defendants' motion for summary judgment, gave plaintiff leave to amend to add indispensable parties after an order issued in the debtor's bankruptcy case pending in the Eastern District of Texas as to whether or not the case then pending under Chapter 13, would be converted to a Chapter 7 (Docket No. 47).

20  On December 5, 2007, the Court in JACOBSEN's bankruptcy case entered an order converting the case from a Chapter 13 to a Chapter 7 (RJN, Ex. 3, Docket No. 86).

22  On January 2, 2008, MALIKYAR filed an ex parte application to enlarge the time for plaintiff to amend complaint (no docket number issued, but it is between Docket Nos. 50 and 51). On January 4, 2008, an order denying plaintiff's request to extend time was entered (Docket No. 56). No amended complaint having been filed, on January 8, 2008, defendants filed an ex parte application to dismiss this action for failure to comply with court order (Docket No. 58). On January 17, 2008, this Court issued an order to show cause (Docket No. 60). On January 24, 2008, this Court gave plaintiff until 12:00 noon on January 31, 2008, to file an amended complaint adding all

1  indispensable parties, "namely her husband, Robert Jacobsen" (Docket No. 64).

2  On January 31, 2008, document denominated as a "*second amended complaint*" was filed adding JACOBSEN as a plaintiff (Docket No. 66). On February 7, 2008, defendants filed a motion to dismiss or in the alternative for summary judgment as to the *second amended complaint* filed on January 31, 2008 (Docket No. 68). On February 20, 2008, this Court entered a stay at the request of JACOBSEN's Chapter 7 trustee (Docket No. 78).

On March 13, 2008, JACOBSEN amended his bankruptcy schedules to include for the first time the instant claim (RJN, Ex. 3, Docket No. 116). In Docket No. 88, filed June 26, 2008, JACOBSEN claims to have purchased his bankruptcy trustee's interest in the claim against the named defendants herein.

On July 3, 2008, a Case Management Conference was held in this Court, and plaintiffs were given until August 15, 2008, to file an amended complaint (Docket No. 91). On August 19, 2008, plaintiffs attempted to manually file a document denominated as a "third amended complaint" ("TAC") (Docket No. 99). On August 20, 2008, a Clerk's Notice Re Failure to E-File and/or Failure to Register as an E-Filer was entered (Docket No. 100). On September 16, 2008, plaintiffs' TAC was entered (Docket No. 99), which was served on defendants on September 15, 2008.

### III. ARGUMENT

**A.   A Complaint May Be Dismissed Under Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

"A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Although as a general rule a court may not consider any material pled on the pleadings in ruling on a Rule 12(b)(6) motion, a court may take judicial notice of public records related to legal proceedings in both state court and in the district court. See *Miles v. State of California*, 320 F.3d 986, 987 (9th Cir. 2003).

**B.   Legal Standard for Summary Judgment.**

### 1.   Summary Judgment is Appropriate; FRCP 56(c).

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505. A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. The court may not weigh the evidence, and must view the evidence in the light most favorable to the non-moving party. *Id*. at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis of its motion, and of identifying those portions of the pleadings that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548. "A fact is 'material' if a dispute over it might affect the outcome of the suit under governing law." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Celotex Corp. Id*. at 322-23. If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial" to defeat the motion. FRCP 56(e); *Anderson* supra 477 U.S. at 250.

### 1.   Moving Parties' Burden on Summary Judgment.

The party moving for summary judgment has both an initial burden of production and the ultimate burden of persuading the Court that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." [FRCP 56(c)].

A party may move for summary judgment on the ground that there is no genuine issue of material fact as to its own claim or defenses. In a case, as in the instant action, the moving parties [defendants herein] bear the initial burden of proof to show that no reasonable trier of fact could find other than for the moving parties. [*Calderone v. United States*, (6th Cir. 1986) 799 F.2d 254, 259; *Southern Calif. Gas Co v. City of Santa Ana*, (9th Cir. 2003) 336 F.3d 885, 888.

The defendants as movants, may carry their burden of production or proof on this motion for summary judgment either by negating an essential element of JACOBSEN's claim, i.e., by showing

4

that JACOBSEN is not the real party in interest [*Nissan Fire & Marine Inc. Co., Ltd. v. Fritz Cos., Inc.*, (9th Cir. 2000) 210 F.3d 1099, 1102.  Here, defendants, as movants, are entitled to summary judgment if they can submit evidence that disproves an essential element of opposing party's claim. [*Adickes v. S.H. Kress & Co.*, (1970) 398 U.S. 144, 158-160, 90 S.Ct. 1598, 1608-1609].

For the reasons set forth below, the TAC should be dismissed, because as to JACOBSEN, it is barred by the doctrine of judicial estoppel, and in addition does not relate back to the filing of the original complaint by MALIKYAR on June 11, 2007.

**C.     JACOBSEN is Judicially Estopped as A Matter of Law From Filing the Instant Action.**

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by taking a clearly inconsistent position. (citation)." *Hamilton v. State Farm Fire & Casualty Co.u, 270 F.3d 778, 782 (9th Cir. 2001)*.  Bankruptcy Code §521 sets forth the debtor's duties.  These duties include filing a list of liabilities and assets.  As stated above, JACOBSEN did not list the instant claim in his bankruptcy until March 13, 2008 (RJN, Ex. 3, Docket No. 16).

Therefore, JACOBSEN is judicially estopped from attempting to recover on a claim/debt that he failed to list as an asset in connection with his bankruptcy petition, because as a matter of law, JACOBSEN had knowledge of enough facts to know that a potential cause of action existed during the pendency of the bankruptcy [JACOBSEN's bankruptcy is still pending (RJN, Ex. 3, Page 1)], and failed to amend his Schedules or Statement of Financial Affairs to identify the cause of action as a contingent asset.  See *Hamilton v. State Farm Fire & Cas. Co.*, *supra*, at 784 [failure of insured under homeowners policy to list his assets on schedules filed in connection with his bankruptcy petition claims against his insurer for losses allegedly caused by vandalism and theft operated under doctrine of judicial estoppel to bar insured's subsequent suit against insurer for bad faith and breach of contract].

In accord, *Cusano v Kline*, (9th Cir. 2001) 264 F.3d 936.  In *Cusano, supra*, the debtor failed to schedule as an asset an open book account cause of action under California law for pre-petition royalties in connection with songs he had written prior to the filing of his bankruptcy petition.  The Ninth Circuit ruled that this conduct deprived the debtor of standing to assert such a claim following

5

1  confirmation of his Chapter 11 plan. *Cusano Id*. at pp. 947-948.  Also see *In re Coastal Plains, Inc.*,
2  179 F.3d 197 (5th Cir. 1999), cert. denied, 528 U.S. 1117, 120 S.Ct. 936 (2000) [debtor judicially
3  estopped from pursuing cause of action not listed as asset in Schedules].

4  As the bankruptcy court stated in *Estel v. Bigelow Management*, 323 B.R. 918 (E.D. Tex.
5  2005), in order to avoid judicial estoppel "there must be a showing that Estel [debtor] was unaware
6  of the facts giving rise to his claim." *Estel Id*. at 922.  Because judicial estoppel is being raised in
7  the context of a bankruptcy case, involving JACOBSEN's express duty under the Bankruptcy Code
8  to disclose all of his assets, federal law applies. See *Johnson v. Oregon Dept. of Human Resources*,
9  141 F.3d 1361, 1364 (9th Cir. 1998) (Actions to Americans With Disabilities Act; "[F]ederal law
10 applies the application to judicial estoppel in federal courts").

11 Although JACOBSEN, finally on March 13, 2008, filed amended schedules listing this
12 alleged claim, he did not rescue himself from the bar of judicial estoppel.  By any objective standard,
13 there can be no question that JACOBSEN was fully aware of the claims asserted in this case, when
14 he filed his Chapter 13 petition on May 25, 2007, and when he filed his original schedules on June
15 25, 2007, on which the instant claim was not listed.  In addition, although JACOBSEN was not a
16 party, he did appear with his wife, MALIKYAR at the first case management conference hearing on
17 October 10, 2007, and addressed the Court.  Therefore, there is no way JACOBSEN could now
18 somehow claim he was unaware of this litigation, or the alleged claim.

19 Since on the face of the complaint filed in this case and on documents that can be judicially
20 noticed, the only objective conclusion that can be reached is that JACBOSEN knew about the claims
21 he is now attempting to assert in this case after "purchasing" them from his bankruptcy trustee; his
22 failure to list the claims on his schedules and/or statement of financial affairs (until an amendment
23 filed almost ten months after his original bankruptcy filing, and nine months after his original
24 schedules were filed); JACOBSEN is judicially estopped from bringing this suit in this Court.  Nor,
25 can JACOBSEN escape judicial estoppel by attempting to shift blame to for example, his bankruptcy
26 counsel in Texas.  As the Court pointed out in *United States v. 7108 W. Grand Avenue*, 15 F.3d 632
27 (7th Cir. 1994), "The clients are principals, the attorney is an agent, and under the law of agency, the
28 principal is bound by his chosen agent's deeds." *United States v. 7108 W. Grand Ave.*, *Id*. at 634.

1    This is not a case where the claims accrued after the petition was filed, and where the debtor
2    was not aware of the claims during bankruptcy. Nor, can there be any possible objective argument
3    as in *Dawson v. J.G. Wentworth & Co., Inc.*, 946 F.Supp. 394 (ED Pa. 1996), where as in this case,
4    the debtor disclosed a claim in amended schedules, the court found that there was a fact issue
5    regarding the debtor's good or bad faith in not disclosing the claims in the original bankruptcy
6    schedules. Here, there cannot possibly be a fact issue regarding JACOBSEN's intentional non-
7    disclosure when the original schedules were filed in his bankruptcy case.

8    In *Britton v. Co-Op Banking Group*, 4 F.3d 742, 744 (9th Cir. 1993), the Court quoting from
9    *In re Corey*, 892 F.2d 829, 836 (9th Cir. 1989), stated, "Under the majority view, judicial estoppel
10   does not apply unless the assertion inconsistent with the claim in the subsequent litigation 'was
11   adopted in some manner by the court in the prior litigation.' Under the minority view, judicial
12   estoppel can apply even when a party was unsuccessful in asserting its position in the prior judicial
13   proceeding, 'if the court determines that the alleged offending party engaged in "fast and loose"
14   behavior which undermine the integrity of the court.'" *Britton Id*. at 744.

15   Here, whether the majority or minority view is applied, judicial estoppel mandates the
16   dismissal of JACOBSEN's claim. JACOBSEN instituted a Chapter 13 petition in the Eastern
17   District of Texas claiming that he resided in Texas. The proper venue for a case concerning an
18   individual is the district in which the individual has his/her principal place of business, or resided,
19   or was domiciled or where the individual's principal assets in the United States were located for the
20   requisite time period. As one Court put it, "Domicile is one's permanent home, where one resides
21   with the intention to remain or to which one intends to return and to which certain rights and duties
22   are attached." See *Donald v. Curry (In re Donald)*, 328 B.R. 192, 200 (B.A.P. 9th Cir. 2005).

23   The additional ground of location of assets will not frequently provide a real alternative
24   because the residence of the individual is likely to be located in the district where the debtor's
25   principal assets are located. See discussion in Collier on *Bankruptcy*, 15th Ed., revised, ¶4.01[2][c].

26   Although not a party to the original complaint (Docket No. 1, Ex. A), where MALIKYAR
27   claimed she was a resident of Texas, JACOBSEN now claims he is a resident of California. What
28   JACOBSEN's ties are now, defendants do not know. However, during the apposite time period,


when this claim allegedly arose at the end of April 2007, JACOBSEN has claimed that he was a resident of Texas - a further example of JACOBSEN's conduct of playing, in the words of the *Britton* Court, "fast and loose" with the integrity of the legal process.

Although prejudice to the defense is not required for the application of judicial estoppel, such prejudice exists in the case at bench. Had JACOBSEN disclosed this claim in his petition and pursued it himself while he was in Chapter 13, the motions made by the defense, at considerable expense, and with a considerable consumption of court time, would have been unnecessary. Therefore, in this case JACOBSEN's conduct is exacerbated by the unnecessary expense caused to the defense, and the unnecessary consumption of public resources in court time that directly resulted from JACOBSEN's failure to disclose assets under the Federal Bankruptcy Act.

JACOBSEN may argue that because he belatedly listed the instant claim, judicial estoppel should not apply. JACOBSEN is wrong. Unlike for example, in *Rose v. Beverly Health and Rehabilitation Services*, 356 B.R. 18 (ED Cal. 2006), where only after a report of no distribution was issued and a complaint was filed after plaintiffs' debts were discharged (*Rose Id*. at 22). In this case, as a result of JACOBSEN's conduct of omitting the instant claim in his bankruptcy schedules/statement of financial affairs, resulted in parallel proceedings occurring in this Court and the Bankruptcy Court. As stated above, the proceedings in this Court were a complete waste of judicial resources and at great expense to the defendants. By allowing this case to proceed now, this Court would be rewarding JACOBSEN for this conduct.

Regarding the judicial acceptance requirement, at least one court has ruled that the requirement does not mean that the party against whom the judicial estoppel doctrine is to be invoked, must have prevailed on the merits. Rather, judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter, or as part of a final disposition. See *Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988). Also see, *McNemar v. The Disney Store, Inc.*, 91 F.3d 610 (3rd Cir. 1996) (rejecting contention that party seeking estoppel must show that prior statement was accepted by judicial tribunal). *McNemar Id*. at 617.

This case is a "poster child" for the doctrine of judicial estoppel which serves a consistently

MEMO. OF P&A IN SUPPORT OF MT. TO DISMISS; OR ALTERNATIVE FOR SUMMARY JUDGMENT AG. JACOBSEN

1   clear and undisputed juris prudential purpose to protect the integrity of the courts. As the Ninth
2   Circuit has stated as the basis on which a Court has the discretion to exercise judicial estoppel,
3   "[T]he purpose of the doctrine is to protect the integrity of the judical process. Accordingly, the
4   doctrine of judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'" <u>Yanez</u>
5   <u>v. U.S.</u>, 989 F.2d 323, 326 (9th Cir. 1993) quoting <u>Morris v. California</u>, 966 F.2d 448, 452-53 (9th
6   Cir. 1991), cert. denied, 506 U.S. 831.

7       JACOBSEN's failure to satisfy his statutory disclosure duty in his bankruptcy, cannot be
8   deemed inadvertent, because as the court pointed out in <u>Coastal Plains, Inc.</u>, 179 F.3d 197 (5th Cir.
9   1999), "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in
10  general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their
11  concealment." <u>Coastal Plains Id</u>. at 210. By no objective standard can JACOBSEN claim that he
12  was unaware of the facts giving rise to the instant claim, nor the duty to report it. <u>Coastal Plains Id</u>.
13  at 212.

14      Based on the above, JACOBSEN is judicially estopped to bring the instant claim, and for that
15  reason, the motion to dismiss should be granted.

16      **D.   Standing/Real Party in Interest is Determined at the Time a Suit is Initially
17  Filed, And Any Amendment to Said Complaint Thereafter, Does Not Relate Back to the Date of the Original Filing.**

18      When this case was filed by MALIKYAR on June 11, 2007, she lacked standing to be a
19  plaintiff, and nothing that has occurred since June 11, 2007, including the filing of the second
20  amended complaint on January 31, 2008 (Docket No. 66) or the filing of the TAC on September 16,
21  2008 (Docket No. 99) has cured that deficiency.

22      In the Ninth Circuit, standing/real party in interest is determined as of the time the action is
23  filed. Thus, if a plaintiff files suit on a claim <u>before</u> it has been assigned to him/her, the subsequent
24  assignment does not cure the standing/real party in interest problem. The action must be dismissed
25  . . even if the statute of limitations has run in the interim. The subsequent assignment <u>does</u> <u>not</u>
26  "relate back" to validate the premature lawsuit. See <u>United States for Use and Benefit of WHLFF</u>
27  <u>v. CMA, Inc.</u>, (9th Cir. 1989) 890 F.2d 1070, 1074-75 ("<u>WHLFF</u>").

28      At the time this case was filed, on June 11, 2007, the only party entitled to sue was either

JACOBSEN on behalf of his Chapter 13 estate, or JACOBSEN's Chapter 13 trustee. Subsequently, upon conversion of JACOBSEN's Chapter 13 to a Chapter 7, standing rested solely in JACOBSEN's bankruptcy trustee, and JACOBSEN's alleged claimed purchase of whatever interest his bankruptcy trustee had, does not either now, or retroactively, confer standing on JACOBSEN.

The later decision of the Ninth Circuit in *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707 (9th Cir. 1992) ("*Kroll & Linstrom*"), does not change the result mandated by *WHLFF*. In *Kroll & Linstrom*, the Ninth Circuit rejected an argument based on *WHLFF*, that FRCP 17(a) "ratification is improper if used to defeat a statute of limitations." *Kroll & Linstrom*, 957 F.2d at 712.

However, in *Kroll & Linstrom*, the party that had initiated the action in *Kroll & Linstrom*, Mutuelles Unies, had standing to bring the action. In contrast, in the case at bench, this Court has already ruled that MALIKYAR had no standing to initiate the instant action on June 11, 2007. Therefore, the Ninth Circuit's ruling in *Kroll & Linstrom*, that a trial court must accept the ratification by a real party in interest, does not change the result mandated by *WHLFF*, because unlike in *Kroll & Linstrom*, the party who initiated this action, MALIKYAR, did not have standing, when she filed this action on June 11, 2007.

## IV. CONCLUSION

Based on the above, defendants respectfully submit that their motion to dismiss or in the alternative, for summary judgment, should be granted against JACOBSEN because JACOBSEN is judicially estopped to bring this action, and the amended complaints do not relate back to the filing of the original complaint by MALIKYAR on June 11, 2007.

Respectfully submitted,

DATED: October 2, 2008    By:    /s/
HAROLD M. JAFFE, ESQ., Attorney for Defendants JOHN SRAMEK and BERNADETTE SRAMEK, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust and Harold M. Jaffe, In Pro Per