IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JACOBSEN and ALISE MALIKYAR,

    Plaintiffs,

  v.

JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, JOHN S. SRAMEK, JR., AND BERNADETTE D. SRAMEK REVOCABLE LIVING TRUST, and DOES 1–100,

    Defendants.

No. C 07-03533 WHA

**ORDER DENYING IN PART AND GRANTING IN PART MOTIONS FOR SUMMARY JUDGMENT**

The main fact question is who placed a wiretap on the residence telephone of plaintiffs. There is no direct evidence that defendants did so. Instead, plaintiffs rely upon a chain of circumstantial evidence and inferences. Defendants and their attorney were able to learn allegedly confidential information concerning a pending sale of real estate by plaintiffs and through that information served a lis pendens notice on the property, leading to cancellation of the sale. Standing alone, the foregoing would not likely be sufficient to go to the jury to prove that defendants obtained that information via a wiretap. In addition, however, plaintiffs also rely upon supposed flaws in the stories told by Attorney Jaffe and his office concerning how they learned of the confidential information. He and his office stated that the information was obtained from Coldwell Banker and North American Title. Employees at Coldwell Banker and

North American Title, however, deny under oath that they provided the information and offer lay opinion evidence that they would not have provided the information to a stranger like Attorney Jaffe.

It is possible that these lay opinions are too overstated and that yet another employee did in fact provide Attorney Jaffe or his office with the information. On the other hand, if the testimony of the declarants submitted by plaintiffs is fully credited with all inferences drawn in plaintiffs' favor, then a reasonable jury could disbelieve the story told by Attorney Jaffe and his office and conclude that in fact he and his office lied to cover up their role in a wiretap, or so the court of appeals might hold.

With respect to John Sramek and Bernadette Sramek, the same is true. While they deny any role in connection with the wiretap, if the jury disbelieves the story told by Attorney Jaffe and his office, then the jury might likewise conclude that the Srameks were being less than candid as well.

While a jury might conclude that defendants placed a wiretap on the telephone of plaintiffs, a jury could reject that view and instead conclude that one or both of the plaintiffs caused it to be placed on their own telephone. This order in no way suggests that the only reasonable conclusion is that defendants are somehow guilty as charged.

While the defense motions for summary judgment will be denied, plaintiffs are warned that the declaration of Robert Jacobsen in opposition to the motions is replete with inadmissible evidence and at trial these deficiencies must be addressed. For example, the statement about what the AT&T technician discovered lacks foundation. The statement about what Officer Burke attempted to do concerning taking his statement from Harold Jaffe is hearsay. The statement concerning a contact on May 7, 2007, with Paul Chastain is hearsay. This order does not rely upon these statements. The rules of evidence will be enforced. That also means live witnesses must be presented at trial, not declarations (and not depositions unless adverse-party deposition or third-party witnesses proven to be "unavailable" within the meaning of the law).

It has been the Court's frequent experience that a trial record sometimes develops differently than the summary judgment record such that a Rule 50 motion can be warranted at the end of a plaintiff's case even though the summary judgment record required a trial. Put differently, that these summary judgment motions are **DENIED** does not guarantee that the trial will go to verdict. A Rule 50 motion to terminate the case may lie if the trial record warrants it, for the summary judgment record at that point will be moot.

*       *       *

The Section 17200 claim is now disallowed and the summary judgment motion **GRANTED** thereon. A one-time wiretapping even cannot constitute a "practice."

The summary judgment motion is **GRANTED** as to the Bella Vista and Tice Valley economic damage claims, dealing with lost profits, etc., due to the utter failure of plaintiffs to supply evidence, much less sufficient evidence to go to the jury on these items.

The extent to which attorney's fees will be awarded, if at all, will be decided after the trial. The extent to which the federal wiretap statute preempts the state wiretap cause of action will be **DENIED WITHOUT PREJUDICE** to renewal under Rule 50.

All summary judgment motions are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 7, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3