IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACOBSEN and ALISE MALIKYAR,<br><br>          Plaintiffs,<br><br>     v.<br><br>JOHN SRAMEK, *et al.*,<br><br>          Defendants.<br>_____/ | No. C 07-03533 WHA<br><br>**ORDER RE DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |

On March 19, 2009, defendants filed a motion to exclude evidence based on plaintiffs' conduct, namely their failure to timely disclose documents as required by Rule 26 (documents plaintiffs advanced at their deposition to support a damages claim). The defense motion was regularly noticed for a hearing on April 23, 2009. Plaintiffs did not file an opposition or a statement of non-opposition by April 2, 2009 as required by Civil Local Rule 7-3. Defendants' counsel appeared at the hearing prepared to proceed on the motion. Plaintiffs did not show up for the hearing. This provides yet another example where plaintiffs' failure to comply with the rules has multiplied the burden and expenses for defendants in this action.

Because plaintiffs are pro se, the Court, nonetheless, provided them with another chance to respond and rescheduled the hearing on the motion for April 27, 2009. Rather than appear for the April 27 hearing, after they were called by the clerk to prompt a response, plaintiffs filed a statement of non-opposition. Accordingly, on April 27, 2009, the motion to exclude evidence

was granted and the April 27 hearing was vacated. Both parties were further ordered as follows (Dkt. 192):

> Pursuant to Rule 37(c), both sides shall, by **MAY 1 AT NOON**, submit memoranda and declarations as to whether plaintiffs must pay the reasonable fees and expenses incurred by the defense in obtaining this order. Please address, among other things, the failure by plaintiffs to appear on Thursday, April 23 for the noticed hearing and whether there was any meet and confer on the issues presented prior to bringing the motion.

In response to the order, defendants timely filed a memoranda and declarations in support of an award of attorney's fees and expenses incurred in obtaining the order excluding evidence. Despite the Court's order, plaintiffs did not file anything on May 1, 2009.

A May 1 order noted the receipt of defendants' motion for attorney's fees, stated that plaintiffs had until May 6, 2009 to respond, and set a hearing for May 7, 2009. Again, plaintiffs did not respond.

This time plaintiffs did appear at the May 7 hearing. But they offered no reasonable explanation for their complete failure to file written responses as required by the Civil Local Rules and an order herein. Plaintiff Jacobsen vaguely referred to "computer problems." There, however, was no suggestion that service of the motion to exclude evidence was not done properly. Notably, plaintiffs were able to file several letters addressing other issues shortly after the motion to exclude evidence was filed on the docket.

Plaintiffs' actions led to defendants filing the motion to exclude evidence in the first place and their inaction caused defendants' counsel to appear at a hearing on that motion. Defendants now seek an award of $2,455.29 for the attorney's fees and costs they incurred in connection with the motion to exclude evidence. Although they were provided two opportunities to provide a written response on the attorney's fees issue, plaintiffs provided no response. This order finds that plaintiffs should bear at least a portion of defendants' costs.

Accordingly, plaintiffs Jacobsen and Malikyar, jointly and severally, must pay $750 for defendants' attorney's fees. This should be paid **WITHIN THIRTY DAYS**.

**IT IS SO ORDERED.**

Dated: May 7, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE