IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACOBSEN and ALISE MALIKYAR,<br><br>  Plaintiffs,<br><br>  v.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, JOHN S. SRAMEK, JR., AND BERNADETTE D. SRAMEK REVOCABLE LIVING TRUST, and DOES 1–100,<br><br>  Defendants.<br>                                                              / | No. C 07-03533 WHA<br><br>**FINAL PRETRIAL ORDER** |

**FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

  1. This case shall go to a **JURY TRIAL** on **JUNE 15, 2009**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

  2. Rulings on the motions *in limine* shall be summarized jointly by counsel and submitted by **JUNE 15, 2009** at **7:30 A.M.**

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

5. A jury of **EIGHT PERSONS** shall be used.

6. Each side shall have **EIGHT HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. **In setting this limit, the Court has carefully considered the witness summaries provided for the final pretrial conference. Counsel had been directed to specify for each witness all non-cumulative testimony. Conclusory and repetitive proffers were made instead. Counsel wholly failed to justify the lengthy time estimates requested. The Court nonetheless did the best it could with the information given. It also drew on its experience in presiding over cases of similar complexity and the Court's earlier 25 years in trial practice as a lawyer. Finally, the Court took into account the competing demands on the Court's calendar and the need to reduce the burden on the members of the jury who will decide the case. The limits are subject to enlargement but only on the "safety-valve" terms explained at the final pretrial conference.**

7. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**IT IS SO ORDERED.**

Dated: June 3, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2