WILLIAM E. JEMMOTT (SBN 198671)
LAW OFFICE OF WILLIAM JEMMOTT
4100 Redwood Rd. Ste 338
Oakland, CA 94619
Telephone:    (510) 569-6203
Facsimile:    (510) 569-6203

Attorney for Plaintiffs
Alise Malikyar and Robert Jacobsen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR and ROBERT JACOBSEN,<br><br>            Plaintiffs,<br><br>vs.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, JOHN S. SRAMEK AND BERNADETTE SRAMEK REVOCABLE LIVING TRUST AND DOES 1 TO 100 INCLUSIVE<br>            Defendants. | Case No: CV-07-03533- WHA<br><br>PLAINTIFFS TRIAL BRIEF REGARDING RATIFICATION OF ACTS OF AGENT BY PRINCIPAL |

In this trial there will be evidence that if John Sramek did not place the wiretapping devise on the plaintiffs residence, he ratified the action of Harold Jaffe. Plaintiff contends the evidence at trial shows this ratification through a failure to repudiate the wrongful conduct. As respects a principals ratification of his agents acts, quiescence of principal is tantamount to acquiescence. Gain v. Austin (1943) 58 Cal App. 2d 250.

Actual affirmative ascent is not necessary for a principal to ratify the acts of its agent. An agent's originally unauthorized act may be ratified by implication where the only reasonable

interpretation of the principal's conduct is consistent with approval or adoption. (Rakestraw v. Rodrigues (1972) 8 Cal.3d 67, 73.  For example, an employer's failure to discharge an employee after learning of the employee's misconduct may be evidence of ratification. (Murillo v. Rite Stuff Foods, Inc. (1998) 65 Cal.App.4th 833, 852   Such ratification has the effect of relating the agent's authority back to the time when the act was performed. (Rakestraw v. Rodrigues, supra, 8 Cal.3d at p. 73.) Consequently, liability may be imposed on the principal/employer if it is found to have ratified the otherwise unauthorized misconduct of the agent/employee. (Coats v. Construction & Gen. Laborers Local No. 185 (1971) 15 Cal.App.3d 908, 914)

In Coats v Construction & General Laborers Local No 185 (1971) 15 Cal App. 3d 908. Plaintiff a member of defendant local, sued for tort damages for an assistant committed by two assistant business representatives of defendant principal.  After the assault plaintiff  reported the incident to defendant's officers.  Defendant continued to employ the assailants.  The trial court entered judgment against the defendant principal for compensation and punitive damages.  Defendant appealed.  The court of appeals affirmed, holding that substantial evidence supported the finding that defendant principals ratified the acts of the assistants who assaulted plaintiff. The court relied on evidence that defendant principal did not repudiate the actions of the assistants when it was informed of them.

McChristian v. Pipkin (1946) 75 Cal. App. 2d 249 was an action for assault and battery brought against the owners of a theatre arising from a beating inflicted by a special officer employed by the theatre.  After the incident the plaintiff spoke to the manager of the theater and related his version of the facts.  Defendant kept the officer in his employ.  The jury awarded punitive damages against all defendants and defendants appealed.  The court of appeal affirmed holding defendants retention of the officer was sufficient evidence to support finding that

defendant ratified the officer's actions.  The court noted failure to discharge an agent guilty of oppressive acts is evidence  in itself to support ratification.

An agents authority may be proved by circumstantial evidence. <u>MacDonnell v. California Lands Inc</u>.  (1940)15 Cal 2d 344, and it may be implied by circumstances (1911) <u>Robinson v American Fish Co</u>. 17 Cal App. 212

Accordingly, plaintiff should be permitted to attempt to develop evidence that establishes the ratification of the acts of Jaffe by Sramek.

Respectfully submitted,

Dated: June 17, 2009          LAW OFFICE OF WILLIAM JEMMOTT

BY:

/s William Jemmott

_____

WILLIAM JEMMOTT