IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISE MALIKYAR and ROBERT JACOBSEN,<br><br>             Plaintiffs,<br><br>  v.<br><br>JOHN SRAMEK, BERNADETTE SRAMEK, HAROLD M. JAFFE, JOHN S. SRAMEK AND BERNADETTE SRAMEK REMOVABLE LIVING TRUST AND DOES 1 TO 100, inclusive,<br><br>             Defendants.<br>                                                               / | No. C 07-03533 WHA<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND SANCTIONS, VACATING HEARING AND REFERRAL TO UNITED STATES ATTORNEY** |

      After winning at a jury trial, defendants have filed a motion for an award of attorney's fees, expert fees, and litigation expenses. It is true that plaintiffs' case at trial against defendants was weak, namely that there was no direct evidence that any defendant placed the wiretap on plaintiffs' phone. On the other hand, on the instant motion, defendants have not proven that *plaintiffs* placed the wiretap device on their own phone line and trumped up a phony case against defendants. For that reason, the motion must be **DENIED**, and the hearing set for August 20, 2009, is **VACATED** as unnecessary.

      That said, the matter will be referred to the United States Attorneys' Office for its consideration, for it is clear that *someone* placed the device on the phone line and a federal crime seems to have been at least attempted, if not completed. It is true that the circumstances are suspicious that plaintiffs may have done it themselves, given the content of the recorded

"intercepts," all of which seem to show mere testing of the device to see if it worked, including a long recording where the speaker phone was left on for over 20 minutes to pick up room noise, an odd circumstance that seems consistent with plaintiffs having done so to test the device. No real telephone call was recorded. Of course, if plaintiffs really did trump up a false claim of wiretapping against defendants, then obstruction of justice may also be involved. The United States Attorneys' Office and the FBI have the resources, if they choose, to analyze the device and its components and all the surrounding circumstances to determine if a crime was committed by plaintiffs, by defendants, or by somebody else.

The Clerk shall forward a copy of this order to the United States Attorneys' Office and shall preserve all of the exhibits for examination by the United States Attorneys' Office and the FBI. Although the motion is denied, defendants are, of course, entitled to recover costs in the usual and timely way.

**IT IS SO ORDERED.**

Dated: August 17, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE